FILED
2025 SEP 10 PM 2:37
CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

Annette S. Vernieri,
Plaintiff,

v.

Dyno Nobel Americas, Inc., Dyno Nobel Inc., and Dyno Nobel Limited,
Defendants.

Case No: [To be assigned]
Judge: [To be assigned]

Case: 2:25-cv-00789
Assigned To : Pead, Dustin B.
Assign. Date : 9/10/2025
Description: Vernieri v. Dyno Nobel Americas

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

This is a civil action brought by Plaintiff Annette S. Vernieri, a former employee of Dyno Nobel, for violations of federal anti-discrimination laws. Plaintiff alleges that Dyno Nobel discriminated against her on the basis of disability, age, race, and national origin; failed to accommodate her known disabilities; subjected her to a hostile work environment; and retaliated against her for engaging in protected activities, including filing a charge with the Equal Employment Opportunity Commission (EEOC). Plaintiff further alleges violations of the Older Workers Benefit Protection Act (OWBPA) and additional unlawful and retaliatory employment practices.

### II. NATURE OF THE ACTION

This action arises under:

- Title VII of the Civil Rights Act of 1964 (race, national origin, retaliation);
- The Americans with Disabilities Act (ADA);
- The Age Discrimination in Employment Act (ADEA);
- The Older Workers Benefit Protection Act (OWBPA).

Plaintiff seeks all available legal and equitable relief including but not limited to back pay, front pay, compensatory damages, punitive damages, reimbursement of quantifiable out-of-pocket losses, pre- and post-judgment interest, injunctive relief, and declaratory judgment.

## III. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 12117(a), and 29 U.S.C. § 626(c)(1).

Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Utah, and Defendants conduct business in this District.

## IV. PARTIES

Plaintiff Annette S. Vernieri is a resident of Draper, Utah. She was employed by Defendants as a Finance Analyst from September 19, 2022, until her termination on February 10, 2025.

Defendant Dyno Nobel Americas, Inc. is a business entity with offices in Salt Lake City, Utah.

Defendant Dyno Nobel Inc. is the U.S.-based corporate entity affiliated with Dyno Nobel Americas.

Defendant Dyno Nobel Limited is a foreign parent company that exercised control over employment practices affecting Plaintiff.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed EEOC Charge No. 540-2024-04999 alleging discrimination and retaliation, asserting claims of discrimination and retaliation based on disability, age, and national origin, as well as a hostile work environment.

The EEOC issued a Dismissal and Notice of Rights dated July 14, 2025, which Plaintiff received on July 15, 2025.

This civil action is being filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue and is therefore timely.

Plaintiff has exhausted all administrative remedies as required by law.

## VI. FACTUAL ALLEGATIONS

1. Plaintiff was employed as a Finance Analyst and performed her duties throughout her tenure.
2. Plaintiff has been formally diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD), Specific Learning Disorders, Generalized Anxiety Disorder, Autism Spectrum Disorder, and Major Depressive Disorder.
3. In March 2024, Plaintiff disclosed her disabilities to Defendants and submitted accommodation requests, supported by a licensed medical professional.

4. Requested accommodations included remote work, flexible hours, training checklists, distraction-reduced workspace, mentorship, and lighting modifications.
5. Defendants delayed or denied implementation of accommodations and failed to engage in the interactive process.
6. Plaintiff was reassigned to a physically segregated workspace with other employees known to have disabilities.
7. This segregation and professional isolation contributed to a hostile work environment and hindered Plaintiff's performance and growth.
8. Performance reviews became increasingly negative after Plaintiff's accommodation requests, signaling retaliation.
9. Defendants delayed reimbursement for pre-approved tuition and other incurred business-related expenses.
10. Plaintiff's attempts to raise concerns with HR or leadership were obstructed or disregarded, preventing her from filing further internal grievances.
11. In July 2023, Plaintiff objected to "Hawaiian Shirt Day," explaining it perpetuated culturally offensive stereotypes. Despite her objections, the event proceeded, and Plaintiff was messaged by her direct manager about missing "Mo' Bettahs," a themed meal she found derogatory.
12. In August 2023, a coworker whom Plaintiff had never met remarked that Plaintiff must be "at least half Asian so [she] should be good at math."
13. Plaintiff reported these racially insensitive and cultural bias incidents to Human Resources.
14. In February 2025, Plaintiff was presented with a severance agreement referencing "Exhibit A," a required OWBPA disclosure, which was never provided.
15. Plaintiff was over 40 years old at the time of her termination.
16. Richard "Rick" Orrin Roth, acting as Plaintiff's direct manager, and interim Chief Financial Officer, made an unsolicited inquiry about Plaintiff's age during her employment.
17. On February 10, 2025, Plaintiff's accommodations were denied, and she was terminated approximately one hour before her scheduled EEOC intake interview.
18. Dyno Nobel acted with deliberate indifference to Plaintiff's rights.
19. On August 27, 2025, Plaintiff sent a formal demand letter. Defendants responded with a nominal offer.
20. As a result of these actions, Plaintiff experienced significant emotional and psychological distress, including anxiety, depression, loss of self-esteem, economic and financial harm and reputational damage.

## VII. CLAIMS FOR RELIEF

### Count I: Disability Discrimination (ADA)

Defendants discriminated by failing to accommodate Plaintiff, isolating her, and terminating her because of her disabilities.

### Count II: Failure to Accommodate (ADA)
Defendants failed to engage in the interactive process or provide timely and reasonable accommodations.

### Count III: Retaliation (ADA, Title VII, ADEA)
Defendants retaliated against Plaintiff for exercising protected rights, culminating in termination on the day of her EEOC interview.

### Count IV: Age Discrimination (ADEA)
Plaintiff was over 40 and terminated without proper OWBPA disclosures. Age-related comments support the inference of age-based discrimination.

### Count V: Hostile Work Environment (ADA, Title VII, ADEA)
Plaintiff endured discriminatory and isolating conditions related to disability, age, race, and national origin.

### Count VI: Race and National Origin Discrimination (Title VII)
Plaintiff was subjected to stereotypes and culturally offensive treatment based on her Asian/Pacific Islander background.

## VIII. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants and award the following relief:

A lump sum award representing back pay, lost wages, and benefits from the date of termination to present;

Front pay in lieu of reinstatement to account for future lost earnings;

Compensatory damages for emotional trauma, psychological suffering, mental anguish, anxiety, depression, reputational harm, and other non-economic losses directly resulting from Defendants' unlawful actions;

Punitive damages for Defendants' willful, malicious and reckless disregard of Plaintiff's federally protected rights;

Reimbursement of out-of-pocket expenses, including tuition reimbursement, unreimbursed work-related purchases, therapy costs, health insurance premiums, and legal filing expenses; incurred as a result of Defendants' conduct;

Pre- and post-judgment interest as allowed by law;

Reasonable attorneys' fees and costs of suit; and

Such other legal and equitable relief as the Court deems just and proper, including, but not limited to, expungement of retaliatory records and issuance of a neutral or positive reference.

Declare that the conduct of Defendants violated Plaintiff's rights under federal law.

Any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: September 10, 2025

Respectfully submitted,

/s/ Annette Vernieri
Annette Vernieri
14350 S Lapis Dr
Draper, UT 84020
(702) 328-2081
vernieri.lawsuit@pm.me