Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Defendants Dyno Nobel, Inc. and Dyno Nobel Limited*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Annette S. Vernieri,<br><br>         Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Inc., Dyno Nobel, Inc., and Dyno Nobel Limited,<br><br>         Defendants. | **DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Pead |

Defendant Dyno Nobel, Inc., ("Defendant")[1] by and through its undersigned attorneys, hereby answers the Complaint of Annette S. Vernieri ("Plaintiff")[2] in the above-entitled action as follows:

---

[1] Defendant Dyno Nobel Limited is a foreign entity and the Australian parent company of Defendant, which does not operate in this judicial district and has no relationship to Plaintiff. Defendant Dyno Nobel Americas, Inc., is not an entity that exists or that Defendant recognizes.

[2] Instead of filing a motion for more definite statement for Plaintiff's failure to separately number each paragraph and each separate allegation, Defendant answers the Complaint as best as it can in the format

**I.    INTRODUCTION**

This paragraph/section contains a legal statement which does not require a response from Defendant. To the extent it may be determined that a response is necessary, Defendant denies the allegations contained therein.

**II.    NATURE OF THE ACTION**

This paragraph/section contains a legal statement which does not require a response from Defendant. To the extent it may be determined that a response is necessary, Defendant admits that Plaintiff's Complaint purports to include claims for relief which identify Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Defendant denies that Plaintiff's Complaint includes claims for relief which identify the Older Workers Benefit Protection Act. Except as admitted herein, Defendant denies the allegations set for in this paragraph/section of Plaintiff's Complaint.

**III.    JURISDICTION AND VENUE**

Defendant admits that the Court has jurisdiction under the statutes referenced in this paragraph/section of Plaintiff's Complaint. Defendant admits that venue is proper in this District as to itself. Defendant lacks knowledge of the existence of any entity named Dyno Nobel Americas, Inc. and as such denies that venue is

---

and partial numbering structure Plaintiff submitted. Should the Court require Plaintiff to amend her Complaint to properly number the paragraphs, Defendant will amend its Answer accordingly.

proper. Defendant also denies that venue is proper as to Dyno Nobel Limited, which is Dyno Nobel Inc.'s Australian based parent company and does not operate within this District.

## IV. PARTIES

Defendant answers the four separate sub-paragraphs of this paragraph/section as follows:

Defendant admits that Plaintiff was employed by Defendant during the time period alleged.

Defendant lacks knowledge of the existence of Dyno Nobel Americas, Inc. and as such denies this allegation.

Defendant admits that it is a U.S. based corporate entity. Defendant lacks knowledge of the existence of Dyno Nobel Americas, Inc. and as such denies that it is affiliated with said entity or that Dyno Nobel Americas, Inc. has offices located in Salt Lake City, Utah.

Defendant admits that Dyno Nobel Limited is a foreign parent company of Defendant. Defendant lacks sufficient information and knowledge concerning the allegations set forth in this section of the Complaint regarding Dyno Nobel Limited and on that basis denies the same.

Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph/section of Plaintiff's Complaint.

V.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendant answers the four separate sub-paragraphs of this paragraph/section as follows:

Defendant admits that Plaintiff filed a Charge of Discrimination, Agency Charge No. 540-2024-04999, on February 18, 2025, against an unknown and non-existent entity named Dyno Nobel Americas. That Charge of Discrimination asserted discrimination based on color, disability, race, and retaliation against "Dyno Nobel Americas." Defendant denies that Plaintiff asserted a claim for age discrimination or retaliation in her initial Charge of Discrimination and expressly denies that it filed the Charge of Discrimination against Defendant. Defendant admits that Plaintiff filed an Amended Charge of Discrimination against unknown and non-existent entity Dyno Nobel Americas, Agency Charge No. 540-2024-04999, on July 7, 2025, asserting discrimination based on color, disability, race, and retaliation, asserting age-based discrimination for the first time. Defendant denies that it was named in the Amended Charge of Discrimination. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this section of the Complaint and on that basis denies the same.

