Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Defendant Dyno Nobel, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Annette S. Vernieri,<br><br>   Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Inc., Dyno Nobel, Inc., and Dyno Nobel Limited,<br><br>   Defendants. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF REQUEST FOR ADA ACCOMMODTAIONS**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Pead |

Defendant Dyno Nobel, Inc., ("Defendant") by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 7, respectfully submits this Response to Plaintiff's Notice of Request for ADA Accommodations (the "Request"). Although Plaintiff's Request is not styled as a motion it is being responded to as such pursuant to Fed. R. Civ. P. 7(b).

## **INTRODUCTION**

Defendant does not oppose reasonable accommodations for individuals with disabilities and acknowledges the importance of ensuring equal access to judicial proceedings. However, the federal judiciary is not subject to or bound by the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq. Instead, federal courts have assumed obligations pursuant to the United States Judicial Conference policy regarding providing services to the hearing impaired and others with communication disabilities. *See Guide to Judiciary Policy, Vol. 5, § 255.10.* Plaintiff's Request fails to state with particularity the grounds for seeking each accommodation, does not provide medical documentation required to evaluate the necessity and scope of the accommodations sought, and seeks accommodations that would impair the judicial process and be prejudicial to Defendants. The missing information is critical to ensure proper implementation of accommodations and avoid undue burden or prejudice. As such, Plaintiff's Request should be denied at this time so it can be appropriately handled via the Court's administrative policy for requesting accommodations and if necessary, filed as a motion with the necessary supporting information at a later date. In addition, Defendant requests that the Court direct that certain requested accommodations be considered an unreasonable burden and prejudicial, such that they should not be granted.

I.      **Legal Standard For Accommodation Requests and Requested Relief**

The Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq. does not apply to the Federal Judiciary as it is not defined as an entity under Title II or Title III. However, the Judicial Conference of the United States had adopted policies related to providing reasonable accommodations and the United States District Court for the District of Utah has designated Daryll Butler as the Court's Access Coordinator ("Coordinator"), pursuant to the Guide to Judiciary Policy, Vol. 5, § 255.40.

Consequently, since Plaintiff's request is made solely pursuant to the ADA, it can be dismissed out of hand as the ADA does not apply to this Court. As such, the Court should deny Plaintiff's Request at this time and direct Plaintiff to engage in the Court's administrative process for seeking accommodations, which includes filling out the Court's Request for Accommodations form and submitting it to the Court's Access Coordinator Daryll Butler by either:

1. Email to FEPO_Reasonable_Accommodations@ao.uscourts.gov; or
2. U.S. mail or personal delivery to:

    Darryl Butler
    Access Coordinator Program
    Office of Fair Employment Practices
    One Columbus Circle, N.E., Suite G-340
    Washington, DC 20544

Defendants request that any process for providing reasonable accommodations requested by Plaintiff require proper medical documentation and diagnosis of a qualifying

disability with specific medical restrictions or limitations that could then support each requested accommodation. Only after submission of such documentation could the Coordinator evaluate the requests in light of the medical restrictions and then consider/provide reasonable accommodations if necessary. It is important to note that some of the quite significant accommodation requests were not made or required, nor supported by medical documentation, during Ms. Vernieri's employment with Defendant.

Thus, the Coordinator should require specific and sufficient medical documentation related to any accommodation request. The Court should direct the Coordinator to carefully consider the requested accommodations, in light of the medical documentation, and to counterbalance the requests with a fair judicial process for both parties—and in particular pay attention to, and deny, accommodations that would unduly burden the Court and judicial process or prejudice the due process rights of Defendant.

**II.     The Court Should Provide Direction to the Coordinator As Some of the Requested Accommodations Are Unnecessary, Unreasonable, and Prejudicial to the Judicial Process and Defendants.**

Assuming Plaintiff makes the proper showing of a qualifying disability with medical restrictions, then the Coordinator and Court should look at the specific requests for accommodation and ensure that they are both necessary and reasonable in light of the restrictions and not merely rubber stamp the requests. Some of the accommodations requested by Plaintiff appear to be unnecessary (as they are already required by and

provided by the Court, such as electronic filing) or alternatively, they are feasible and reasonable (such as use of CART technology with speech-to-text capabilities).

