IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS INC., DYNO NOBEL INC. and DYNO NOBEL LIMITED,<br><br>　　　　　　Defendants. | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT ATTORNEY<br><br>Case No. 2:25-cv-00789<br><br>Magistrate Judge Dustin B. Pead |

On October 20, 2025, Plaintiff Annette S. Vernieri filed her pending Motion for Appointment of Counsel, asking this court to appoint counsel to represent Plaintiff in her case against Defendants.[1]

As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case,"[2] and the issue of appointment "is left to the sound discretion of the district court."[3] When deciding whether to appoint counsel the court studies a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by the claims."[4]

Plaintiff argues her case presents exceptional circumstances warranting appointment of counsel because of the complexity of her claims and her unfamiliarity with federal procedural

---

[1] ECF No. 15, Plaintiff's Motion for Appointment of Counsel.

[2] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam).

[3] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

[4] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation and citation omitted); accord *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

rules. While sympathetic to Ms. Vernieri's concerns, at this juncture in the proceeding, the court is unable to fully ascertain the merits of Plaintiff's claims or the complexity of the legal issues raised. Additionally, as evidenced through her filings to date, Ms. Vernieri demonstrates a keen ability to competently state her own claims and raise relevant matters. Not only has Plaintiff filed her own complaint and returned summonses, but she has also filed a Motion for ADA Accommodations which remains pending before the court.[5]

Thus, applying the relevant factors, the court concludes that appointment of counsel on behalf of Plaintiff is not appropriate at this time. If however, at a later date, circumstances change or the complexity of the issues becomes more apparent, Ms. Vernieri may renew her motion seeking appointment.

For these reasons, the court DENIES Plaintiff's Motion for Appointment of Counsel without prejudice.[6]

DATED:     November 12, 2025.

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[5] ECF No. 1, Complaint; ECF No. 7, Summons Returned Executed; ECF No. 9, Plaintiff's Motion for ADA Accommodations.

[6] ECF No. 15, Plaintiff's Motion to Appoint Counsel.