IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS INC., DYNO NOBEL INC. and DYNO NOBEL LIMITED,<br><br>　　　　　Defendants. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION<br><br>Case No. 2:25-cv-00789<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

On October 7, 2025, Plaintiff Annette S. Vernieri, proceeding without any attorney, filed her request for "[r]easonable [a]ccommodations in accordance with the Americans with Disabilities Act (ADA),[1] and the Judicial Conference's accessibility policies."[2] In its response, Defendant Dyno Nobel, Inc. indicated the appropriate administrative process required Plaintiff to submit an accommodation form to the court's Access Coordinator.[3] On October 22, 2025, Ms. Vernieri filed a Notice indicating she had submitted her accommodation request form and supporting medical documentation to the court's Access Coordinator and the Administrative Office of the Courts.[4]

---

[1] 42 U.S.C. § 12101 et. seq.

[2] ECF No. 9, Notice of Request for ADA Accommodations. Although Plaintiff's filing is not styled as a "motion" the court interprets it as such pursuant to Federal Rule of Civil Procedure 7(b) and this District's local rule DUCivR 7-1.

[3] ECF No. 17, Defendant's Response to Plaintiff's Notice of Request for ADA Accommodations.

[4] ECF No. 18, Plaintiff's Notice of Administrative ADA Accommodation Submission.

1

**DISCUSSION**

As an initial matter, because Ms. Vernieri proceeds without an attorney ("pro se") her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[5] Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants."[6] Likewise, Plaintiff's alleged disabilities do not entitle her to blanket, prospective exemptions from the applicable rules of procedure.

In her Motion, Ms. Vernieri makes twenty-three separate requests which she divides into five main categories of accommodations: (1) Communication & Comprehension; (2) Scheduling & Format; (3) Documentation & Filing Support; (4) Environmental & Sensory; and (5) Procedural Fairness & Assistance.[7] Plaintiff's Motion does not identify any documented disability, medical condition or any specific medically based need as support for the requested accommodations.[8]

Upon review, the court considers Plaintiff's circumstances while addressing Ms. Vernieri's specific categorized accommodation requests.

<u>Category 1: Communication & Comprehension</u>.

Absent the provision of additional medical documentation confirming an auditory communication disability, Plaintiff's request for speech-to-text display, screen sharing, written

---

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[7] *Id.* at 1-2.

[8] In her complaint, Plaintiff states she "has been formally diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD), Specific Learning Disorders, Generalized Anxiety Disorder, Autism Spectrum Disorder, and Major Depressive Disorder." *See* ECF No. 1 at 2.

2

copies of all questions and captioned hearings is DENIED. Ms. Vernieri is GRANTED permission to use a lap-top computer and it is standard procedure that all court hearings are recorded. Additionally, as needed, Plaintiff may _reasonably_ request slower pacing, clarification and repetition of complex questions for which she will not be prejudiced.[9]

Category 2: Scheduling & Format.

Ms. Vernieri's requests that: (a) meetings between Plaintiff and counsel, as well as routine court conferences, be held remotely by video or telephone; (b) court hearings be held before 6:00 p.m.; (c) the court set predictable start and end times for hearings; and (d) the court allow for breaks every ninety (90) minutes as requested by Plaintiff are, _to the extent possible_, GRANTED. The court DENIES Plaintiff's request for virtual attendance at every hearing or trial, as this may conflict with Defendant's right to due process and the ability for Defendant to cross examine the witnesses.[10]

Category 3: Documentation & Filing Support

With regard to theses requests, Plaintiff must follow the Federal Rules of Civil Procedure, the District of Utah's local rules, and this court's orders.[11] To the extent Ms. Vernieri seeks extensions of specific deadlines, she must file a motion making such request. Unless the motion for extension is granted, Plaintiff must comply with all applicable deadlines. Consistent

---

[9] To the extent this request leads to time related issues, motions for additional time or requests for other limiting parameters may be appropriate.

[10] That said, there may be circumstances in which the court will conduct a motion hearing via Zoom teleconferencing. However, trials or evidentiary based hearings will be held in person.

[11] The District of Utah's local rules are available on the court's website, at: https://www.utd.uscourts.gov/rules-practice.

3

with her Notice of E-mail Filing and Notification Form, Ms. Vernieri's request to continue utilizing e-mail filing and ECF notification is GRANTED.[12]

<u>Category 4: Environmental & Sensory and Category 5: Procedural Fairness & Assistance</u>

Ms. Vernieri's request for having a non-attorney support person available to sit in the gallery during in court proceedings is GRANTED, but non-lawyers will not be permitted at counsel table.

## CONCLUSION

As set forth above, Plaintiff's Motion for Reasonable Accommodation is GRANTED in PART and DENIED in PART without prejudice.[13]

DATED: November 17, 2025.

_____
Dustin B. Pead, U.S. Magistrate Judge

---

[12] ECF No. 2, Plaintiff's E-mail Filing and Electronic Notification Form For Unrepresented Parties.

[13] ECF No. 9.