# RE: Disputed Rule 26(f) Draft – Notice of Intent to File– Vernieri v. Dyno Nobel Inc. (2:25-cv-00789-DBP)

| | |
|---|---|
| From | vernieri.lawsuit@pm.me <vernieri.lawsuit@pm.me> |
| To | Sarah M. Perkins<SMPerkins@hollandhart.com> |
| CC | Bryan Benard<BBenard@hollandhart.com>, vernieri.lawsuit@pm.me |
| Date | Friday, November 14th, 2025 at 5:04 PM |

Dearest Counsel,

Thank you for forwarding the redlined Attorney Planning Meeting Report and your follow-up correspondence dated November 14, 2025.

After a detailed review, I must respectfully decline to adopt the proposed revisions.
These redlines introduce material changes that, in my view, conflict with key provisions of the Federal Rules of Civil Procedure—particularly Rules 26 and 34—and would significantly impair transparency and procedural fairness.

As a self-represented litigant, I am doing my best to participate in this process in good faith and to ensure the planning report reflects both sides' obligations under the rules.

**1. Scope of Discovery (Rule 26(b)(1))**
Defense's redlines narrow the discovery scope by removing structured phases and omitting key categories of discoverable evidence, including comparator data, internal investigations, audit trails, and insurance coverage.
These are all plainly relevant under Rule 26(b)(1), which allows discovery into:
> "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

These topics directly relate to my claims of retaliation and disparate treatment and cannot be excluded unilaterally.

**2. Omission of Required Insurance Disclosures (Rule 26(a)(1)(A)(iv))**
Your proposed edits eliminate reference to required insurance disclosures.
Under Rule 26(a)(1)(A)(iv), disclosure of insurance agreements—such as EPLI, D&O, captive policies or other liability coverages are mandatory and not subject to privilege.
These materials go directly to financial responsibility, indemnity, and potential conflicts and must be included.

**3. Electronic Discovery and Metadata (Rule 34(b)(1)(C))**
The redlines remove references to native file production, metadata preservation, audit trails, and other structured ESI provisions.
This contradicts Rule 34(b)(1)(C), which expressly allows a requesting party to specify the form of production.
Metadata is not optional where it is relevant to claims, especially in employment or pattern/practice disputes where timestamps, edits, and authorship can be critical.

This is not about creating unnecessary burden but preserving the integrity and transparency of discovery.
The proposed changes would undermine the reliability of ESI and are not proportional or justified under the rules.

**4. Protective Order (Rule 26(c))**

I am unable to stipulate to the Court's Standard Protective Order as drafted.

Rule 26(c) requires a showing of good cause for protective relief. General reputational concerns are not sufficient. As noted in my previously filed Notice of Intent to Preserve Public Access, I remain open to narrowly tailored protections where necessary, but broad sealing of comparators or insurance documents would be improper without specific justification.

**5. Exclusion of Comparator Evidence (Rule 26(b)(1))**

I am particularly concerned by the complete removal of the named comparator list.

These individuals are not hypothetical; they are known, similarly situated colleagues and directly relevant to my disparate treatment and retaliation claims.

Their exclusion would eliminate a core evidentiary method for proving pretext and discriminatory patterns—contrary to Rule 26(b)(1)'s relevance and proportionality standard.

**6. Discovery Planning Obligations (Rule 26(f)(2)-(3))**

Under Rule 26(f)(2)-(3), both parties are jointly responsible for creating a discovery plan that addresses:

- Discovery subjects and timing
- Phased discovery where appropriate
- ESI production format
- Privilege or protection issues
- Any requested limitations or scheduling adjustments

The current redline version omits several required elements and does not reflect a balanced or complete Rule 26(f) submission.

**7. Initial Disclosures (Rule 26(a)(1)(C))**

Defendants have a full legal team and extensive internal resources. I am proceeding pro se.

There is no justification to delay Initial Disclosures beyond the originally scheduled deadline of November 21, 2025. Your firm has had ample time since the beginning of the Rule 26(f) conference and has not shown cause for any extension.

While I do not agree that any extension or delay is necessary, I will allow a **one-time courtesy** extension of Initial Disclosures until **November 28, 2025**, without prejudice to any future objection.

This extension is final unless otherwise ordered by the Court.

**8. Communications and Timing**

Given the complexity of these issues and the need for ADA accommodations and written recordkeeping, I respectfully request that all further communication be conducted in writing.

In light of the Court's current deadline, I ask that you respond in writing by **6:00 PM MST today, November 14, 2025**.

