**Exhibit N:** Plaintiff's Proposed Scheduling Order (includes dates for disclosures, discovery deadlines, expert reports, dispositive motions, and trial estimate).

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| _____<br>Annette S. Vernieri,<br><br>Plaintiff,<br><br>vs.<br><br>_____<br>Dyno Nobel Inc. and Dyno Nobel Limited, Defendants. | **Proposed Scheduling Order**<br><br>_____<br>Case Number: 2:25-cv-00789-DBP<br><br>_____<br><br>_____<br>District Judge<br><br>_____<br>Chief Magistrate Judge: Dustin B. Pead |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1. **PRELIMINARY MATTERS**

| a. | | Fed. R. Civ. P. 26(f)(1) Conference:<br><br>Email exchange proposed and initiated October 14 – 31 2025 (pursuant to ADA accommodation; no defense response received). | _10/23/2025_ | |
|---|---|---|---|---|
| b. | | Participants:<br>• **Plaintiff**: Annette S. Vernieri (Pro Se)<br>14350 S Lapis Drive, Draper, UT 84020<br>Email: vernieri.lawsuit@pm.me<br>• **Defense Counsel: Bryan K. Benard and Sarah M. Perkins**<br>Holland & Hart LLP<br>222 South Main Street, Suite 2200, Salt Lake City, UT 84101<br>Email: BBenard@hollandhart.com, SMPerkins@hollandhart.com | | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | _11/28/2025_ | |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

2. **PROTECTIVE ORDER**

| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|---|
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:<br>• Personnel, payroll, medical, and proprietary business materials may require limited confidentiality.<br><br>• However, Plaintiff objects to any protective order or sealing request that would conceal **insurance-related materials,** including but not limited to **Employment Practices Liability Insurance (EPLI), Directors & Officers (D&O), captive or self-insurance programs, or other insurer mechanisms covering** | | |

|   |   |   |
|---|---|---|
|   |   | **Dyno Nobel Inc., Dyno Nobel Limited, or related affiliates (DNI/DNA).**<br><br>- Such insurance and indemnity evidence is relevant to financial responsibility and potential conflicts of interest and therefore **must remain public** under DUCivR 5-3, Fed. R. Civ. P. 26(a)(1)(A)(iv), and the presumption of public access to judicial records.<br><br>- Only genuine confidential business or personal data—such as employee identifiers, trade secrets, or medical information—should be sealed and all fillings remain public absent a Court finding of "good cause". Reputational harm is not sufficient cause. |
| c. |   | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d):<br><br>- The protective order will include a claw-back provision allowing either party to retrieve inadvertently produced privileged material within 14 days of discovery, with no waiver of privilege in this or any other proceeding. |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order:<br><br>The parties agree that privileged or work-product materials inadvertently produced shall be governed by **Fed. R. Evid. 502(d)** and a corresponding clause in the Scheduling Order.<br><br>Under this procedure:<br>• Either party may notify the other in writing within **14 days** of |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | discovering an inadvertent production.<br>• Upon notice, the receiving party will promptly sequester or return the identified material pending resolution.<br>• No claim of inadvertent disclosure will operate as a waiver of attorney-client privilege or work-product protection in this or any other proceeding.<br><br>This claw-back protection applies **only** to bona fide privileged legal communications and attorney work product. It does **not** extend to business, compliance, or insurance-related communications (including EPLI, D&O, captive, or self-insurance mechanisms) that concern claims handling, coverage, or financial responsibility. Those categories are not privileged and are expected to remain publicly accessible under **Fed. R. Civ. P. 26(a)(1)(A)(iv)** and **DUCivR 5-3**. |   |   |

3. **DISCOVERY PLAN**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. |   | Discovery Subjects:<br><br>1. EEOC, NLRB, OFCCP, ADA, OWBPA, ADEA retaliation and discrimination categories.<br>2. Timing and knowledge of Plaintiff's EEOC interview (February 10, 2025) and related HRIS/portal access logs.<br>3. Accommodation requests and interactive-process records.<br>4. Related performance reviews, applications to other roles within the organization, and Human Resources (HR) investigation materials.<br>5. Payroll, tuition-reimbursement, and wage data.<br>6. Insurance coverage documents under Rule 26(a)(1)(A)(iv) (EPLI, D&O, captive programs).<br>7. Documents on corporate structures and affiliated entities (including any divisions and subsidiaries) involved in employment or compliance decision-making, which may be relevant to systemic patterns of conduct.<br>8. Internal communications among HR, Legal, executives, Finance and Supply Chain management regarding termination.<br>9. ESI custodians: Human Resources, Recruiting, Information Technology and individuals including R.R., A.B., and A.E. Plaintiff has used initials or generic references for ESI custodians at this stage to preserve privacy and avoid premature disclosure. Full names to be disclosed through discovery. |   |   |

