Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Annette S. Vernieri,<br><br>  Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Inc., Dyno Nobel, Inc., and Dyno Nobel Limited,<br><br>  Defendants. | **DEFENDANT'S MOTION FOR SCHEDULING CONFERENCE – DISPUTED ATTORNEY PLANNING MEETING REPORT AND PROPOSED SCHEDULING ORDER**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dustin B. Pead |

Under Fed. R. Civ. P 26 (f), the Local Rules of Practice, and the Order to Propose Schedule, ECF No. 6, the parties have attempted to confer and develop a proposed discovery plan addressing the areas outlined in the Attorney Planning Meeting Report (the "Report") however, those efforts have been unsuccessful. Counsel for Defendant Dyno Nobel, Inc. ("Defendant" or "Dyno Nobel") attempted to set up a call with Ms. Vernieri per the Court's direction in section 2(b) of the Order to Propose Schedule but Ms. Vernieri declined. As such Defendant respectfully submits this

Motion for Scheduling Conference along with a copy of the Report indicating which provisions are contested and Defendant's proposed Scheduling Order for the Court's consideration[1].

Plaintiff has also emailed the Court several documents for filing that are not yet listed on the docket, which are titled as follows: Notice of Impasse Re: Attorney Planning Meeting, Exhibit L Plaintiff's Version of the Attorney Planning Meeting Report, Exhibit M Attorney Planning Meeting Report Email Exchange, Plaintiff's Motion for Entry of Proposed Scheduling Order or Alternatively a Judicial Scheduling Conference, and Declaration of Annette S. Vernieri in support of Plaintiff's Version of the Attorney Planning Meeting Report and Motion for Entry of Proposed Scheduling Order[2]. As such, this issue has been fully briefed and is ready to be taken up by the Court.

## ATTORNEY PLANNING MEETING REPORT

As acknowledged by Ms. Vernieri in her briefing on this matter, as well as shown in Plaintiff's Exhibit M, Defense counsel and Ms. Vernieri have been diligently engaged in meet and confer discussions via email for the past several weeks. On November 14, 2024, Defense counsel stated that if the parties were still unable to agree upon language following this latest email exchange that a phone call discussing the Report may be necessary however, Ms. Vernieri declined to schedule a call.

---

[1] A copy of Defendant's Proposed Scheduling Order has also been emailed in word processing format to Judge Pead as directed in the Court's Order to Propose Schedule, ECF No. 6.

[2] Plaintiff refers to Exhibit N in both her Motion for Entry of Proposed Scheduling Order or Alternatively, a Judicial Scheduling Conference and Declaration of Annette S. Vernieri in support of Plaintiff's Version of the Attorney Planning Meeting Report and Motion for Entry of Proposed Scheduling Order, however, Exhibit N does not appear to have been included in the documents emailed to the Court or Defense Counsel. An email requesting that Exhibit N be provided has been sent to Ms. Vernieri.

Attached as Exhibit 1 please find Defendant's Redlined Attorney Planning Meeting Report which includes the language proposed to Ms. Vernieri on both November 7, 2024, and November 14, 2024. As far as Defense Counsel can tell, the main points of contention that remain are related to Sections 1d, 2b, 2c, 2d, and 3d of the Report. Other changes proposed by Defense Counsel to Ms. Vernieri's version of the Report were not raised in her correspondence and as such, are believed to be acceptable so additional briefing regarding those changes is not being included herein.

*Contested Provisions:*

1. **Report Section 1d: Preliminary Matters – Initial Disclosures.**

Defendant's proposed Report and Scheduling Order list the deadline for the parties to exchange initial disclosures under Fed. R. Civ. P. 26(a) as December 5, 2025. *See* Exhibits 1 & 2. Pursuant to the Court's Order to Propose Schedule, "Unless the parties stipulate or the court orders otherwise, the parties must exchange their disclosures under Fed. R. Civ. P. 26(a) within 14 days from the date of the Fed. R. Civ. P. 26(f) conference." Due to Ms. Vernieri's insistence on communication taking place solely via email, the parties have not participated in a telephone call, video teleconference, or in-person meeting to conduct a Rule 26(f) conference, still Defense Counsel believes that its proposed date of December 5, 2025, is reasonable and should be the deadline ordered by the Court for the parties exchange of Initial Disclosures. The parties concluded their efforts to meet and confer regarding the Report and Scheduling Order on November 14, 2025, and allowing the parties time to finalize disclosures following the Thanksgiving holiday is appropriate.

Furthermore, Ms. Vernieri's objections to Defendant's proposed deadline for the exchange of initial disclosures seemed to be related to her misunderstanding the proposal to somehow limit the scope of what is required to be included in the initial disclosures under the Rules rather than an issue with the deadline itself. As Defense counsel explained to Ms. Vernieri, "Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv) relates to Initial Disclosures which we have proposed exchanging by December 5, 2025, per section 1d of the Attorney Planning Meeting Report. We have not proposed any changes to the Initial Disclosures required under the rules." *See* Plaintiff's Exhibit M.

Therefore, Defendant respectfully requests that the Court order the exchange of the parties initial disclosures to take place by its proposed deadline of December 5, 2025.

### 2. Report Section 2b, 2c, and 2d: Protective Order – Confidential Materials, Standard Protective Order, and Claims of Waiver.

The Reports submitted by both parties indicate that this case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, thus good cause exists for the Court to enter the Court's Standard Protective Order ("SPO").

Furthermore, pursuant to DUCivR 26-2(a) the SPO "is effective by operation of this rule at the time a case is filed and does not need to be entered in a case docket to be effective." Defendant believes that the SPO is appropriate for this matter, however should Ms. Vernieri wish to seek relief from the SPO she may file a motion consistent with DUCivR 7-1.

Therefore, Defendant respectfully requests that the Court confirm the SPO will remain in place unless a motion is filed by Plaintiff which results in the Court finding that it should be modified.

3.     **Report Section 3d: Discovery Plan – Electronically Stored Information.**

The language proposed by Defendant in Section 3d of the Report conforms with the requirements of Rule 34 and provides for production of documents in standard PDF format while also allowing the parties to meet and confer if there are requests for which native files or metadata are needed based on a showing of good cause. This approach not only allows discovery to be completed in a timely manner but also helps control the costs of litigation as native files are larger and more expensive to store, transfer, and review. Finally, agreeing to this proposed ESI production protocol does not impact the preservation of native files/metadata which will still occur.

Defendant respectfully requests that the Court order the parties to proceed with issuing and responding to discovery requests in conformity with the Federal Rules of Civil Procedure with direction that all ESI should be produced in PDF format unless a showing of good cause is made for specific documents to be produced in native format with metadata in response to a particular request. A copy of Defendant's Proposed Scheduling Order is attached hereto as Exhibit 2.

## CONCLUSION

As set forth above, Plaintiff has submitted various filings including a Notice of Impasse, Plaintiff's Version of the Attorney Planning Meeting Report, Plaintiff's Motion for Entry of Proposed Scheduling Order or Alternatively a Judicial Scheduling Conference, and Plaintiff's Declaration in Support. Therefore, this issue has been fully briefed and Defendant respectfully requests that the Court hold a Scheduling Conference at its earliest convenience.

Dated this 21st day of November, 2025.

        HOLLAND & HART LLP

        /s/ *Bryan K. Benard*

        Bryan K. Benard
        Sarah M. Perkins
        *Attorneys for Defendants Dyno Nobel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I have caused to be presented the foregoing ATTORNEY PLANNING MEETING REPORT to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email address:

    Annette Vernieri
    vernieri.lawsuit@pm.me

        /s/     Sarah M. Perkins

36215574_v1