# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Annette S. Vernieri,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Inc., Dyno Nobel, Inc., and Dyno Nobel Limited,<br><br>　　　Defendants. | **SCHEDULING ORDER**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dustin B. Pead |

　　　Under Fed. R. Civ. P 16 (b), the Local Rules of Practice, and the Order to Propose Schedule, an Attorney Planning Meeting has been held and the parties have each submitted their version of the Attorney Planning Meeting Report as an agreement was unable to be reached. Upon review, the court enters the following Scheduling Order. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16 (b) (4) and DUCivR 83-6.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS**

**EXPRESSLY STATED OTHERWISE**

**1.　PRELIMINARY MATTERS**

| a. | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 11/14/2025 |
|---|---|---|
| b. | Participants: *(include the name of the party and attorney, if applicable)*<br>● **Plaintiff**: Annette S. Vernieri (Pro Se)<br>　14350 S Lapis Drive, Draper, UT 84020<br>　Email: vernieri.lawsuit@pm.me | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | • **Defense Counsel: Bryan K. Benard and Sarah M. Perkins**<br>Holland & Hart LLP<br>222 South Main Street, Suite 2200, Salt Lake City, UT 84101<br>Email: BBenard@hollandhart.com, SMPerkins@hollandhart.com |   |   |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | | 12/05/2025 |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

**2.   PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>• Due to the likelihood that the Parties' sensitive and confidential business and/or personal information will be disclosed in response to written discovery and in pleadings, the Parties request that the Court enter the Standard Protective Order pursuant to DUCivR 26-2. | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, | | |

|   |   |   |
|---|---|---|
|   |   | and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)*<br><br>• The Court should enter the Standard Protective Order in this matter. |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>• The Court should enter the Standard Protective Order in this matter. |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. |   | Discovery Plan: The parties agree to the following discovery plan.<br><br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. |   | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>• Discovery is necessary on all causes of action, defenses, and issues in this matter. | | |
| c. |   | Discovery Phases:<br><br>• Will discovery be conducted in phases? If so, please explain.<br>      o The parties agree that fact discovery and expert discovery will take place.<br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. | | |

|   |   |   |   |
|---|---|---|---|
|   |   | o No |   |
| d. |   | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>• The parties will make a reasonable search of reasonably accessible electronically stored information in response to discovery requests that implicate electronically stored information.  The parties will produce copies of electronically stored information in PDF format (or another text searchable format).  Absent a showing of good cause, responses to general production requests under Federal Rules of Civil Procedure 34 and 45 and compliance with mandatory disclosure rules will not include metadata.  The parties agree to work together in good faith if a party believes that, for a specific document, a native version or metadata is needed.  The parties may also further meet and confer on a stipulated ESI order if the need arises. |   |

4. **FACT DISCOVERY**

| a. | Fact Discovery Limitations— | | |
|---|---|---|---|
|   | 1. | Maximum number of depositions by Plaintiff: | _10_ |
|   | 2. | Maximum number of depositions by Defendant: | _10_ |
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | _7_ |
|   | 4. | Maximum interrogatories by any party to any party: | _Governed by FRCP 33_ |
|   | 5. | Maximum requests for admissions by any party to any party: | _Governed by FRCP 36_ |
|   | 6. | Maximum requests for production by any party to any party: | _Governed by FRCP 34_ |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— | | |
|   | 1. | Deadline to serve written discovery: | 03/13/2026 |
|   | 2. | Deadline for fact discovery to close: | 05/01/2026 |
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | 05/15/2026 |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| a. | Deadline to file a motion to amend pleadings— | | |
|---|---|---|---|
| | 1. | Plaintiff: | 01/09/2026 |
| | 2. | Defendant: | 01/16/2026 |
| | | | |
| b. | Deadline to file a motion to join additional parties— | | |
| | 1. | Plaintiff: | 01/09/2026 |
| | 2. | Defendant: | 01/16/2026 |

6. **EXPERT DISCOVERY**

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
| | 1. | Parties bearing the burden of proof: | 05/15/2026 |
| | 2. | Parties not bearing the burden of proof: | 06/12/2026 |
| | | | |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | 06/12/2026 |
| | 2. | Parties not bearing the burden of proof: | 07/10/2026 |
| | 3. | Rebuttal reports, if any: | 08/07/2026 |
| | | | |
| c. | Deadline for expert discovery to close: | | 09/04/2026 |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[2]

| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | 10/02/2026 |
|---|---|---|---|
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: | | 10/9/2026 |
| c. | If dispositive motions are filed and the district judge's ruling on those motions does not resolve the case, the parties shall file a request for a scheduling conference with the district judge for the purpose of setting a trial date no later than one week after the ruling on the dispositive motions. | | |

---

[2] The court will enter the date in Section 7.b.

**SO ORDERED** this 4th of December, 2025.

                                                              U.S. DISTRICT COURT

                                                              _____

                                                              Dustin B. Pead
                                                              *U.S. District Court Magistrate Judge*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2025, I have caused to be presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me

　　　　　　　　　　　　　　　　　　　　*/s/ Sarah M. Perkins*

36206740_v1