Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS, INC.,<br>DYNO NOBEL, INC., AND DYNO<br>NOBEL LIMITED,<br><br>　　　Defendants. | **MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DISCOVERY REQUESTS**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Defendant Dyno Nobel, Inc., by and through Bryan K. Benard and Sarah M. Perkins of Holland & Hart LLP requests an extension to respond to Plaintiff's Motion for Leave to File First Amend Complaint (the "Motion") and Plaintiff's First Set of Interrogatories to Defendant Dyno Nobel, Inc. (the "Interrogatories").

## REQUESTED RELIEF

Defendant seeks a 14-day extension to the current deadlines for responding to Plaintiff's Motion and Plaintiff's Interrogatories, specifically as follows:

1.    Current deadline for the response to the Motion is December 29, 2025 and Defendant seeks an extension of time through January 12, 2026 to respond; and

2.    Current deadline for the responses to Interrogatories is January 7, 2026 and Defendant seeks an extension of time through January 21, 2026 to respond.

## FACTUAL BACKGROUND

Defendant has sought a short reasonable extension to the pending Motion and Interrogatories. Defendant has met and conferred with Plaintiff on the requested extensions. As noted below, Plaintiff has refused such reasonable request as follows:

1.    Plaintiff served the Interrogatories on December 8, 2025. The responses to the Interrogatories are currently due on January 7, 2026.

2.    Plaintiff filed and served her Motion on December 15, 2025. Any opposition to such Motion from Defendant is currently due on December 29, 2025.

3.    Accordingly, the time for Defendant to respond to the Interrogatories and Motion has not yet expired.

4.    Lead counsel for Defendant has been out of state for other scheduled court hearings in other matters in December.

-2-

5.      Since December 18, 2025, lead counsel for Defendant has been dealing with a family emergency involving spreading cancer, an accident, and hospitalization of an immediate family member.

6.      On December 23, 2025, counsel for Defendant requested a short 14-day extension to respond to Plaintiff's Interrogatories and Motion. Defendant proposed new extended response deadlines of January 12, 2026 (for the Motion) and January 21, 2026 (for the Interrogatories).

7.      Later that day around 10:00pm, Plaintiff responded and rejected the request, merely stating that her briefing was fully complete on the Motion so she would not consent to any extension of time to respond to that Motion.

8.      As to the requested extension of the discovery response deadline, Plaintiff responded that the discovery was properly served, the response deadline is governed by the Rules of Civil Procedure, and "any extension beyond all deadlines will require a court order."

9.      Lead counsel responded to Plaintiff at about 2:00am on December 24, 2025, explaining that her response was disappointing, unnecessary and unreasonable. Counsel noted that although Plaintiff is representing herself, Utah lawyers are committed to the Utah Standards of Professionalism and Civility, provided a link to the same, and noted that one of the standards was to "agree to all reasonable requests for extension of

time and waiver of procedural formalities when doing so will not adversely affect their client's legitimate rights."

10.     Lead counsel further explained his personal circumstances and noted as well that Plaintiff's filings fell during the holiday season where access to Defendant and the necessary individuals to respond to Interrogatories and her Motion may not be available. Counsel again requested the professional courtesy of the 14-day extensions.

11.     The morning of December 23, 2025, Plaintiff again rejected the extension request. Instead, she connected the same to the parties' meet and confer process that is currently taking place related to the parties' Initial Disclosures. Defendant has agreed to supplement the Initial Disclosures by December 29, 2025. Defendant has requested that Plaintiff supplement her inadequate disclosures by January 16, 2026.

12.     Plaintiff indicated that she will not consider the extensions related to discovery or the Motion, until after she views the supplemental responses on December 29, 2025.

13.     This position of course puts Defendant in an untenable position—the deadline to respond to the Motion is December 29, 2025 and a motion for extension must be filed prior to the expiration of the pending deadline.

14.     Defendant has properly met and conferred and exhausted every opportunity to resolve this issue short of court intervention, but as noted Plaintiff has indicated she will not agree without a court order.

-4-

# ARGUMENT

Rule 6(b) of the Federal Rules of Civil Procedure states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). To establish good cause, the moving party "must show the deadline cannot be met despite the movant's diligent efforts" and "provide an adequate explanation for any delay." *Boulder Falcon, Ltd. Liab. Co. v. Brown,* No. 2:22-cv-00042-JNP-JCB, 2022 U.S. Dist. LEXIS 139309, at *7 (D. Utah Aug. 3, 2022). "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.*

Moreover, while not binding authority, the Utah Standards of Professionalism and Civility should guide the conduct of lawyers and those representing themselves in Utah legal proceedings. Standard 14 explains that "Lawyers shall agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."

Here, good cause is easily established for the mere 14-day extension requests. The current deadlines to respond to the Motion and Interrogatories are December 29, 2025 and January 7, 2026. This request is filed before the original response time has expired. Moreover, during the holiday season access between Defendant, necessary Defendant

witnesses and decisionmakers, and counsel is routinely difficult and present issues here.

Furthermore, lead counsel for Defendant is addressing significant personal circumstances

as well. Discovery is in its infancy and discovery cutoff is months away. There is

absolutely zero chance of prejudice to Plaintiff by granting the short extension request.

Her refusal to grant an extension is unreasonable and uncivil. Defendant and its counsel

should not be having to waste the Court's time or counsel's time on such a simple and

reasonable request.

For the foregoing reasons, good cause is shown for granting the requested

extension. Defendant respectfully requests that the Court enter an order extending its time

to respond to the Motion to January 12, 2026 and extending its time to respond to the

Interrogatories to January 21, 2026. Additionally, should the Court deem it proper,

Defendant requests that the Court instruct Plaintiff to familiarize herself with the Utah

Standards of Professionalism and Civility and order her to abide by such standards.

DATED this 24th day of December, 2025.

HOLLAND & HART LLP

*/s/ Bryan Benard*
Bryan K. Benard
Sarah M. Perkins
*Attorneys for Defendants Dyno Nobel, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 24, 2025, I caused the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DISCOVERY REQUESTS** to be filed via the CM/ECF electronic filing system which will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me


*/s/ Bryan Benard*

36649506_v1

-7-