| Annette S. Vernieri<br><br>Draper, Utah 84020<br>Email: vernieri.lawsuit@pm.me<br>Pro Se Plaintiff | **UNITED STATES DISTRICT COURT DISTRICT OF UTAH**<br><br>Annette S. Vernieri, Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Dyno Nobel Inc. and Dyno Nobel Limited, Defendants.<br><br>Case No.: 2:25-cv-00789-DAK-DBP<br>Hon. Judge Dale A. Kimball<br><br>Chief Magistrate Judge: Dustin B. Pead |
|---|---|

FILED
2025 DEC 29 AM 9:00
CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S CONDITIONAL NON-OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

### I. INTRODUCTION

Plaintiff does not oppose Defendants' request for a limited extension of time provided that such relief does not prejudice Plaintiff's rights, does not suspend Defendants' discovery obligations, and ensures Plaintiff has a fair opportunity to amend her pleadings based on mandatory disclosures Defendants are required to produce under the Federal Rules of Civil Procedure.

### II. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Defendants have been served with Plaintiff's discovery requests and are subject to the disclosure obligations of Fed. R. Civ. P. 26(a)(1). Under Rule 26(a)(1)(A)(iv), Defendants are required to disclose any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment, including policy limits and relevant coverage information.

due on or before December 29, 2025. Plaintiff's response to Defendants' pending motion is due on December 30, 2025. Plaintiff cannot intelligently evaluate amendment of her claims, potential additional parties, or the scope of damages without complete and accurate Rule 26(a)(1) disclosures, particularly insurance information.

This filing is submitted in advance of Defendants' December 29, 2025 disclosure deadline so that Defendants and the Court are on notice of Plaintiff's conditional position and the importance of timely, complete Rule 26(a)(1)(A)(iv) compliance.

## III. CONDITIONAL NON-OPPOSITION

Plaintiff does not oppose Defendants' request for an extension of time on the following conditions:

a. **Full Rule 26(a)(1) Compliance**
   Defendants shall timely serve complete Rule 26(a)(1) disclosures, including but not limited to: All applicable insurance policies, agreements, or self-insurance arrangements; Policy limits, retention amounts, and coverage periods; Identification of any insurer or third-party entity potentially responsible for indemnification.
b. **No Stay of Discovery Obligations**
   Any extension granted shall not stay, suspend, delay, or otherwise affect Defendants' obligations to: Produce Rule 26(a)(1) disclosures; Respond to properly served discovery requests; Supplement disclosures under Rule 26(e).
c. **Equitable Extension of Plaintiff's Amendment Deadline**
   Plaintiff requests that her deadline to amend pleadings be extended to fourteen (14) days after Defendants serve full and complete Rule 26(a)(1) disclosures, including insurance information.

d. **Reservation of Rights**
   Plaintiff expressly reserves all rights to seek relief under Fed. R. Civ. P. 37, including a motion to compel, should Defendants fail to timely comply or provide incomplete or deficient disclosures.

## IV. GOOD-FAITH POSITION

Plaintiff submits this Conditional Non-Opposition in good faith and in the interest of judicial economy. Plaintiff does not seek delay and

simply requests that Defendants comply with mandatory disclosure obligations so that this matter may proceed efficiently and on a complete factual record.

Defendants shall confirm in writing by December 29, 2025, when these disclosures have been completed and served.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Defendants' requested 14-day extension subject to the conditions set forth above, or in the alternative, fashion relief that prevents prejudice to Plaintiff resulting from delayed or incomplete disclosures.

This filing constitutes Plaintiff's Response pursuant to the Court's December 26, 2025 Docket Text Order.  Plaintiff reserves the right to supplement this Response should Defendants' December 29, 2025 disclosures prove incomplete or noncompliant.

Respectfully submitted,

Executed on December 29, 2025 in Marina, California.

/s/ Annette S. Vernieri

Annette S. Vernieri
Pro Se Plaintiff

**PLAINTIFF'S CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, I served the foregoing Plaintiff's Conditional Non-Opposition to Defendants Motion for Extension of Time, on Defense counsel of record via electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E) and DUCivR 5-1.

Bryan K. Benard – BBenard@hollandhart.com
Sarah M. Perkins – SMPerkins@hollandhart.com
Counsel for Defendants

Respectfully submitted,

Annette S. Vernieri
Pro Se Plaintiff
Executed on December 29, 2025 in Marina, California.

/s/ Annette S. Vernieri

Annette S. Vernieri
Pro Se Plaintiff