Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI, | **MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Plaintiff, | |
| vs. | Civil No. 2:25-cv-00789 |
| DYNO NOBEL AMERICAS, INC., DYNO NOBEL, INC., AND DYNO NOBEL LIMITED, | Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Dustin B. Pead |

Defendant Dyno Nobel, Inc. ("Dyno Nobel" or "Defendant"), by and through

Bryan K. Benard and Sarah M. Perkins of Holland & Hart LLP requests an extension to

respond to Plaintiff's Motion for Leave to File First Amend Complaint (the "Motion").

## REQUESTED RELIEF

Defendant seeks an extension to the current deadline for responding to Plaintiff's Motion, as follows:

The current deadline for the response to the Motion is January 12, 2026 (based on a prior extension request and the Court's order), and Defendant seeks an extension of time through January 30, 2026, to respond to the present Motion, if such Motion is not withdrawn by Plaintiff by January 23, 2026.

## FACTUAL BACKGROUND

Defendant has attempted to meet and confer with Plaintiff regarding the Court's January 8, 2026, Order, prior to filing this motion for the requested extension. As noted below, Plaintiff has refused to respond to all such efforts as follows:

1.      Plaintiff filed and served her Motion on December 15, 2025. Any opposition to such Motion from Defendant was originally due on December 29, 2025.

2.      The Court subsequently granted Defendant's Motion for Extension of Time to Respond to Motion for Leave to File First Amended Complaint and extended the deadline for Defendant's opposition to the Motion to January 12, 2026.

3.      Accordingly, the time for Defendant to respond to the Motion has not yet expired.

4.      Plaintiff filed a Motion to Modify Scheduling Order to Extend Plaintiff's Amendment Deadline on January 2, 2026, requesting to have the deadline extended from January 9, 2026, to January 23, 2026.

5.      On January 5, 2026, the Court ordered expedited briefing requiring Defendant to file a response, or notice of non-opposition, to Plaintiff's Motion to Modify Scheduling Order by January 7, 2026.

6.      Defendant's Response to Plaintiff's Motion to Modify Scheduling Order was filed on January 7, 2026, wherein Defendant argued that while it did not oppose the requested extension of Plaintiff's deadline to amend her pleadings, it would create a significant waste of judicial and party resources to address the pending Motion for Leave to File First Amended Complaint and then be required to address a second Motion for Leave to File Second Amended Complaint, presumably by January 23, 2026.

7.      The following day, January 8, 2026, the Court granted Plaintiff's Motion to Modify Scheduling Order and extended Plaintiff's deadline to amend her pleading to January 23, 2026. Furthermore, the Court instructed Plaintiff that if she intends to seek leave to file a Second Amended Complaint, she is to withdraw her current Motion and consolidate it with her Motion to file a Second Amended Complaint, to be due by January 23, 2026.

8.      In an attempt to conserve judicial and party resources, Counsel for Dyno Nobel, Inc. sent an email to Plaintiff on January 9, 2026, at 12:29 p.m. asking Plaintiff to

confirm whether she was going to move forward with the pending Motion or withdraw it and file a consolidated Motion for Leave to File a Second Amended Complaint, because Defendant had the impending deadline to respond to the originally filed motion.

9.  No response was received from Plaintiff.

10. Counsel for Dyno Nobel, Inc. then sent a second email on January 9, 2026, at 8:53 p.m. following up on their prior request, as well as responding to a previous meet and confer email from Plaintiff regarding initial disclosures. Again Dyno Nobel inquired about Plaintiff's intent to withdraw her motion and/or re-file a motion for leave.

11. No response was received from Plaintiff.

12. Counsel for Dyno Nobel, Inc. sent a third email on January 12, 2026, at 11:12 a.m. again following up on their request that Plaintiff inform Defendant of her intentions to withdraw her motion and/or re-file a motion for leave to amend.

13. As of the time of this filing, no response has been received from Plaintiff.

14. Plaintiff's refusal to meet and confer has once again put Defendant in an untenable position—the deadline to respond to the Motion is January 12, 2026 and a motion for extension must be filed prior to the expiration of the pending deadline.

15. Defendant has properly sought to meet and confer with Plaintiff and has exhausted every opportunity to resolve this issue short of court intervention, but as noted Plaintiff has been completely non-responsive.

16.    Plaintiff has until January 23, 2026 to amend her pleadings and decide whether to withdraw her current motion and/or re-file such motion. To preserve party and judicial resources, Defendant seeks this short extension to allow Plaintiff the full amount of time without prejudicing Defendant by requiring Defendant to oppose a motion that may be moot.

## ARGUMENT

Rule 6(b) of the Federal Rules of Civil Procedure states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). To establish good cause, the moving party "must show the deadline cannot be met despite the movant's diligent efforts" and "provide an adequate explanation for any delay." *Boulder Falcon, Ltd. Liab. Co. v. Brown,* No. 2:22-cv-00042-JNP-JCB, 2022 U.S. Dist. LEXIS 139309, at *7 (D. Utah Aug. 3, 2022). "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.*

Moreover, while not binding authority, the Utah Standards of Professionalism and Civility should guide the conduct of lawyers and those representing themselves in Utah legal proceedings. Standard 14 explains that "Lawyers shall agree to reasonable requests

for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."

Here, good cause is easily established for the extension requested. The current deadline to respond to the Motion is January 12, 2026, and this request is filed before the original response time has expired. Moreover, this request is consistent with the reasoning supporting the Court's January 8, 2026, order and is sought by Defendant to conserve judicial and party resources while efficiently continuing to move this matter forward. There is no potential prejudice to Plaintiff by granting this extension request as it does not impact her ability to seek to amend her pleading through January 23, 2026. Plaintiff's refusal to respond to counsel's repeated communications, over several days, seeking to meet and confer regarding her intentions to modify her pleading is unreasonable.

The requested relief would provide Plaintiff with the full amount of time provided by the Court to determine if she will withdraw her motion and/or re-file such motion. Plaintiff has until January 23, 2026 to do so. If Plaintiff does not withdraw the motion, then Defendant's request would provide Defendant with one week to file its opposition. If, on the other hand, Plaintiff decides to withdraw the motion and re-file it, then Defendant will not be prejudiced by having to have filed an opposition to the motion that then becomes moot based on Plaintiff's decision. And if Plaintiff withdraws the motion,

-6-

no response would be necessary and instead, Defendant would respond to the newly re-filed or updated motion for leave to amend in due course.

For the foregoing reasons, good cause is shown for granting the requested extension. Defendant respectfully requests that the Court enter an order extending its time to respond to the current Motion, if such motion is not withdrawn by Plaintiff, to January 30, 2026, seven (7) days after Plaintiff's deadline to amend her pleadings expires.

DATED this 12th day of January, 2025.

HOLLAND & HART LLP

*/s/ Bryan Benard*
Bryan K. Benard
Sarah M. Perkins
*Attorneys for Defendants Dyno Nobel, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2026, I caused the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** to be filed via the CM/ECF electronic filing system which will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me


*/s/ Bryan Benard*

36757972_v1