| | |
|---|---|
| Annette S. Vernieri<br>14350 S Lapis Drive<br>Draper, Utah 84020<br>Email: vernieri.lawsuit@pm.me<br>Pro Se Plaintiff | UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH<br><br>Annette S. Vernieri,<br>Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Dyno Nobel Inc. and Dyno Nobel Limited,<br>Defendants.<br><br>Case No.: 2:25-cv-00789-DAK-DBP<br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

## PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF INITIAL DISCLOSURES AND INSURANCE COVERAGE AND FOR SANCTIONS UNDER RULE 37

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(A) **and** 37(a)(4)**,** Plaintiff Annette S. Vernieri, proceeding *pro se*, respectfully moves this Court to compel Defendants Dyno Nobel, Inc. **and** Dyno Nobel Limited to provide and certify complete disclosures as required under Rule 26(a)(1) **and** Rule 26(e)**.**

Despite Plaintiff's repeated good-faith efforts to obtain this information through the meet-and-confer process, Defendants continue to withhold responsive disclosures required under Rule 26(a)(1)(A)(iv) regarding insurance coverage and related categories.

1

Plaintiff further seeks sanctions under Rule 37(a)(5) for the reasonable expenses incurred in bringing this Motion.

*I. INTRODUCTION*

Defendants served their initial disclosures on December 5, 2025, which omitted required categories of information. On December 10, 2025, Plaintiff issued a detailed Rule 37 Deficiency Notice, narrowing issues in good faith and requesting only foundational disclosures required under Rule 26(a)(1).

On December 17, 2025, Defendants acknowledged multiple deficiencies — including lack of insurance disclosure, incomplete witness contact information, and nonspecific ESI descriptions — but have not supplemented as required.

Defendants' December 29, 2025 *First Supplemental Initial Disclosures* stated they were **"**not aware of any relevant insurance agreement that may be used to satisfy some or all of a possible judgment in this action.**"** (See **Exhibit R**.)

Defense counsel reaffirmed this position again on **January 9, 2026**, in response to Plaintiff's follow-up correspondence.

However, publicly available records directly contradict these statements. As of this Motion, Defendants have not produced:

- Mandatory insurance agreements or policies under Rule 26(a)(1)(A)(iv)**;**
- Descriptions of electronically stored information (ESI) by category and location under Rule 26(a)(1)(A)(ii)**;**
- Computations and supporting documentation for claimed offsets or attorney fees under Rule 26(a)(1)(A)(iii)**,** despite demanding full damages figures from Plaintiff.

Defendants' ongoing refusal to correct these omissions inverts discovery obligations and prejudices Plaintiff's ability to prepare her case and calculate damages.

2

*II. LEGAL STANDARD*

**Rule 26(a)(1)** requires parties to disclose, without awaiting discovery requests:

1. The names and contact information of individuals likely to have discoverable information (Rule 26(a)(1)(A)(i));
2. A description by category and location of relevant documents and ESI (Rule 26(a)(1)(A)(ii));
3. A computation of each category of damages, with supporting evidentiary material (Rule 26(a)(1)(A)(iii));
4. Any insurance agreement under which an insurer may be liable to satisfy part or all of a judgment (Rule 26(a)(1)(A)(iv)).

**Rule 26(e)** imposes a continuing duty to supplement when a prior disclosure is incomplete or incorrect.

Under **Rule 37(a)(3)(A)**, a party may move to compel when another fails to provide disclosures required by Rule 26(a). If granted, **Rule 37(a)(5)(A)** mandates that the court award reasonable expenses unless the noncompliance was substantially justified or other circumstances make an award unjust.

*III. ARGUMENT*

A. Defendants' Insurance Disclosure Is Incomplete and Contradicted by Public Record

Defendants' written disclosures deny the existence of any relevant insurance agreement (Exhibit R). However, **public and regulatory records** demonstrate otherwise:

1. **Utah Labor Commission – Division of Industrial Accidents:** Lists Dyno Nobel, Inc. as covered by *Starr Indemnity & Liability Company* and/or self-insured through *HMS Insurance Services*.

2. **Dyno Nobel Limited Financial Reports:** Identify *Coltivi Insurance Pte Ltd* (Singapore), UT Insurance (VT) and *Drisk Insurance Inc.* (Vermont) as captive or self-insurance entities for the corporate group.
3. **Public Filings:** Confirm a global insurance program providing property, liability, and business-interruption coverage for manufacturing operations (see **Exhibit S** – Coltivi webpage capture from Dyno Nobel's website).

These materials fall squarely within the scope of **Rule 26(a)(1)(A)(iv)**. Defendants' denial and failure to disclose such coverage are improper under Rule 26(e) and warrant an order compelling supplementation.

