# RE: Vernieri - Dyno Nobel, Inc. - Meet and Confer re Initial Disclosures

| | |
|---|---|
| From | vernieri.lawsuit@pm.me <vernieri.lawsuit@pm.me> |
| To | Sarah M. Perkins<SMPerkins@hollandhart.com> |
| CC | Bryan Benard<BBenard@hollandhart.com>, Tish Howell<PHowell@hollandhart.com>, Marilyn M. Christensen<MMChristensen@hollandhart.com>, vernieri.lawsuit@pm.me, ANNETTE VERNIERI<vernieriannette@gmail.com> |
| Date | Friday, January 2nd, 2026 at 6:55 PM |

Dearest Counsel,

I have reviewed *Defendant Dyno Nobel, Inc.'s First Supplemental Initial Disclosures* dated December 29, 2025, which state that Dyno Nobel "is not aware of any relevant insurance agreement that may be used to satisfy some or all of a possible judgment."

However, public and regulatory records demonstrate otherwise. According to the Utah Labor Commission's Division of Industrial Accidents, Dyno Nobel Inc. is covered by Starr Indemnity & Liability Company and/or SELF-INSURED (HMS IS TPA). The NAIC confirms Starr Indemnity's active workers'-compensation authority in Utah (NAIC #38318). The Utah record lists the self-insurance contact address as HMS Insurance Services, P.O. Box 259015, Plano, TX 75025-9015.

Further, the Financial Report of Dyno Nobel Limited—the parent entity your firm represents—identifies Coltivi Insurance Pte Limited (Singapore) and Drisk Insurance Inc. (U.S.) as group self-insurance companies within the Dyno Nobel/Incitec Pivot corporate structure. That report also acknowledges a Global Insurance Program providing property-damage and business-interruption coverage across all major manufacturing operations and notes that the Group "self-insures for certain insurance risks under the Singapore Insurance Act."

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), please supplement your disclosures to include:
1. A copy of policy no. 1000001488 (or WP8-69B-510471-045) issued by Starr Indemnity & Liability Company;
2. Any self-insurance certificate, bond, or letter of credit filed with the Utah Labor Commission or Utah Department of Insurance and Division of Captive Insurance; and
3. Any agreements, policies, or correspondence with HMS Insurance Services, Starr Indemnity & Liability Company, Liberty Mutual Insurance Company, Coltivi Insurance Pte Limited, or Drisk Insurance Inc. relevant to workers'-compensation, employment-practice, property, or liability coverages applicable to this matter.
4. Any agreements, policies or correspondence regarding
- Excess liability
- Umbrella coverage
- Stop-loss coverage
- Directors & Officers (D&O) insurance
- Side B/D indemnification

Please confirm in writing by **January 9, 2026 (23:59 MST)** that Defendant will correct and supplement its disclosures accordingly.

For reference, Appendix 4E: Indemnities and Insurance from Dyno Nobel Limited's financial report confirms that the Company:

- Indemnifies directors and officers to the extent permitted by law;
- Has entered into Deeds of Access, Indemnity and Insurance with directors, officers, and senior management; and
- Maintains a contract of insurance covering civil and criminal defense costs, as well as a global insurance program protecting manufacturing operations.

These provisions directly contradict the representation that Dyno Nobel is "not aware of any relevant insurance agreement."

Accordingly, please treat this letter as a formal request for immediate supplementation under Rule 26(a)(1)(E) and Rule 37(a). If supplementation is not received by the above deadline, I will seek relief from the Court, including an order compelling disclosure and appropriate sanctions under Rule 37(c)(1).

Thank you for your prompt and detailed attention to this matter.

Happy New Year,
/s/ Annette S. Vernieri
Pro Se Plaintiff


On Monday, December 29th, 2025 at 4:38 PM, Sarah M. Perkins <SMPerkins@hollandhart.com> wrote:

> Ms. Vernieri,
>
> Please find attached Defendant Dyno Nobel, Inc.'s First Supplemental Initial Disclosures. A certificate of service will be filed with the Court regarding the same.
>
> It is our position that our client's disclosures in this matter are compliant with the Federal Rules of Civil Procedure and that any alleged deficiencies under the Rules have been corrected.
>
> The attached supplemental disclosures have been updated to include available contact information for Ms. Carter who is a prior employee. As previously stated, the current employees listed in Defendant's disclosures may be contacted through counsel. The supplemental disclosures have also been updated to confirm that Dyno Nobel, Inc. is not aware of any relevant insurance agreements that may be used to satisfy some or all of a possible judgment in this action.

We once again note the following deficiencies in Plaintiff's Initial Disclosures and request that they be supplemented to be brought in compliance with the Rules by no later than January 16, 2026.

**1) Rule 26(a)(1)(A)(i)** requires disclosure of the name, and if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Currently, Plaintiff's disclosures do not identify any individuals by name likely to have discoverable information, the anticipated subjects of information for each named individual, or any addresses/phone numbers.

As such, the currently disclosed categories of people are clearly non-compliant with the rules and must be timely supplemented by Plaintiff as set forth in Rule 26(a)(1)(A)(i).

**2) Rule 26(a)(1)(A)(iii)** requires a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Currently, Plaintiff's disclosures identify several categories of damages claimed by Plaintiff but do not include any computations, or the documents and other evidentiary material to support such computations. Several of the categories of damages identified are of such nature that Plaintiff should have information reasonably available to her at this time that would allow for calculations and supporting materials to be disclosed and then supplemented as this matter proceeds.

As such, Plaintiff's disclosures are currently deficient under Rule 26(a)(1)(A)(iii) and must be timely supplemented by Plaintiff.

