Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc. and Dyno Nobel Limited*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>   Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS, INC.,<br>DYNO NOBEL, INC., AND DYNO<br>NOBEL LIMITED,<br><br>   Defendants. | **DEFENDANT DYNO NOBEL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, MOTION IN THE ALTERNATIVE FOR A MORE DEFINITIVE STATEMENT, AND MOTION TO STRIKE**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND ................................................................................. 2

ARGUMENT .......................................................................................................... 4

I.    Dyno Nobel Limited Is Not Subject To Personal Jurisdiction In This Court .......... 4

    A.    Dyno Nobel Limited Is Not Subject To General Personal Jurisdiction In Utah. ................................................................................................. 6

    B.    Dyno Nobel Limited Is Not Subject To Specific Personal Jurisdiction In Utah. ................................................................................................. 7

        1.    Dyno Nobel Limited Does Not Have Sufficient Contacts With Utah For Personal Jurisdiction. ................................................. 7

        2.    Exercising Jurisdiction Over Dyno Nobel Limited Does Not Comport With Fair Play and Substantial Justice. ................................. 11

II.    All of Plaintiff's Causes of Action Fail as a Matter of Law Against Dyno Nobel Limited Due to Her Failure to Exhaust Administrative Remedies. ............ 12

III.    Should the Court Find that It Has Jurisdiction over Dyno Nobel Limited, It Should Nonetheless Grant the Motion for a More Definitive Statement. .............. 16

IV.    Dyno Nobel Americas, Inc., is a Non-Existent Entity and All References to It Should be Stricken from the Pleadings as They are Immaterial and Impertinent to this Case. .......................................................................................... 18

CONCLUSION ...................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Almond v. Unified Sch. Dist. No. 501*,
   665 F.3d 1174 (10th Cir. 2011) .................................................................. 13

*Arguello v. Indus. Woodworking Mach. Co.*,
   838 P.2d 1120 (Utah 1992) ......................................................................... 5

*Bell Atlantic Corp. v. Twombly, U.S.*,
   *127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* ................................................ 16

*Benton v. Cameco Corp.*,
   375 F.3d 1070 (10th Cir. 2004) ................................................................... 5

*Bowles v. Grant Trucking, LLC*,
   2019 U.S. Dist. LEXIS 154180, 2019 WL 4259614 ................................... 14

*Bradford v. Nagle*,
   763 P.2d 791 (Utah 1988) ...................................................................... 8, 11

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) .......................................................................... 5, 9, 10

*ClearOne, Inc. v. Revolabs, Inc.*,
   2016 UT 16, 369 P.3d 1269 ......................................................................... 8

*Daimler v. Bauman*,
   571 U.S. 117 (2014) ......................................................................... 6, 7, 10

*Dudnikov v. Chalk & Vermilion Fine Arts*,
   514 F.3d 1063 (10th Cir. 2008) ................................................................... 9

*Edmonds-Radford v. Sw. Airlines Co.*,
   17 F.4th 975 (10th Cir. Nov. 8, 2021) ....................................................... 13

*EXKAE Ltd. v. Domo, Inc.*,
   2020 U.S. Dist. LEXIS 236072 (D. Utah (Judge Kimball)) .......................... 4

*Gardner v. Long*,
   2020 U.S. Dist. LEXIS 49023, 2020 WL 1325338 ..................................... 18

*Gardner v. SPX Corp.*,
   2012 UT App 45, 272 P.3d 175 ............................................................... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................... 6

*Hankishiyev v. Arup Labs.*,
   202 U.S. Dist. LEXIS 112780 (D. Utah 2020) ........................................ 13

*Hargrave v. Concord Moon, L.P.*,
   278 F. App'x 853 (10th Cir. 2008) ......................................................... 5

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................... 12

*Jones v. Needham*,
   865 F.3d 1284 (10th Cir. 2017) ............................................................. 14

*McElroy v. Am. Family Ins. Co.*,
   51 F.Supp. 3d 1093 (D. Utah 2014) ....................................................... 13

