# EXHIBIT B

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

# NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

02/27/2025

**To:** Kelly Carter
HR Business Partner
Dyno Nobel Americas
6440 Millrock Dr 150

SALT LAKE CITY, UT 84121

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by ANNETTE VERNIERI under: The Americans With Disabilities Act of 1990 (ADA), Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Color, Disability, Race, Retaliation, and involve issues of Retaliation, Promotion, Discharge that are alleged to have occurred on or about 02/10/2025.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 540-2024-04999
3. Enter this password: ZCpFdo9Z

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to phoenix.intake@eeoc.gov.

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.



# U.S. Equal Employment Opportunity Commission

## FEDERAL INVESTIGATION: REQUEST FOR POSITION STATEMENT AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration.

We recommend you review the EEOC's resource guide on "[Effective Position Statements](#)" as you prepare your response to this request.

**Fact-Based Position Statement**

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

**Signed by an Authorized Representative**

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

**Segregate Confidential Information into Separately Designated Attachments**

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.



**U.S. Equal Employment Opportunity Commission**
**Phoenix District Office**
3300 North Central Avenue Suite 690
Phoenix, AZ 85012
(602) 661-0002

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, transgender status, or sexual orientation), pregnancy (including pregnancy accommodations), national origin, age (40 or older), disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Sincerely,

U.S. Equal Employment Opportunity Commission

### *Find the Answers at EEOC's Small Business Resource Center*

The EEOC's Small Business Resource Center | U.S. Equal Employment Opportunity Commission (eeoc.gov) (http://www.eeoc.gov/employers/small-business) is filled with useful information for small businesses and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See 10 Quick Tips for Small Business.

- *Need to know more about EEOC's charge process?*

  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*

  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

  We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone and Hard of Hearing callers only.)**

EEOC No. 540-2024-04999 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 540-2024-04999 |
| Utah Anti-Discrimination & Labor Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: ANNETTE VERNIERI

Phone No.:        (702) 328-2081

Year of Birth:      1982

Mailing Address: 14350 S LAPIS DR

DRAPER, UT 84020

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Dyno Nobel Americas

No. Employees, Members: 15 - 100 Employees

Phone No.:

Mailing Address: 6440 Millrock Dr 150

SALT LAKE CITY, UT 84121, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Color, Disability, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/10/2023

Latest: 02/10/2025

THE PARTICULARS ARE:

I have been employed by the above-named employer as a Finance Analyst I from September 19, 2022, to February 10, 2025.

In or around August 2023, I reported an incident of cultural stereotyping that occurred on July 10, 2023, and an inappropriate racial comment I received in August 2023 from a coworker. An investigation was completed, my coworker was reprimanded, and I was instructed to remove my MS Teams status which stated that I was in a hostile working environment.

Since filing my complaint, I have been subjected to retaliation, specifically, I was denied all of the advancement opportunities that aligned with my career trajectory despite my qualifications. I am aware of less qualified employees that were promoted over me. I also received a lower performance rating and increased scrutiny.

In or around March 2024, I requested a reasonable accommodation and while it was approved, my employer moved me into an area of the building with three other employees who had also requested accommodations, cutting off access to leadership and advancement.

EEOC No. 540-2024-04999 | FEPA No.

In or around October 2024, I filed a grievance report and in or around December 2024, no action was taken, allowing further damage to my career to persist.

On or about February 3rd, 2025, I requested copies of company policies. On or about February 10th, 2025, I requested for a reasonable accommodation and hours later, I was discharged from my position.

I believe I have been discriminated against because of my race (Asian), my color (Medium complexion), and retaliated against for complaining about race discrimination and for requesting a reasonable accommodation, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

EEOC No. 540-2024-04999 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: ANNETTE VERNIERI

02/18/2025

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name  _____

CP E<small>NCLOSURE WITH</small> EEOC F<small>ORM</small> 5 (06/24)

**P<small>RIVACY</small> A<small>CT</small> S<small>TATEMENT</small>**

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **F<small>ORM</small> N<small>UMBER</small>/T<small>ITLE</small>/D<small>ATE</small>.** EEOC Form 5, Charge of Discrimination (06/24).
2. **A<small>UTHORITY</small>.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **P<small>RINCIPAL</small> P<small>URPOSES</small>.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **R<small>OUTINE</small> U<small>SES</small>.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **W<small>HETHER</small> D<small>ISCLOSURE IS</small> M<small>ANDATORY</small>; E<small>FFECT OF</small> N<small>OT</small> G<small>IVING</small> I<small>NFORMATION</small>.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**N<small>OTICE OF</small> R<small>IGHT TO</small> R<small>EQUEST</small> S<small>UBSTANTIAL</small> W<small>EIGHT</small> R<small>EVIEW</small>**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**N<small>OTICE OF</small> N<small>ON</small>-R<small>ETALIATION</small> R<small>EQUIREMENTS</small>**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.