FILED
2026 FEB 2 AM 8:11
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Annette S. Vernieri<br>14350 S Lapis Drive<br>Draper, Utah 84020<br>Email: vernieri.lawsuit@pm.me<br>Pro Se Plaintiff | UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH<br><br>Annette S. Vernieri,<br>Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Dyno Nobel Inc. and Dyno Nobel Limited,<br>Defendants.<br><br>Case No.: 2:25-cv-00789-DAK-DBP<br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

**PLAINTIFF'S SHORT-FORM MOTION TO COMPEL DISCLOSURE OF INITIAL DISCLOSURES, INSURANCE COVERAGE, AND FOR SANCTIONS UNDER RULE 37**

Pursuant to DUCivR 37-1 and Fed. R. Civ. P. 26 and 37, Plaintiff respectfully moves this Court to compel Defendant Dyno Nobel, Inc. to supplement its initial disclosures and requests sanctions for noncompliance.

Despite multiple meet-and-confer efforts, Defendant has not provided required information under Rule 26(a)(1), including:

1. **Insurance coverage** under Rule 26(a)(1)(A)(iv): Defendant claims no relevant policy exists (see Dkt 48 Exhibits Q-T), yet public filings and state records contradict that denial. Disclosures should include known coverage through Starr Indemnity, HMS Insurance Services, Coltivi Insurance Pte Ltd, Drisk Insurance Inc., and others referenced in financial documents and government databases.
2. **Descriptions of ESI** under Rule 26(a)(1)(A)(ii): Defendant has not identified data custodians, systems, or formats.
3. **Damages computations** under Rule 26(a)(1)(A)(iii): No figures or supporting materials were provided, despite demanding full figures from Plaintiff.
4. **Witness information and comparators** under Rule 26(a)(1)(A)(i): Initial disclosures lack contact information for individuals likely to have discoverable info; comparators are not identified despite Defendant asserting nondiscriminatory motives.

Defendant served deficient initial disclosures on December 5, 2025. Plaintiff sent a Rule 37 deficiency notice on December 10, followed by further correspondence. A supplemental disclosure on December 29 acknowledged deficiencies but failed to cure them. These continued omissions violate Rule 26 and prejudice Plaintiff's ability to prepare her case.

Accordingly, Plaintiff requests that the Court:

- Compel full supplementation of initial disclosures and insurance information within 3 business days;
- Require certification of compliance under Rule 26(e); and
- Award Plaintiff reasonable expenses, including time and effort incurred in preparing this motion, under Rule 37(a)(5)(A), as Defendant's noncompliance was not substantially justified.

This motion complies with DUCivR 37-1. Attached exhibits are limited to the disputed discovery request and Defendant's response, per DUCivR 37-1(b)(2)(B).

Dated: February 2, 2026

Respectfully submitted,

/s/ Annette S. Vernieri

Annette S. Vernieri

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on February 2, 2026, I filed the foregoing Short Form Motion to Compel of Initial Disclosures, Insurance Coverage, and for Sanctions Under Rule 37 with the Clerk via CM/ECF, which will send notice to:

Bryan K. Benard and Sarah M. Perkins

HOLLAND & HART LLP

222 South Main Street, Suite 2200

Salt Lake City, UT 84101

bbennard@hollandhart.com | smperkins@hollandhart.com

/s/ Annette S. Vernieri

Annette S. Vernieri

Pro Se Plaintiff