| | |
|---|---|
| Annette S. Vernieri<br>14350 S Lapis Drive<br>Draper, Utah 84020<br>Email: vernieri.lawsuit@pm.me<br>Pro Se Plaintiff | UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH<br><br>Annette S. Vernieri,<br>Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Dyno Nobel Inc. and Dyno Nobel Limited,<br>Defendants.<br><br>Case No.: 2:25-cv-00789-DAK-DBP<br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT DYNO NOBEL LIMITED'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE**

**INTRODUCTION**

Plaintiff Annette S. Vernieri respectfully submits this opposition to Defendant Dyno Nobel Limited's ("DNL") motion to dismiss, or in the alternative, for a more definite statement and to strike. DNL's motion should be denied in full because (1) this Court has personal jurisdiction over DNL based on its direct connection to its Utah-based subsidiary, (2) DNL had constructive and actual notice of the EEOC proceedings via its agents and should not be dismissed on exhaustion grounds, and (3) Plaintiff's complaint provides sufficient notice and clarity under

Rule 8. Defendant's arguments seek to overcomplicate corporate responsibility and deny Plaintiff a fair opportunity to litigate.

## I. THIS COURT HAS PERSONAL JURISDICTION OVER DYNO NOBEL LIMITED

### A. Dyno Nobel Limited Directly Engaged with Plaintiff

Plaintiff directly communicated with DNL, including preparing Concur reports at DNL's request. DNL also issued policies, included all Dyno Nobel video-recorded town halls and regularly visited the Utah office (Concur Expense Reports), with Outlook email and calendar entries confirming attendance. These actions show purposeful availment under Burger King v. Rudzewicz, 471 U.S. 462 (1985), and operational control consistent with Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001).

Such conduct satisfies the "purposeful direction" test under *Burger King v. Rudzewicz*, 471 U.S. 462 (1985), and demonstrates that DNL did more than merely own a subsidiary — it exercised control over specific functions and interacted with U.S.-based employees.

See *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001).

### B. Personal Jurisdiction Is Supported Under Agency and Alter Ego Theories

Plaintiff and other U.S.-based employees were instructed via company-wide town hall meetings (recorded on video) that policies and practices fell under DNL's governance and jurisdiction**.** These communications, issued from the parent corporation to subsidiaries and employees across borders, show a centralized control model consistent with U.S. case law on personal jurisdiction. This also undermines DNL's attempt to present itself as disconnected from U.S. operations.

Plaintiff doesn't need to pierce the corporate veil to show that DNL are doing business in Utah through its subsidiaries. Courts have consistently held that foreign parent corporations are subject to jurisdiction where they dominate and control the employment actions of the local subsidiary.

See *Schwartz v. Frankenhoff*, 733 F.2d 1346 (9th Cir. 1984); *Calder v. Jones*, 465 U.S. 783 (1984).

### C. Exercise of Jurisdiction Comports with Fair Play and Substantial Justice

DNL was formally served under the Hague Convention and retained U.S. counsel and are participating in this litigation. This further supports that exercising jurisdiction is not unduly burdensome and comports with fair play and substantial justice. DNL is defending this matter alongside its subsidiary using the same legal team. Requiring it to defend in the same forum where the acts occurred is fair and reasonable under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

## II. PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES OR IS EXCUSED UNDER THE "IDENTITY OF INTEREST" DOCTRINE

### A. The EEOC Charge Was Served on Dyno Nobel Inc. at a Utah Address

Plaintiff's EEOC Charge (No. 540-2024-04999) named "Dyno Nobel Americas," which was served to the correct Utah address for Dyno Nobel Inc. This reflects the understanding of Plaintiff's employer as part of the Dyno Nobel corporate structure.

While the charge did not expressly name DNL, Plaintiff's work — including tasks done *for* DNL — makes clear that DNL was the relevant party. Moreover:

- DNL was served with the complaint and EEOC documents.
- Plaintiff performed work for DNL directly.
- DNL received service documents and responded via U.S. counsel.
- They have video-recorded communications to U.S. employees asserting their oversight (see DNL Investor website).

These facts meet the test for the "identity of interest" exception, which allows claims to proceed against an unnamed party when that party is so closely related to the named respondent that it received effective notice and had an opportunity to participate. Defendants cannot strategically benefit from corporate name confusion they themselves helped create, then weaponize it to evade liability. Courts reject that logic when the party had actual notice and opportunity to respond.

See *Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir. 1980); *Evans v. McDonald's*, 936 F.2d 1087 (10th Cir. 1991).

### B. DNL Had Constructive or Actual Notice and Suffered No Prejudice

Because the same attorneys represent both Dyno Nobel Inc. and DNL, and because the charge and investigation focused on employment practices under their joint structure, DNL had notice and the opportunity to conciliate. The Tenth Circuit permits exceptions to the naming requirement when notice and opportunity exist.

See *Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir. 1980); *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991); *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977).

### III. PLAINTIFF'S COMPLAINT IS SUFFICIENTLY CLEAR AND DEFINITE

The Complaint, when read as a whole and in conjunction with exhibits, puts DNL on fair notice of the claims. Discovery will clarify specifics — not pleadings. DNL's Rule 12(e) motion for a more definite statement lacks merit. The complaint clearly alleges causes of action under Title VII, the ADA, and ADEA. DNL is sufficiently on notice of the legal and factual basis for the claims. Rule 8 only requires fair notice.

See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007).

## IV. THE COURT SHOULD NOT STRIKE REFERENCES TO "DYNO NOBEL AMERICAS"

The name "Dyno Nobel Americas" appeared in Plaintiff's EEOC filings, business communications, and was apparently used interchangeably by the company. To the extent this is not a registered entity, it is still how the company presented itself and how Plaintiff reasonably identified her employer (see Dkt 21, Exhibits J-K).

Striking allegations under Rule 12(f) is a drastic remedy disfavored by courts unless allegations are wholly irrelevant or scandalous — which is not the case here.

## IV. DISCOVERY OBJECTIONS AND STONEWALLING

Although Plaintiff has served Requests for Production on DNL, they have objected wholesale**,** including to requests that would clarify their direct involvement. Courts routinely **disfavor blanket objections**, especially when raised by a party simultaneously claiming insufficient factual basis for jurisdiction.

This supports the conclusion that Plaintiff has met her burden for surviving a motion to dismiss and that **discovery should proceed**, particularly on jurisdictional issues.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Deny DNL's Motion to Dismiss,
- Deny DNL's Motion for a More Definite Statement, and
- Deny DNL's Motion to Strike.

In the alternative, Plaintiff requests leave to amend.

Dated: February 2, 2026

Respectfully submitted,

/s/ Annette S. Vernieri

Annette S. Vernieri

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on February 2, 2026, I filed the Plaintiff's Memorandum In Opposition To Defendant Dyno Nobel Limited's Motion To Dismiss, Motion For More Definite Statement, And Motion To Strike with the Clerk via CM/ECF, which will send notice to:

Bryan K. Benard and Sarah M. Perkins

HOLLAND & HART LLP

222 South Main Street, Suite 2200

Salt Lake City, UT 84101

bbennard@hollandhart.com | smperkins@hollandhart.com

/s/ Annette S. Vernieri

Annette S. Vernieri

Pro Se Plaintiff