Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>    Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS, INC., DYNO NOBEL, INC., AND DYNO NOBEL LIMITED,<br><br>    Defendants. | **DEFENDANT DYNO NOBEL, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S SHORT-FORM MOTION TO COMPEL DISCLOSURE OF INITIAL DISCLOSURES, INSURANCE COVERAGE, AND FOR SANCTIONS UNDER RULE 37**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 37-1, Defendant Dyno Nobel, Inc. ("Defendant") submits this Response to Plaintiff's Short-Form Motion to Compel Disclosure of Initial Disclosures, Insurance Coverage, and for Sanctions Under Rule 37 ("Motion")[1].

## I. LEGAL STANDARD AND ARGUMENT

Defendant has complied with its initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) and its obligation to supplement under Fed. R. Civ. P. 26(e)(1)(A). The information repeatedly sought by Plaintiff related to insurance policies, descriptions of ESI documents, Defendant's damages, and "comparators" goes beyond the requirements of the rules, rendering this motion inappropriate.

First, Plaintiff seeks insurance information from Dyno Nobel, Inc. that simply does not exist, is inapplicable to her claims, or is related to other entities, namely Dyno Nobel Limited which has a pending motion to dismiss in this matter. The rules only require that insurance information be provided for policies "under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). As Defendant does not have any policies meeting those requirements there is no relevant insurance information to disclose. Defendant clearly discloses this

---

[1] This is the second motion filed by Plaintiff seeking the same relief. The original motion failed to comply with the short-form discovery rules and Defendant opposed it on that basis. *See* Dkt. 48 and Dkt. 51. As such, the Court should strike the prior motion as moot and award Defendant its fees.

accurate information and Plaintiff's demands lack merit. See Defendant's First Supplemental Initial Disclosures, attached as Exhibit 1.

Second, Plaintiff's insistence that custodians, systems, and formats of ESI documents be disclosed is inconsistent with both the requirements of Fed. R. Civ. P. 26(a)(1)(A)(ii) and the Court's Scheduling Order. Such information may be appropriate related to specific follow-up requests for production of documents, but the demanded information is incomprehensible and unnecessary at this stage.

Third, Defendant has not filed a counterclaim and is not affirmatively seeking damages at this time. Defendant's response complies with Fed. R. Civ. P. 26(a)(1)(A)(iii): damages are unknown, but perhaps attorneys' fees and costs may be appropriate damages related to this matter, and Defendant will supplement if that is appropriate. See Exhibit 1.

Finally, Plaintiff seeks to expand the requirements under Fed. R. Civ. P. 26(a)(1)(A)(i) and force Defendant to include a list of individuals in its initial disclosures that *Plaintiff believes* may be relevant to her claims. However, the rule plainly states that disclosures include only those individuals "*the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment*." (emphasis added.). Simply put, at the initial disclosures stage, Defendant is not required to "divine" who Plaintiff believes is a relevant witness to her claims and she has no authority to dictate who Defendant must include. Defendant has listed who it initially believes to be a

relevant witness to support its defenses and may supplement as appropriate. See Exhibit 1.

## II. RELIEF REQUESTED

Based on the foregoing, the Court should deny Plaintiff's Motion in its entirety and should award Defendant its fees and costs for responding to this Motion (and Plaintiff's prior motion to compel that was not compliant with the rules).

Respectfully submitted this 6th day of February, 2026.

                HOLLAND & HART LLP

                */s/ Bryan Benard*
                Bryan K. Benard
                Sarah M. Perkins
                *Attorneys for Defendants Dyno Nobel, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I caused the foregoing **DEFENDANT DYNO NOBEL, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S SHORT-FORM MOTION TO COMPEL DISCLOSURE OF INITIAL DISCLOSURES, INSURANCE COVERAGE, AND FOR SANCTIONS UNDER RULE 37** to be filed via the cm/ecf electronic filing system which will send notification of such filing to the following email address:

    Annette Vernieri
    vernieri.lawsuit@pm.me

                                                   */s/ Bryan Benard*

36997489_v2