Defendant admits that the EEOC issued a Determination and Notice of Rights letter to Plaintiff on July 14, 2025, related to the charges against the unknown

and non-existent Dyno Nobel Americas. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this section of the Complaint and on that basis denies the same.

Defendant admits that Plaintiff's Complaint was filed within 90 days of her represented receipt of the EEOC's Determination and Notice of Rights letter dated July 14, 2025. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this section of the Complaint and on that basis denies the same.

Defendant denies that Plaintiff has exhausted the administrative remedies required by law.

Except as admitted herein, Defendant denies all remaining allegations set forth in this paragraph/section.

## VI.  FACTUAL ALLEGATIONS

1. Defendant admits that Plaintiff was employed by Defendant as alleged in this paragraph.

2. Defendant lacks sufficient information and knowledge concerning Plaintiff's allegations set forth in this paragraph of the Complaint and on that basis denies the same.

3. Defendant admits that it engaged in the interactive process with Plaintiff under the Americans with Disabilities Act throughout her tenure at Defendant. Except as admitted herein, due to the vague and ambiguous nature of the allegations, Defendant lacks sufficient information and knowledge concerning Plaintiff's allegations set forth in this paragraph of the Complaint and on that basis denies the same.

4. Admit.

5. Deny.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Defendant admits that Plaintiff raised a concern about a "Hawaiian Shirt" team-building activity. Defendant denies that activity was discriminatory or derogatory in any manner whatsoever, and denies that "the event proceeded" despite Plaintiff's objection as said objection was not made until after the event had occurred. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this paragraph of the Complaint and on that basis denies the same.

12. Defendant admits that a coworker of Plaintiff was determined to have randomly made a comment similar to the comment alleged. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's allegations set forth in this paragraph of the Complaint and on that basis denies the same.

13. Defendant admits that Plaintiff raised concerns to Defendant's Human Resources group. Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

14. Defendant admits that Plaintiff was presented with a severance agreement in February 2025, which due to a clerical error, included a reference to "Exhibit A" and that an OWBPA disclosure was not provided with the severance agreement. Defendant denies that an OWBPA disclosure was required to be included with the severance agreement. Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

15. Admit.

16. Defendant lacks sufficient information and knowledge concerning Plaintiff's allegations set forth in this paragraph of the Complaint and on that basis denies the same.

17. Defendant admits that Plaintiff was terminated on February 10, 2025, and that Plaintiff's termination effectively discontinued the interactive process between

Plaintiff and Defendant regarding Plaintiff's pending requests for accommodation. Defendant expressly denies that it had any knowledge of any purported "EEOC intake interview." Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this paragraph of the Complaint and on that basis denies the same.

18. Deny.

19. Defendant admits that on or about August 27, 2025, Plaintiff sent a formal demand letter. Except as specifically admitted herein, Defendant lacks sufficient information and knowledge concerning Plaintiff's remaining allegations set forth in this paragraph of the Complaint and on that basis denies the same.

20. Deny.

### VII. CLAIMS FOR RELIEF

**Count I: Disability Discrimination (ADA)**

Deny.

**Count II: Failure to Accommodate (ADA)**

Deny.

**Count III: Retaliation (ADA, Title VII, ADEA)**

Deny.

**Count IV: Age Discrimination (ADEA)**

Deny.

**Count V: Hostile Work Environment (ADA, Title VII, ADEA)**

Deny.

**Count VI: Race and National Origin Discrimination (Title VII)**

Deny.

## VIII. DAMAGES AND PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any damages, of any nature, arising out of any theory whatsoever.

## JURY DEMAND

This paragraph contains a legal statement which does not require a response from Defendant.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint and each of its purported claims for relief are barred in that, upon information and belief, the actions taken with respect to Plaintiff's employment were a just and proper exercise of management discretion, undertaken for a fair, honest, and legitimate business reason, regulated by good faith under the circumstances then existing, and based on legitimate, non-discriminatory reasons.

### Third Affirmative Defense

Defendant has not breached any duty or agreement, if any, owed to Plaintiff.