For example, in reviewing her list of requested accommodations, Defendant generally views the following requests (assuming there is proper medical support) as reasonable and/or unnecessary, and does not object to:

- Speech-to-text display or technology for hearings;
- Use of Plaintiff's laptop (already permitted);
- Requesting transcripts of hearings and depositions, which is already available;
- Within reason, Plaintiff can always ask for clarification of or re-reading of questions (already permitted);
- Conducting meetings of Plaintiff and counsel, as well as routine court conferences, remotely (already permitted);
- Defendant would not expect any hearings to go beyond or be scheduled after 6 pm (already standard practice);
- Breaks approximately every 90 minutes;
- Court scheduling with start/stop times, within reason, are acceptable;
- e-filing is required already;
- The granting of reasonable extensions between parties is already appropriate and required from Defendant's perspective;

- If the court chooses to have a point of contact (likely the Coordinator), Defendant has no concern about that, but all decisions on requested accommodations should not be *ex parte* and should come only after fair notice and discussion, as well as after required medical documentation is provided;
- Additional time, within reason for oral arguments is reasonable;
- Defendant does not object to Plaintiff having a support person available to sit in the gallery during proceedings; but non-lawyers should not be permitted at counsel table; and
- Being assigned a counsel table close to an exit seems reasonable.

By contrast, several of the accommodations requested by Plaintiff do not appear to be supported or reasonable, would unfairly burden the judicial process and the Court, would result in unfair prejudice to Defendant, and would deny due process to Defendant. For example, it is sacrosanct and integral to the judicial process that Defendant be given the opportunity to fairly cross-examine witnesses, and particularly, the plaintiff in a judicial proceeding. It is fundamental that a party get to face the opposing party, and have both sides fairly present their cases to the Court and/or jury. Ensuring that a party is not advantaged by the granting of accommodations is therefore a critical aspect of the Court's, and by extension, the Coordinator's consideration of accommodations.

In reviewing Plaintiff's lengthy list of requested accommodations, Defendant has significant concerns about several of the requests and their onerous, unreasonable impact

and burden on the judicial process, the potential unreasonable disruption to the trial process, the unfair advantage to Plaintiff, and the concurrent prejudice to Defendant. Specifically, the Court should direct the Coordinator to not provide the following requested accommodations, or the Coordinator should critically analyze the fairness of the following requests:

- Requiring the Court and Defendant to provide written copies of all questions during hearings or depositions to Plaintiff, presumably in advance—in essence, this is a request to eliminate depositions or force Defendant to only depose by written questions. This unfairly eliminates a critical aspect of the judicial process: the ability to cross-examine witnesses. This is an onerous and burdensome request on both the Court and Defendant, affects Defendant's due process, is prejudicial to Defendant, and would provide plaintiff with an unfair advantage;

- Asking for all questions to be in writing before responding in *any* context. Again, this would unreasonably burden the judicial process, violate Defendant's due process to fairly cross-examine plaintiff, is an onerous demand on the Court and Defendant, would prejudice Defendant, and would unfairly advantage plaintiff;

- While Defendant has no objection to Plaintiff asking for clarification of a question or for a question to be re-read, Defendant objects to this as a potential tactic and such accommodation must be reasonable. Plaintiff should not be

- permitted to pause, seek clarification, or re-reading of questions for the purpose of merely strategically gathering her thoughts and taking an inordinate amount of time to respond. If this request is granted, Defendant may have to ask for additional time for depositions beyond the current time limit or other limiting guidance and parameters; and

- Plaintiff's request that all hearings and potential trial be done remotely is not reasonable. Trial and major hearings with witness testimony should not be remote as live, in-person questioning and cross-examination is essential to the trial and jury process, to Defendant's due process, and Defendant's ability to cross-examine witnesses. This is an unreasonable burden and request on the Court and is prejudicial to Defendant.

For the reasons noted above, these specific accommodation requests are not reasonable and should be denied. The Court should provide the Coordinator with direction in this regard.

As all information is not currently available to Defendant to fully evaluate the basis for Plaintiff's requests, Defendant reserves the right to object to any specific accommodation that may result in undue burden, prejudice, or disruption to the proceedings. Defendant further reserves the right to request additional information or documentation and to provide input on the necessity, feasibility, and reasonableness of

certain accommodations. Defendant requests that the Court direct the Coordinator to accept reasonable input from Defendant on specific accommodation requests.

DATED this 21st day of October, 2025.

HOLLAND & HART LLP

*/s/ Bryan K. Benard*
Bryan K. Benard
*Attorneys for Defendant Dyno Nobel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I have caused to be presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email address:

    Annette Vernieri
    vernieri.lawsuit@pm.me

I further hereby certify that I have caused to be mailed or served the foregoing document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Annette Vernieri
    14350 S. Lapis Drive
    Draper, UT  84020
    (702) 328-2081
    vernieri.lawsuit@pm.me

                                        */s/ Bryan K. Benard*

35985921_v4