If I do not receive confirmation that the original language (or a legally compliant revision) will be restored by then, I will proceed to file:

- My original Attorney Planning Meeting Report
- A proposed scheduling order
- A motion to address any unresolved issues, including the protective order and comparator discovery

These matters will then be appropriately submitted to the Court under **Fed. R. Civ. P. 16(f)** and **DUCivR 26-1**.

I remain open to a cooperative resolution and sincerely hope we can finalize a compliant submission without Court intervention.

I trust we can bring this matter into alignment with the rules and avoid unnecessary motion practice.

Kindest Regards,
Annette S. Vernieri
*Pro Se Plaintiff*


**Addendum: Clarification of Applicable Federal Rules**

For clarity and to ensure we're aligned on the procedural framework, I've outlined below the applicable Federal Rules that govern these topics as they relate to the Attorney Planning Meeting Report and initial discovery plan:

| Discovery Planning Element | Controlling Rule(s) |
| --- | --- |
| Discovery subjects | Rule 26(f)(3)(B) |
| Phased discovery | Rule 26(f)(3)(B) |
| Format of ESI production | Rule 26(f)(3)(C) + 34(b)(1)(C) |
| Privilege or protection issues | Rule 26(f)(3)(D) + 26(b)(5)(A) |
| Discovery limits or scheduling | Rule 26(f)(3)(E) + 26(b)(2)(C) |
| Required insurance disclosures | Rule 26(a)(1)(A)(iv) |
| Scope and proportionality | Rule 26(b)(1) |

As both **Mr. Benard (Bar #9023) and Ms. Perkins (Bar #17297) (And also your clients corporate representation: Scott Bell (Bar #10184), Ross Davidson III (Bar #17971) and Adaobi Ezeh (Bar #18142))** are licensed attorneys in the State of Utah and officers of the court, I trust they are fully aware of the discovery and disclosure obligations outlined in the Federal Rules of Civil Procedure and the District of Utah's Local Rules. I raise these points in the interest of clarity and compliance, not confrontation. As officers of the court, opposing counsel are presumed competent to be familiar with these authorities and to ensure compliance.

On Friday, November 14th, 2025 at 2:23 PM, Sarah M. Perkins <SMPerkins@hollandhart.com> wrote:

> Hello Ms. Vernieri,
>
> I believe that some of the redlines made to the draft Attorney Planning Meeting Report that I sent to you on November 7, 2025 (also attached), have been misunderstood. I hope that this response will be able to provide clarification on the points raised in your below email and allow us to move forward with filing a

final Attorney Planning Meeting Report and a Proposed Stipulated Scheduling Order for the Court's review and approval.

As you have not noted specific sections of the Attorney Planning Meeting Report that you are concerned with, I tried my best to identify the relevant sections in my response, but please let me know if I am mistaken. If you still have questions or concerns regarding the redlined Attorney Planning Meeting Report, having a call to discuss specific sections of the document may be necessary.

- Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv) relates to Initial Disclosures which we have proposed exchanging by December 5, 2025, per section 1d of the Attorney Planning Meeting Report. We have not proposed any changes to the Initial Disclosures required under the rules.

I believe that the current misunderstanding regarding this point may be coming from the changes made to sections 2b, 2c, and 2d of the document. Section 2 relates to entering a Protective Order in this case to prevent public disclosure of the parties confidential information, not change the scope of disclosures or discovery. We believe that the Court's Standard Protective Order is appropriate for this matter. A copy of the Standard Protective Order is attached for your convenience.

**Please let me know if you agree to exchanging Initial Disclosures by December 5, 2025, and having the Court enter its Standard Protective Order.**

- I believe your concern related to ESI production protocols may be coming from the changes made to section 3d of the document. As you have noted, Fed. R. Civ. P. 34 relates to discovery requests for production of documents, ESI, and tangible things, or conducting an inspection or other discovery at a given location, however it does not require the things you have set forth below. Under Rule 34(b)(1)(C) requests for production **may** specify the form or forms in which ESI is to be produced and under Rule 34(D) the responding party **may** object to a requested form for producing ESI.

Further under Rule 34(E)(i) the responding party must produce document as they are normally kept, which may or may not be in a requested form, or must organize and label documents to correspond to the categories in the request. Additionally, under Rule 34(E)(ii) if a request does not specify a form for producing ESI a responding party must produce it in the form it is ordinarily maintained or in a reasonably usable format.

The language proposed in section 3d of the document conforms with the requirements of Rule 34 and provides for production of documents in standard PDF format while also allowing the parties to meet and confer if there are

requests for which native files or metadata are needed based on a showing of good cause. This approach not only allows discovery to be completed in a timely manner but also helps control the costs of litigation as native files are larger and more expensive to store, transfer, and review. It also allows for parties to still request and receive native files/metadata if there is good cause for a specific request that arises. Finally, agreeing to this proposed ESI production protocol does not impact the preservation of native files/metadata which will still occur. Fed. R. Civ. P. 26(b)(2)(B) and local rule DUCivR 26-2 do not relate to preserving evidence.