|   |   |   |
|---|---|---|
|   |   | 10. Preservation of ESI including Teams and texts messages on phones and backup data.<br>11. Pretext Evidence: Finance / Vendor Payment Holds, and commodities swap transactions including material regarding approval workflows and insurer documentation.<br>12. Company document-retention and deletion policies.<br>13. Comparator data for similarly situated employees (e.g., R.R., E.W., N.B., C.B., A.L., J.B., C.K., M.G., L.F., D.S., B.M., Y.F., P.B., and L.M.). Comparator references have been limited to initials at this time. Plaintiff anticipates producing full names and related documents through discovery, subject to protective order or court-approved confidentiality protocols.<br>14. Board or audit-committee materials related to discrimination or accommodations. |
| c. |   | **Discovery Phases:**<br>- **Will discovery be conducted in phases? If so, please explain.**<br><br>The parties agree that discovery should proceed in **two phases** to promote efficiency and proportionality under Rule 26(b)(1):<br><br>• **Phase 1 – Core Facts and Liability Foundations (6 months):** Focus on EEOC, ADA, OWBPA, and ADEA retaliation and discrimination evidence; timing and knowledge of the EEOC interview and termination; accommodation requests; HRIS access logs; payroll, tuition-reimbursement, and wage data; **insurance coverage (EPLI, D&O, captive programs);** and **vendor payment and approval data** showing strategic payment holds or financial reporting manipulations. Phase 1 will also include production of policies, ESI custodians, and comparator personnel data.<br><br>• **Phase 2 – Extended and Expert Discovery (6 months):** After Phase 1 disclosures, additional depositions, expert analyses, and financial impact discovery (including damages and systemic practices) may proceed, guided by what Phase 1 reveals.<br><br>Depositions will be conducted remotely when feasible, consistent with Plaintiff's ADA accommodation requests.<br><br>- **Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.** |

|   |   |   |
|---|---|---|
| | | **Phase 1 (6 months):** Focused on liability and pretext issues, including EEOC, NLRB, OFCCP, ADA, ADEA, OWBPA, accommodation, retaliation evidence, internal communications, payroll and tuition data, insurance and captive program documents, and Finance/vendor payment hold evidence.<br><br>**Phase 2 (6 months):** After Phase 1 production, discovery will expand to remaining damages, systemic pattern, and expert issues.<br>No issues require accelerated discovery at this time, but early production of core HR, payroll, and insurance documents will allow efficient narrowing of Phase 2. |
| d. | | Electronically Stored Information:<br><br>- Provide all materials, documents in native format with metadata intact (Rule 34(b)(1)(C))<br>- Preferred file types (.pst, .xlsx, .pdf, native format).<br>- Metadata retention, audit logs, and any known systems (HRIS, Concur, SAP, Teams) will be preserved pursuant to Fed. R. Civ. P. 26(b)(2)(B).<br>- Custodians, date ranges, and initial search-term categories (to be refined later). Plaintiff proposes a broader set of ESI search terms beyond those listed in this report, which will be shared at the appropriate time. The terms will include variations related to ADA, retaliation, severance, accommodation, race, age, disability, OWBPA, whistleblower, and internal investigations.<br>Acknowledgment of Fed. R. Evid. 502(d) clawback procedure. |

4. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiff: | *10* |
| | 2. | Maximum number of depositions by Defendant: | *10 or #* |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *7 or #* |
| | 4. | Maximum interrogatories by any party to any party: | *25 or #* |
| | 5. | Maximum requests for admissions by any party to any party: | *25 or #* |
| | 6. | Maximum requests for production by any party to any party: | *#* |
| | | | |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | *02/13/2026* |
| | 2. | Deadline for fact discovery to close: | *05/01/2026* |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *05/15/2026* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

| | | | | |
|---|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | | |
| | 1. | Plaintiff: | | *01/09/2026* |
| | 2. | Defendant: | | *01/16/2026* |
| | | | | |
| b. | Deadline to file a motion to join additional parties— | | | |
| | 1. | Plaintiff: | | *01/09/2026* |
| | 2. | Defendant: | | *01/16/2026* |

6. **EXPERT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
| | 1. | Parties bearing the burden of proof: | *05/15/2026* |
| | 2. | Parties not bearing the burden of proof: | *06/12/2026* |
| | | | |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | *05/29/2026* |
| | 2. | Parties not bearing the burden of proof: | *06/26/2026* |
| | 3. | Rebuttal reports, if any: | *07/10/2026* |
| | | | |
| c. | Deadline for expert discovery to close: | | *07/24/2026* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[2]

| | | | |
|---|---|---|---|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | *08/28/2026* |
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: | | *09/25/2026* |

**SO ORDERED** this _____ day of _____, 202X.

BY THE COURT:

_____
[Judge's Name]
[Type of Judge]

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).
[2] The court will enter the date in Section 7.b.