*A. Insurance Disclosures Are Required and Have Been Withheld*

Defendant's December 29, 2025 supplemental disclosure states it is "not aware of any relevant insurance agreement," yet public records indicate otherwise. These include, and not limited to:

- Workers' compensation coverage listed with the Utah Labor Commission under Starr Indemnity & Liability Company and/or self-insurance via HMS Insurance Services;
- Group self-insurance programs and global insurance coverage documented in Dyno Nobel Limited's financial reports (see Docket 21-1, pg. 78), involving Coltivi Insurance Pte Limited (domiciled in Sinapore) and Drisk Insurance Inc. (domiciled in USA - see Docket 21-1, pg. 93); Marsh Management correspondence.
- Directors and Officers liability, risk management documents (see Docket 21-1, pg. 80-84)., excess liability, and global property coverage, as acknowledged in public financial filings (see Docket 21-1, pg. 50).

These materials fall squarely within Rule 26(a)(1)(A)(iv), yet have been improperly withheld despite Plaintiff's repeated requests.

*B. Defendant's Disclosure Failures Extend Beyond Insurance*

Despite asserting a nondiscriminatory defense, Defendants have failed to:

- Disclose comparator employees and contact information (see **Exhibit Q**);
- Identify ESI custodians, metadata structures, or system locations;
- Provide any computation or documentation for attorney fees or claimed offsets while demanding detailed computations from Plaintiff.

These omissions obstruct discovery and violate Rule 26(a)(1)(A)(i)–(iii).

*C. Defendant's Workers' Compensation Filing Suggests Improper Motive*

Workers' Compensation Filing Suggests an Improper Attempt to Shift Liability

On **December 21, 2025**, Plaintiff received notice of a **Utah Labor Commission Form 122E** purporting to report an "alleged discrimination" injury under workers' compensation (see **Exhibit T**). Plaintiff never filed or authorized such a claim.

This filing appears to be an attempt to:

- Shift discovery or damages obligations to another forum;
- Recast Plaintiff's federal claims as administrative matters;
- Shield payroll and ESI records by labeling them "irrelevant"; or
- Avoid production of insurance and indemnification materials.

If Defendants intend to rely on or reference this filing, they must disclose its basis and scope under **Rule 26(e)**.

*IV. REQUESTED RELIEF*

Plaintiff respectfully requests that the Court order Defendants to:

1. **Within 3 business days** of this Order (no later than **January 21, 2026 at 11:59 p.m. MST**), produce all insurance agreements, policies, or instruments subject to **Rule 26(a)(1)(A)(iv)**, including but not limited to:
    1. Policy No. 1000001488 (or WP8-69B-510471-045) issued by *Starr Indemnity & Liability Company*;
    2. Any self-insurance certificates, bonds, or letters of credit filed with the *Utah Labor Commission* or *Utah and/or Vermont Department of Insurance*;
    3. Any agreements, correspondence, or coverage materials involving *HMS Insurance Services*, *Starr Indemnity & Liability Company*, *Liberty Mutual Insurance Company*, *Coltivi Insurance Pte Ltd*, *Drisk Insurance Inc.*, *UT Insurance*, Empower Annuity Insurance Co. (EIN 06-1050034) or *Prudential Insurance (EIN 22-121670)*.
2. Produce and certify under **Rule 26(e)** all responsive documents and communications regarding:
    1. Excess, umbrella, or stop-loss coverage;
    2. Directors and Officers (D&O) insurance;
    3. Side B/D indemnification or corporate indemnity agreements.
3. Supplement their Initial Disclosures to include:
    a. Last known contact information for all individuals in Exhibit Q (comparators);
    b. Identification of similarly situated employees;
    c. Descriptions of ESI systems, custodians, and production formats;
    d. Computation of any claimed damages, offsets, or fees, with supporting material.
4. File a **certification of full compliance** under Rule 26(e) within three business days of supplementation.
5. Award Plaintiff reasonable expenses incurred in preparing and filing this Motion under **Rule 37(a)(5)(A)**.

*V. CONCLUSION*

Defendants' continued noncompliance with their discovery obligations under Rule 26—despite clear notice and opportunity to cure—undermines the integrity of the discovery process and prejudices Plaintiff's preparation of her case.

The requested relief is narrowly tailored, appropriate under Rule 37, and necessary to ensure full compliance and transparency.

Plaintiff respectfully requests that the Court grant this Motion in full.

Executed on January 16, 2026, in Draper, Utah.
Respectfully submitted,

/s/ Annette S. Vernieri

Annette S. Vernieri
Pro Se Plaintiff

PLAINTIFF'S CERTIFICATE OF SERVICE

I hereby certify that on **January 16, 2026**, I served the foregoing *Motion to Compel Disclosure of Initial Disclosures and Insurance Coverage and for Sanctions Under Rule 37*, together with Exhibits Q through T, on counsel for Defendants via email pursuant to **Fed. R. Civ. P. 5(b)(2)(E)** and **DUCivR 5-1**:

Bryan K. Benard – BBenard@hollandhart.com
Sarah M. Perkins – SMPerkins@hollandhart.com
Counsel for Defendants

Exhibits:

- **Exhibit Q** – Comparator Employee List
- **Exhibit R** – Meet and Confer Emails (Defendant's Denial of Insurance Coverage)
- **Exhibit S** – Coltivi Insurance Webpage (Dyno Nobel Global Coverage Reference)
- **Exhibit T** – Utah Labor Commission Correspondence re Unsolicited Workers' Compensation Filing