**3) Rule 26(a)(1)(A)(iv)** requires parties make available for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Currently, Plaintiff's disclosures request that such information be provided by Defendant rather than indicate whether such insurance agreements exist for Plaintiff's benefit.

As such, Plaintiff's disclosure is non-compliant with Rule 26(a)(1)(A)(iv) and must be timely supplemented to satisfy Plaintiff's obligations under the rules.

We look forward to receiving Plaintiff's supplemental disclosures by January 16, 2026.

Sincerely,

**Sarah Perkins**
**Associate, Holland & Hart LLP**

smperkins@hollandhart.com | **T:** (801) 799-5869

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**External Email**

Dearest Counsel,

This email follows up on my prior communications and my Rule 37 Deficiency Notice dated December 10, 2025, regarding Dyno Nobel's Initial Disclosures. Your December 17, 2025 response acknowledged multiple deficiencies but did not resolve them. As we enter critical phases of discovery, I reiterate the outstanding issues and clarify my position under the Federal Rules of Civil Procedure.

**Outstanding Disclosure Obligations (Rule 26)**

1. Rule 26(a)(1)(A)(iv) – Insurance Agreements
You referenced a 30-day supplementation window, but Rule 26 requires timely disclosure without undue delay. I respectfully request that all insurance disclosures be provided no later than Monday, December 29, 2025. This

includes any insurance policy under which an insurer may be liable to satisfy part or all of a potential judgment, including EPLI, umbrella, or indemnification agreements.

2. Rule 26(a)(1)(A)(i) – Names and Contact Information of Individuals

Your Initial Disclosures omit the last known contact information for former employees such as Kelly Carter and exclude any identification of "similarly situated" individuals—despite asserting a nondiscriminatory defense that necessarily involves comparator analysis. This information must be disclosed where you "may use" it to support a defense. Blanket deferrals to Rules 33 or 34 are improper at this stage.

Plaintiff notes that the APMR and cited internal communications already list relevant individuals and their roles. Defendant is equally capable of identifying those individuals for Rule 26 purposes, and Plaintiff will provide the last known work email addresses available to her once you have provided your corrected deficiencies.

3. Rule 26(a)(1)(A)(ii) – Description of ESI and Document Categories by Location

Your references to broad document categories such as "employment documents" lack specificity regarding location, custodians, native formats, metadata structure, and preservation protocols. Rule 26(a)(1)(A)(ii) requires a description by both category and location. Omission of systems such as HRIS, Outlook, Teams, and related custodians violates this rule and impairs Plaintiff's ability to request and review relevant ESI.

4. Rule 26(a)(1)(A)(iii) – Computation of Damages and Supporting Documents

Your disclosures state that Dyno Nobel is not presently seeking damages, yet you reserve the right to pursue attorney fees, costs, and mitigation offsets. Even reserved or potential claims require a good-faith computation and supporting documentation. You cannot withhold your own figures while demanding that Plaintiff provide hers in full.

**Clarification of Plaintiff's Position**

1. 
1. Plaintiff identified disclosure deficiencies promptly and in good faith via a Rule 37 deficiency notice dated December 10, 2025. Defendant acknowledged multiple deficiencies in its December 17 response, including missing insurance disclosures, incomplete contact information, and vague document descriptions—but has not supplemented accordingly.
2. Plaintiff's Initial Disclosures are necessarily incomplete because Defendant has not provided:
    - 
    - Required insurance disclosures under Rule 26(a)(1)(A)(iv),
    - Personnel and payroll data necessary for computing backpay, front pay, and potential offsets.
3. 
4. Plaintiff will supplement her Rule 26(a)(1)(A)(iii) damages computations after receiving complete disclosures, including insurance policies documents of both Dyno Nobel Inc. and Dyno Nobel Limited and access to necessary records such as:
    - 
    - Job descriptions,
    - Payroll and benefits data,
    - Communications related to mitigation or alleged offsets.
5.

6. Plaintiff confirms that she is not aware of any insurance policy under which an insurer may be liable to satisfy part or all of a judgment in this matter.
7. Names and roles of key witnesses are already reflected in the APMR and referenced internal records. Plaintiff has access only to work email addresses for those individuals and provides them in good faith. Any more complete contact information remains in Defendant's exclusive control and must be disclosed under Rule 26(a)(1)(A)(i).

1.
6. [Rule 26(e)(1)(A) [p.40]](#) requires supplementation when a party learns that its disclosure is incomplete or materially incorrect. Defendant's continued delay violates both the letter and the spirit of this obligation.
1.
7. The attempt to invert disclosure responsibilities by accusing Plaintiff of omissions—while withholding foundational information required to complete her own disclosures—is unsupported and obstructive.

**Your Next Steps**

Please confirm by Monday, December 29, 2025, no later than 23:59 (Mountain Time) that Defendant will fully supplement its Initial Disclosures as outlined above.

If I do not receive confirmation and completed responses, I will proceed with a Motion to Compel under Rule 37(a) and seek appropriate relief, including fees and sanctions.

Happy Holidays,

Annette S. Vernieri
*Pro Se Plaintiff*
[vernieri.lawsuit@pm.me](mailto:vernieri.lawsuit@pm.me)

---

**From:** Vernieri Lawsuit <vernieri.lawsuit@pm.me>
**Sent:** Monday, December 22, 2025 7:38 AM
**To:** Sarah M. Perkins <SMPerkins@hollandhart.com>
**Cc:** Bryan Benard <BBenard@hollandhart.com>; Tish Howell <PHowell@hollandhart.com>; vernieri.lawsuit@pm.me
**Subject:** Re: Vernieri - Dyno Nobel, Inc. - Meet and Confer re Initial Disclosures