*MFS Series Tr. III v. Grainger*,
   2004 UT 61, 96 P.3d 927 ................................................................... 11, 12

*Miller v. Shell Oil Co.*,
   345 F.2d 891 (10th Cir. 1965) ............................................................... 13

*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*,
   891 F.2d 1473 (10th Cir. 1989) ............................................................. 17

*Mower v. Nibley*,
   2016 UT App 174, 382 P.3d 614 ............................................................ 6

*Nasious v. Two Unknown B.I.C.E. Agents*,
   492 F.3d 1158 (10th Cir. 2007) ............................................................. 16

*Nelson v. Phillips*,
   2024 UT 30, 554 P.3d 1075 ................................................................. 6, 8

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*,
   877 F.3d 895 (10th Cir. 2017) ............................................................... 8

*Perington Wholesale Inc. v. Burger King Corp.*,
    631 F.2d 1369 (10th Cir. 1979) ................................................................. 17

*Pohl, Inc. of Am. v. Webelhuth*,
    2008 UT 89, 201 P.3d 944 .......................................................................... 8

*Raser Techs., Inc. v. Morgan Stanley & Co., LLC*,
    2019 UT 44, 449 P.3d 150 .......................................................................... 9

*Rei Holdings, Ltd. Liab. Co. v. Lienclear - 0001, Ltd. Liab. Co.*,
    No. 2:17-cv-00564, 2019 U.S. Dist. LEXIS 21170 (D. Utah Feb. 8, 2019) ................. 8

*Romero v. Union Pac. R.R.*,
    615 F.2d 1303 (10th Cir. 1980) ................................................................. 14

*Slater v. A.G. Edwards & Sons*,
    719 F.3d 1190 (10th Cir. 2013) ................................................................... 4

*Swierkiewicz v. Sorema N.A.*,
    *534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)* ...................................... 16

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007) ...................................... 4

*United States v. Orozco*,
    916 F.3d 919 (10th Cir. 2019) ................................................................... 18

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................... 7, 8, 9

*XMission, L.C. v. Fluent Ltd. Liab. Co.*,
    955 F.3d 833 (10th Cir. 2020) ................................................................. 4, 5

## STATUTES

Age Discrimination in Employment Act ..................................................... 1, 13

Americans with Disabilities Act ........................................................ 1, 13, 15

Civil Rights Act Title VII .............................................................. 1, 13, 15

Utah Code Ann. § 78B-3-201(3) ............................................................... 5

## OTHER AUTHORITIES

Fourteenth Amendment ................................................................................ 5

Fed R. Civ P. 8 ......................................................................................... 16

Fed R. Civ P. 10(b) ................................................................................... 17

Fed R. Civ P. 12(b) ...................................................................... 4, 13, 18

Fed. R. Civ. P. 12(f) ............................................................................ 18, 19

Fed. R. Civ. P. 12(e) ............................................................................ 16, 19

U.S. Constitution Due Process Clause ........................................................ 5

Defendant Dyno Nobel Limited ("Defendant"), by and through counsel of record, submits this Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Failure to Exhaust Administrative Remedies, Motion in the Alternative for a More Definitive Statement, and Motion to Strike the Non-Existent Entity Dyno Nobel Americas, Inc. (the "Motion") along with its memorandum of law in support thereof.

## INTRODUCTION

This case has nothing to do with Dyno Nobel Limited, an Australian corporation which does not operate in the United States and whose only tangential connection to Utah is that one of its subsidiaries, several layers removed from it through a chain of holding companies, Defendant Dyno Nobel, Inc. operates in Utah and employed Plaintiff. Plaintiff does not allege that she had any direct relationship or interaction with Dyno Nobel Limited, because she did not and cannot. Simply put, Dyno Nobel Limited is not subject to personal jurisdiction in Utah and the complaint should be dismissed as against Dyno Nobel Limited.