### Fourth Affirmative Defense

Plaintiff's damages, if any, are due to the fault of herself or others over whom Defendant had no control and for whom Defendant is not responsible.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent that she has failed to mitigate her damages, if any.

### Sixth Affirmative

Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands, laches, justification and/or Plaintiff's own actions, inactions, and/or omissions.

### Seventh Affirmative Defense

Plaintiff's claims are barred as a result of her own actions, her failure to fulfill her own responsibilities, or the damages sustained, if any, were the result of her own fault.

### Eighth Affirmative Defense

Plaintiff's damages, if any, are capped or limited by federal and state statutes.

### Ninth Affirmative Defense

The Complaint is barred by Plaintiff's failure to comply with, fulfill her obligations under, fall within, be eligible for, or be subject to, the specific statutory requirements of

Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, or the Utah Antidiscrimination Act.

### Tenth Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by the exclusive remedy provision of the Utah Anti-Discrimination Act and the exclusive remedy provisions of Utah's Workers Compensation statute.

### Eleventh Affirmative Defense

Plaintiff's claims fail because Defendant properly engaged in the interactive process and Defendant fully complied with its obligations under the Americans with Disabilities Act.

### Twelfth Affirmative Defense

Plaintiff is not entitled to compensatory, emotional distress, or punitive damages if she seeks such damages in this action.

### Thirteenth Affirmative Defense

Defendant acted at all times in good faith and with uniform application of its legitimate and non-discriminatory policies and practices with regard to Plaintiff.

### Fourteenth Affirmative Defense

Defendant at all times acted reasonably and in good faith towards Plaintiff and Defendant has not deprived Plaintiff of any rights under federal law or regulation, or under the laws of the State of Utah.

**Fifteenth Affirmative Defense**

To the extent that it is determined that an employee of Defendant committed any intentional, unlawful acts, which has been and is again expressly denied, such acts were committed without the knowledge of Defendant, were not authorized by Defendant, and were outside the course and scope of such employee's duties. Therefore, Defendant is not liable under the doctrine of respondeat superior or otherwise for the alleged intentional unlawful acts and conduct of said employee.

**Sixteenth Affirmative Defense**

If any employee of Defendant committed any unlawful acts or engaged in any unlawful conduct, which has been and is again expressly denied, such acts taken by any employee were outside the scope of his or her authority and employment and were not ratified by Defendant.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because there was no adverse action arising from those claims.

**Eighteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred for failure to exhaust administrative remedies.

### Twentieth Affirmative Defense

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent discriminatory behavior, responded appropriately to all complaints, if any, of discrimination, and that the Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm, such that Plaintiff's claims are barred in whole or in part by the Faragher/Ellerth defense.

### Twenty-first Affirmative Defense

Plaintiff's claims fail in whole or in part because Plaintiff did not suffer an adverse employment action while employed by Defendant.

### Twenty-second Affirmative Defense

Plaintiff's claims fail in whole or in part because Plaintiff cannot establish the required elements of her claims.

Because Plaintiff's statement is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the above-entitled action. Accordingly, the right to assert additional defenses and amend this response, if and to the extent that such defenses are applicable, is hereby reserved.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of Plaintiff's Complaint;

2. That Plaintiff be denied each and every demand and prayer for relief

contained in Plaintiff's Complaint, including but not limited to claims for compensatory damages, restoration for all loss of pay and benefits, reasonable attorneys' fees, reinstatement, or front pay;

3. That Defendant be awarded its fees and costs, including reasonable attorneys' fees and expert fees, in defense of this action, as allowed by law; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 6th day of October, 2025.

                        HOLLAND & HART LLP

                        */s/ Bryan K. Benard*
                        Bryan K. Benard
                        *Attorneys for Defendants Dyno Nobel, Inc. and Dyno Nobel Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I have caused to be presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me

I further hereby certify that I have caused to be mailed or served the foregoing document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Annette Vernieri
14350 S. Lapis Drive
Draper, UT  84020
(702) 328-2081
vernieri.lawsuit@pm.me

/s/ Bryan K. Benard

35886790_v3