**Please let me know if you agree to the ESI protocol outlined in section 3d of the redlined Attorney Planning Meeting Report.**

Should you still have questions or concerns regarding the redlined Attorney Planning Meeting Report or wish to discuss any specific sections of that document further, please feel free to call my direct line at 801-799-5869.

If you are in agreement with the proposed changes please let me know so that a final version of the Attorney Planning Meeting Report and a Proposed Stipulated Scheduling Order can be prepared and circulated for approval before filing with the Court.

Best,

**Sarah Perkins**
**Associate, Holland & Hart LLP**

smperkins@hollandhart.com | **T:** (801) 799-5869

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**External Email**

Dearest Counsel,

I have reviewed your proposed redline edits to the Rule 26(f) Attorney Planning Meeting Report. I do not agree with your revisions. They remove material and necessary provisions from the Plaintiff's discovery plan, including:

- Required disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iv) (e.g., EPLI, D&O, captive and self-insurance documents),
- ESI production protocols under Rule 34, specifically:
    - Preservation and production of native file formats,
    - Full metadata (including audit trails, timestamps, access logs),
    - Identification of relevant custodians, and
    - Inclusion of Teams messages, texts, and communications stored in enterprise systems (e.g., HRIS/SuccessFactors, SAP S/4 Hana, SAP Concur, or Microsoft 365 products).

Please confirm whether your client is able and willing to preserve these categories of electronically stored information (ESI), including metadata and native formats, as originally requested and consistent with your obligations under Fed. R. Civ. P. 26(b)(2)(B) and local rule DUCivR 26-2.

Also confirm whether you will reinstate Plaintiff's original language. If we cannot reach agreement by Friday, November 14, 2025, I will file Plaintiff's proposed Rule 26(f) Report with the court, along with your redline as an exhibit and a Notice indicating that the parties could not come to agreement.

My regards,

Annette Vernieri

Pro Se Plaintiff

On Friday, November 7th, 2025 at 2:01 PM, Sarah M. Perkins <SMPerkins@hollandhart.com> wrote:

> Hello Ms. Vernieri,
>
> Please see the attached redlined version of the draft Attorney Planning Meeting Report for your review.
>
> I was able to keep many of the proposed dates the same but have suggested extending some of the proposed deadlines. We also believe that the Standard Protective Order that is normally issued by the Court will be sufficient and appropriate for this matter, so I have updated the report to reflect that. Please let us know if you have any specific concerns related to the Court entering the Standard Protective Order so we can discuss further. I am also happy to discuss any of the other redlines I have proposed as needed.
>
> Once the Attorney Planning Meeting Report is finalized, I would be happy to circulate a draft of a Stipulated Motion for Scheduling Order and Proposed Scheduling Order for you to review as to form which I can then have filed with the Court.

I can also confirm that your correspondence regarding the requested litigation hold has been received.

Best,

**Sarah Perkins**
**Associate, Holland & Hart LLP**

smperkins@hollandhart.com | **T:** (801) 799-5869

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**External Email**

Dear Counsel,

Please confirm in writing that Defendants have received the Rule 26(f) proposal draft and issued a written litigation hold/ESI Preservation to all relevant custodians (including IT, HR, Legal, and Finance) covering all electronically stored information potentially relevant to this matter—specifically e-mails, Teams messages, text communications, HR case files, and insurer correspondence.

Please provide confirmation within three (3) business days so that I can note it in the scheduling materials.

Thank you,
Annette Vernieri
Plaintiff, Pro Se

vernieri.lawsuit@pm.me

**From:** Vernieri Lawsuit <vernieri.lawsuit@pm.me>
**Sent:** Thursday, October 30, 2025 1:20 PM
**To:** Bryan Benard <BBenard@hollandhart.com>; Sarah M. Perkins <SMPerkins@hollandhart.com>; vernieri.lawsuit@pm.me
**Subject:** Confirmation of ESI Preservation – Vernieri v. Dyno Nobel Inc. (2:25-cv-00789-DBP)

---

**From:** Vernieri Lawsuit <vernieri.lawsuit@pm.me>
**Sent:** Wednesday, November 12, 2025 9:00 PM
**To:** Sarah M. Perkins <SMPerkins@hollandhart.com>
**Cc:** Bryan Benard <BBenard@hollandhart.com>; vernieri.lawsuit@pm.me
**Subject:** Disputed Rule 26(f) Draft – Notice of Intent to File– Vernieri v. Dyno Nobel Inc. (2:25-cv-00789-DBP)