Furthermore, the Complaint and all of its causes of action should be dismissed as against Dyno Nobel Limited for the separate reason that Plaintiff has failed to exhaust her required administrative remedies. Plaintiff asserts claims under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA")) against Dyno Nobel Limited. However, as demonstrated by the Exhibit to Plaintiff's Complaint (the EEOC Determination and Notice of Rights), as well as by the EEOC Notice of Charge and Charge of

Discrimination (which the Court can properly consider by incorporation and reference), Plaintiff never named, mentioned or charged Dyno Nobel Limited in any of her EEOC documents and the EEOC did not provide notice of any such charges to Dyno Nobel Limited. Therefore, specifically as to Dyno Nobel Limited, Plaintiff has failed to exhaust the administrative remedies available to her, which are a prerequisite to filing a complaint, and her claims should be dismissed against Dyno Nobel Limited.

Alternatively, if the Court determines that it has jurisdiction over Dyno Nobel Limited such that its motion to dismiss will not be granted on that basis, Dyno Nobel Limited moves the Court for a more definitive statement due to the defects in Plaintiff's complaint.

Finally, Plaintiff has named "Dyno Nobel Americas, Inc." as a defendant in this action and stated that it is a business entity with offices in Salt Lake City, Utah which is supposedly affiliated with Dyno Nobel Limited's subsidiary, Defendant Dyno Nobel, Inc. However, to the knowledge of Dyno Nobel Limited and Defendant Dyno Nobel, Inc., "Dyno Nobel Americas, Inc." is not an entity that exists. As such, it appears that this case also has nothing to do with the unknown and potentially non-existent "Dyno Nobel Americas, Inc." and Dyno Nobel Limited asks that the Court strike all references to the fictional entity from the pleadings.

## FACTUAL BACKGROUND

On November 24, 2025, Dyno Nobel Limited was served with several documents at its headquarters in Australia including: a standard form Warning Document, Summary

of the Documents to be Served, form USM-94 Request for Service Abroad (Hague Service Convention), Summons in a Civil Action from the United States District Court for the District of Utah, Complaint and Jury Demand filed in the United States District Court District of Utah on September 10, 2025, Determination and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission sent to Plaintiff, Civil Cover Sheet, a blank Certificate Attestation form, and Request for Service Abroad of Judicial or Extrajudicial Documents form. *See* Exhibit A, attached hereto.

Specifically, the Summary of the Document to be Served form indicates that Plaintiff is requesting service of these judicial documents and that the "Date and Place for entering appearance" is "Within 60 days of service, U.S. District Court, District of Utah, Orin G. Hatch Courthouse, 351 S. West Temple, Room 1.100, Salt Lake City, UT 84101." and that the "Time limits stated in the document" are "60 days from service to answer or otherwise respond." *Id.* As such, following receipt of these documents Dyno Nobel Limited retained Holland & Hart LLP to represent it in this matter and respond on its behalf within 60 days.

Plaintiff attached an EEOC Determination and Notice of Rights document related to Charge No. 540-2024-04999, dated July 14, 2025 to her Complaint and she relies on that document in her Complaint to allege that she has exhausted administrative remedies. However, as noted on the "Cc" page two of that document, the "Respondent" or employer is noted as "Dyno Nobel Americas." Dkt 1, at p. 7. In Section V of her

Complaint, entitled "Exhaustion of Administrative Remedies," Plaintiff alleges that she "timely filed EEOC Charge No. 540-2024-04999" (the "Charge"). That Charge only named and alleged Dyno Nobel Americas as Plaintiff's employer and was sent to the business address of Defendant Dyno Nobel, Inc. in Utah. Attached as Exhibit B is a true and correct copy of the Notice of Charge of Discrimination including the Charge that was sent to "Dyno Nobel Americas" in Utah.[1]

Dyno Nobel Limited was never named in the Charge and never provided notice of the Charge by Plaintiff nor the EEOC. Dyno Nobel Limited never participated in any aspect or discussions with the EEOC or Plaintiff whatsoever related to the Charge.

## ARGUMENT

### I.    Dyno Nobel Limited Is Not Subject To Personal Jurisdiction In This Court

The Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Dyno Nobel Limited. *See XMission, L.C. v. Fluent Ltd. Liab. Co*., 955 F.3d 833, 839 (10th Cir. 2020). When the court's jurisdiction is contested, the "plaintiff has the burden of establishing personal jurisdiction." *Id* at 839. A plaintiff can defeat a motion to dismiss only by "presenting evidence," in the form of "uncontested allegations

---

[1] "It is well established that when ruling on a Rule 12(b)(6) motion to dismiss, a court may consider 'documents incorporated into the complaint by reference'" even if they are not attached to the complaint. *EXKAE Ltd. v. Domo, Inc.*, 2020 U.S. Dist. LEXIS 236072 (D. Utah (Judge Kimball)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007)*; Slater v. A.G. Edwards & Sons*, 719 F.3d 1190, 1196 (10th Cir. 2013).

in its complaint or other materials, or an affidavit or declaration," that if true, would support a finding of personal jurisdiction. *Id.*

For personal jurisdiction over a defendant to be proper, the plaintiff must establish that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Under Utah's long-arm statute, personal jurisdiction is extended to the fullest extent permitted by the Due Process Clause of the U.S. Constitution. Utah Code Ann. § 78B-3-201(3). As a result, the statutory and constitutional analyses merge into a "single prong due process inquiry." *Gardner v. SPX Corp.*, 2012 UT App 45, ¶ 15, 272 P.3d 175.

To satisfy due process requirements, a defendant must be subject to either general or specific personal jurisdiction. *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992); *see also Hargrave v. Concord Moon, L.P.*, 278 F. App'x 853, 855 (10th Cir. 2008) ("Jurisdiction over corporations may be either general or specific."). If the plaintiff establishes sufficient contacts to establish either general or specific personal jurisdiction, the Court evaluates whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).

If the plaintiff does not demonstrate that the defendant purposefully directed its activities at Utah, that the claims arise out of those activities, and that exercising

jurisdiction would be fair and reasonable, the court must dismiss the claims against that defendant for lack of personal jurisdiction. Here, Ms. Vernieri cannot meet her burden.

### A.    Dyno Nobel Limited Is Not Subject To General Personal Jurisdiction In Utah.

The United States Supreme Court "made clear that only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler v. Bauman*, 571 U.S. 117, 137 (2014). For a court to assert general jurisdiction, the defendant must have "affiliations with the State [that] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Nelson v. Phillips*, 2024 UT 30, ¶ 55, 554 P.3d 1075. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Mower v. Nibley*, 2016 UT App 174, ¶ 20, 382 P.3d 614 ("If an individual defendant has neither consented to a state's exercise of general personal jurisdiction nor has been personally served in the state, for purposes of determining whether a state may exercise general personal jurisdiction over him, [courts must] look to the individual's domicile.").

Plaintiff fails to allege, and indeed cannot prove, any nexus between Dyno Nobel Limited and Utah. Dyno Nobel Limited is an Australian corporation with its operations and corporate "home" in Australia. It is not incorporated in Utah, it does not maintain its principal place of business in Utah, and it does not have continuous and systematic contacts with Utah that are so substantial as to render it "essentially at home" in this

State. Plaintiff's Complaint contains only vague references to Dyno Nobel Limited as a foreign "parent company" that allegedly "exercised control over employment practices," but offers no facts showing that Dyno Nobel Limited itself operates in Utah, maintains offices or employees in Utah, holds Utah bank accounts, is registered to do business in Utah, or otherwise has the type of pervasive forum contacts that could support general jurisdiction. In reality, Plaintiff cannot offer such facts because they do not exist; Dyno Nobel Limited does not operate in Utah and any attempt at connecting the actions of other entities (like Dyno Nobel, Inc. or the fictitious Dyno Nobel Americas, Inc.) is a blatant disregard of fundamental corporate law and U.S. Supreme Court precedent. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (jurisdiction analysis looks to the defendant's *own* contacts with the forum, not contacts of others); *Daimler*, 571 U.S. at 136–39 (rejecting agency theory where it would improperly subject foreign parent to general jurisdiction wherever a subsidiary does business).

Because Dyno Nobel Limited is "at home" in Australia and does not have the exceptional, pervasive forum ties that would render it at home in Utah, the Court cannot exercise general personal jurisdiction over Dyno Nobel Limited.

**B.    Dyno Nobel Limited Is Not Subject To Specific Personal Jurisdiction In Utah.**

**1.    Dyno Nobel Limited Does Not Have Sufficient Contacts With Utah For Personal Jurisdiction.**

"Specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum

state." *ClearOne, Inc. v. Revolabs, Inc.*, 2016 UT 16, ¶ 8, 369 P.3d 1269 (quoting *Pohl, Inc. of Am. v. Webelhuth*, 2008 UT 89, ¶ 10, 201 P.3d 944). To exercise specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Nelson*, 2024 UT 30, ¶ 56 (quoting *Walden*, 571 U.S. at 284).

To determine whether specific jurisdiction exists, the Court should focus on two factors related to a defendant's minimum contacts with the forum state: (1) "whether the relationship arises out of contacts that the defendant *himself* creates with the forum State" and (2) "whether a defendant's contacts are with the forum State itself, not with persons who reside there." *Nelson*, 2024 UT 30, ¶ 56 (quotation omitted) (emphasis in original). "Only if the court determines that minimum contacts exist does it turn to the second step of the specific jurisdiction inquiry – 'whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Rei Holdings, Ltd. Liab. Co. v. Lienclear - 0001, Ltd. Liab. Co.*, No. 2:17-cv-00564, 2019 U.S. Dist. LEXIS 21170, at *12 (D. Utah Feb. 8, 2019) (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)); *see also Bradford v. Nagle*, 763 P.2d 791, 794 (Utah 1988) ("Once it has been decided that the defendant purposefully established [minimum] contacts, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice.").

The Supreme Court has instructed that the minimum contacts analysis for specific jurisdiction is a two-prong analysis: (a) whether the defendant's relationship with the forum state arises out of contacts that he himself has created, and (b) whether the defendant's contacts are with the forum state itself, not with persons who reside there. *Walden*, 571 U.S. at 284; *Raser Techs., Inc. v. Morgan Stanley & Co., LLC*, 2019 UT 44, ¶ 37, 449 P.3d 150. Under the first prong, courts ask whether the defendant "has purposefully directed his activities at residents of the forum[.]" *Burger King*, 471 U.S. at 472 (internal quotation omitted). Purposeful direction involves three elements: "(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state[.]" *Dudnikov v. Chalk & Vermilion Fine Arts,* 514 F.3d 1063, 1072 (10th Cir. 2008) (summarizing the *Calder* effects test). Under the second prong of the minimum contacts test, the plaintiff's injuries must also "arise out of" defendant's forum-related activities. *Burger King*, 471 U.S. at 472.

Critically, the minimum contacts analysis requires more than "random, fortuitous, or attenuated contacts [the defendant] makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (citing *Burger King*, 471 U.S. at 475). Rather, it requires "intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. Further, minimum contacts cannot be based on the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475

(quotation omitted). In other words, specific jurisdiction requires that a party commit a deliberate act by which it "purposefully avail[ed]" itself of the privilege of conducting activities within Utah. *Id.*

Here, the Plaintiff must show that Dyno Nobel Limited, itself, purposefully directed activities at Utah and that Plaintiff's claims arise out of or relate to those Utah-directed activities. Plaintiff pleads no facts showing that Dyno Nobel Limited undertook any suit-related conduct in Utah. The Complaint contains only conclusory assertions that Dyno Nobel Limited is a foreign parent that "exercised control over employment practices affecting Plaintiff," without identifying any intentional actions by Dyno Nobel Limited in Utah, any Utah-directed communications, decisions, or policies by Dyno Nobel Limited, or any nexus between Dyno Nobel Limited's own conduct and Plaintiff's alleged injuries. Simply put, Plaintiff's allegations in total against Dyno Nobel Limited are a mere supposition that the Australian parent company is connected to Dyno Nobel, Inc., and must therefore somehow be involved. Such bare allegations are insufficient to establish purposeful direction or that the claims arise out of Utah contacts.

To the extent Plaintiff seeks to rely on the Utah activities of Dyno Nobel, Inc. or other affiliates, those contacts cannot be imputed to Dyno Nobel Limited for specific jurisdiction absent facts supporting veil piercing or an alter-ego theory; facts which Plaintiff does not allege, and which Plaintiff cannot prove because they do not exist. *See Daimler*, 571 U.S. at 136–39 (rejecting jurisdiction based on subsidiary's forum

contacts). Corporate affiliation, without more, does not create the necessary minimum contacts. Because Plaintiff has not demonstrated that Dyno Nobel Limited purposefully directed suit-related conduct at Utah or that her claims arise out of Dyno Nobel Limited's own Utah contacts, the minimum contacts requirement is not met.

### 2. Exercising Jurisdiction Over Dyno Nobel Limited Does Not Comport With Fair Play and Substantial Justice.

Even if Plaintiff could show some attenuated connection or facts alleging Dyno Nobel Limited has direct forum contact with Utah, which she cannot, exercising personal jurisdiction over the company would not "comport with fair play and substantial justice." *Bradford*, 763 P.2d at 794.

Dyno Nobel Limited is an Australian corporation with no operations, offices, employees, or business registration in Utah. Requiring a foreign parent—several corporate layers removed from any Utah entity—to defend an employment dispute in Utah based on conclusory allegations and the activities of separate affiliates would be unreasonable and unduly burdensome. A defendant "must have performed some affirmative action [itself] for this court to find that [it] purposefully availed" itself to Utah law. *MFS Series Tr. III v. Grainger*, 2004 UT 61, ¶ 15, 96 P.3d 927 (quotation marks and citation omitted). Absent such conduct, jurisdiction is improper. Moreover, "the minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities," and the ultimate determination "hinges on the balancing of fairness

to the parties and the interests of the State in assuming jurisdiction." *Id.* at ¶ 10 (cleaned up). Here, Utah's interest is fully served by Plaintiff's claims, if any, against her *actual* employer, Defendant Dyno Nobel, Inc., which is defending and answering her claims. There is no corresponding fairness or state interest in hauling a non-U.S. parent into court where it has no suit-related Utah conduct.

In sum, Plaintiff alleges no facts that could support general personal jurisdiction over Dyno Nobel Limited, which is "at home" in Australia and has no continuous and systematic contacts with Utah. Nor does Plaintiff establish specific personal jurisdiction, as there are no allegations that Dyno Nobel Limited itself purposefully directed suit-related conduct at Utah or that her claims arise out of Dyno Nobel Limited's Utah contacts. Jurisdiction cannot be bootstrapped from the Utah activities of separate affiliates absent veil piercing or alter-ego allegations, which are absent here. In any event, exercising jurisdiction would offend the "traditional notions of fair play and substantial justice," by forcing a foreign parent with no Utah operations to defend this case in Utah based on conclusory allegations. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). And Dyno Nobel Limited's presence is unnecessary for this employment case where Plaintiff's actual employer is already present: Defendant Dyno Nobel, Inc.

## II.    All of Plaintiff's Causes of Action Fail as a Matter of Law Against Dyno Nobel Limited Due to Her Failure to Exhaust Administrative Remedies.

Dyno Nobel Limited should be dismissed from this action because Plaintiff has failed to exhaust her required administrative remedies against that entity—a complete

affirmative defense to her claims. "Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). Here, Plaintiff's Complaint asserts claims against Dyno Nobel Limited (and Defendant Dyno Nobel, Inc.) for discrimination, failure to accommodate, and retaliation under Title VII, the ADEA and the ADA.

It is well-established, however, that Title VII, the ADEA, and the ADA all require a plaintiff to exhaust his or her administrative remedies before filing suit. As the Tenth Circuit has explained, """"no civil action may be commenced" in federal court unless the would be plaintiff first files a grievance with the appropriate administrative agency . . . where (as here) a state administrative agency process exists to remedy the alleged discrimination.""" *Hankishiyev v. Arup Labs.*, 202 U.S. Dist. LEXIS 112780 (D. Utah 2020) (dismissing ADEA claim) quoting *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (dismissing ADEA claim); *see also McElroy v. Am. Family Ins. Co.*, 51 F.Supp. 3d 1093, 1103-04 (D. Utah 2014) (dismissing Title VII claims). Similarly, as a prerequisite to any ADA suit, a plaintiff must have exhausted her administrative remedies. *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 6 (10th Cir. Nov. 8, 2021) ("[T]o bring a claim under the ADA, [Plaintiff] must have exhausted her administrative remedies as to that claim before filing suit [by] fil[ing] a charge of discrimination with the EEOC").

Claimants must adhere to the "strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). That requirement serves the purpose of (1) providing notice to the charged party and (2) providing the EEOC an opportunity to attempt to conciliate the claim with the proper parties. *Jones v. Needham*, 865 F.3d 1284, 1290 (10th Cir. 2017). A plaintiff cannot sidestep that requirement and those purposes by alleging joint employer liability. *Bowles v. Grant Trucking, LLC*, 2019 U.S. Dist. LEXIS 154180, 2019 WL 4259614 (dismissing party that was not named in EEOC charge of discrimination on failure to exhaust administrative remedies grounds).

The exhibit to Plaintiff's complaint (her EEOC Determination and Notice of Rights letter), as well as the applicable Notice of Charge of Discrimination and the Charge (Exhibit A hereto), demonstrate that Plaintiff has failed to exhaust her administrative remedies vis-à-vis Dyno Nobel Limited. As noted in the Charge, Plaintiff named "Dyno Nobel Americas" as the Respondent and her employer. She provided the address only of Defendant Dyno Nobel, Inc., her actual employer, to the EEOC. The Notice of Charge of Discrimination only named "Dyno Nobel Americas" and was only sent to the address of Defendant Dyno Nobel, Inc. See Exhibit A. Nowhere was Australian entity Dyno Nobel Limited mentioned, named, or provided notice of the Charge. Moreover, the service list attached to Plaintiff's EEOC Determination and Notice of Rights letter is clear: Dyno Nobel Limited was absent from the notice list and not

mentioned in that document. Dkt. 1, at p. 7. Simply put, Dyno Nobel Limited never provided notice from Plaintiff or the EEOC that she ever believed that such entity had anything to do with her employment or was at all connected to her EEOC Charge.

Thus, Plaintiff failed to put the EEOC or Dyno Nobel Limited on notice that she believed Dyno Nobel Limited was her employer and/or discriminated against her. This obviously also precluded the EEOC from attempting to investigate or conciliate with Dyno Nobel Limited. By contrast, while the Charge and Notice thereof, as well as the Determination and Notice of Rights, were addressed to "Dyno Nobel Americas" those documents were sent to Defendant Dyno Nobel, Inc.'s offices and human resources representative. As Dyno Nobel, Inc. was thus put on notice of the EEOC Charge filed by Plaintiff and the EEOC process, and more importantly because Dyno Nobel, Inc. was her employer, that Defendant has responded to Plaintiff's claims rather than advance a failure to exhaust argument. It would be entirely improper, however, based on Plaintiff's failure to exhaust administrative remedies, to allow her to proceed on any claims against Dyno Nobel Limited.

The complaint and documents referenced therein, which are properly before the Court at this time, demonstrate that Plaintiff has failed to exhaust her administrative remedies on her Title VII, ADEA and ADA claims. As such, all of her claims as against Dyno Nobel Limited should be dismissed for failure to state a claim, as this affirmative defense is established by pleadings and incorporated documents. As such failure to

exhaust cannot be remedied, all of Plaintiff's claims against Dyno Nobel Limited should be dismissed with prejudice.

### III. Should the Court Find that It Has Jurisdiction over Dyno Nobel Limited, It Should Nonetheless Grant the Motion for a More Definitive Statement.

Rule 12(e) of the Federal Rules of Civil Procedure provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired."

Several deficiencies in Plaintiff's complaint are already set forth herein related to its failure to adequately assert a basis for this Court's jurisdiction over Dyno Nobel Limited. However, these are not the only defects Dyno Nobel Limited is faced with in Plaintiff's complaint. As set forth by the Tenth Circuit, compliance with Fed R. Civ P. 8 requires a complaint to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) A plain statement under Rule 8 provides a defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id; see also generally Erickson, 127 S. Ct. at 2200; Bell Atlantic Corp. v. Twombly, U.S., 127 S. Ct. 1955, 1964-74, 167 L. Ed. 2d 929 (2007); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).* These requirements are designed to provide the opposing party with fair notice of the

claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) citing *Perington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979).

  Here, Plaintiff's complaint utterly fails to put Dyno Nobel Limited on notice regarding which allegations or causes of action are being asserted against it such that it cannot reasonably prepare a response, let alone a full defense. Plaintiff's factual allegations repeatedly refer to interactions with "Defendants" but fail to clarify which of the three named defendants were involved, what each defendant specifically did, when each of the alleged events took place, or how plaintiff was harmed. These defects are further magnified in the claims for relief set forth in the complaint which are merely listed and accompanied by a single sentence for each "Count" which states in conclusory fashion that the claim generally applies to "Defendants" conduct toward "Plaintiff". No attempt has been made to specify what legal rights Plaintiff believes each defendant violated and how any specific allegations, if proven, would entitle Plaintiff to relief under each claim. Furthermore, Plaintiff's complaint is not compliant with Fed R. Civ P. 10(b) which mandates that claims be set forth in "numbered paragraphs, each limited so far as practicable to a single set of circumstances." As such, should Dyno Nobel Limited's motion to dismiss on the basis of lack of jurisdiction or failure to exhaust administrative remedies be denied, it alternatively moves the court for a more definitive statement.

**IV.    Dyno Nobel Americas, Inc., is a Non-Existent Entity and All References to It Should be Stricken from the Pleadings as They are Immaterial and Impertinent to this Case.**

"[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco,* 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted) *see* also *Gardner v. Long*, 2020 U.S. Dist. LEXIS 49023, 2020 WL 1325338 (the court has broad discretion to manage its own docket). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading" including, "any redundant, immaterial, impertinent, or scandalous matter." To the knowledge of Dyno Nobel Limited, Dyno Nobel Americas, Inc. is a non-existent entity and therefore cannot be affiliated with or have interacted with Plaintiff, Dyno Nobel Limited, or Dyno Nobel, Inc. in any way. Defendant Dyno Nobel, Inc. was Plaintiff's employer (not fictitious Dyno Nobel Americas, Inc.) and is present and defending the matter. All references to Dyno Nobel Americas, Inc., in the complaint are therefore immaterial and impertinent to the allegations and claims made by Plaintiff.

As such, Dyno Nobel Limited moves the court to strike all reference to this non-existent entity from Plaintiff's complaint pursuant to Fed R. Civ P. 12(f), effectively dismissing them as a defendant in this matter pursuant to the court's broad discretion to control its docket and the parties.

**CONCLUSION**

For the reasons stated above, the claims against Dyno Nobel Limited should be dismissed pursuant to Fed. Civ P. 12(b)(2) and 12(b)(6), or in the alternative Dyno

Nobel Limited's motion for a more definitive statement pursuant to Fed R. Civ P. 12(e)

should be granted as requested herein. Finally, all references to the non-existent Dyno

Nobel Americas, Inc. should be stricken pursuant to Fed R. Civ P. 12(f).

      Respectfully submitted this 23rd day of January, 2026.

              HOLLAND & HART LLP

              */s/ Bryan K. Benard*
              Bryan K. Benard
              Sarah M. Perkins
              *Attorneys for Defendants Dyno Nobel, Inc. and*
              *Dyno Nobel Limited.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2026, I caused the foregoing **DEFENDANT DYNO NOBEL LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, MOTION IN THE ALTERNATIVE FOR A MORE DEFINITIVE STATEMENT AND MOTION TO STRIKE** to be filed via the CM/ECF electronic filing system which will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me


*/s/ Bryan Benard*

36864704_v5