Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Annette S. Vernieri,<br><br>    Plaintiff,<br><br>vs.<br><br>Dyno Nobel Americas, Inc., Dyno Nobel, Inc., and Dyno Nobel Limited,<br><br>    Defendants. | **DEFENDANT'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, Defendant Dyno Nobel, Inc. ("Dyno Nobel"), by and through its counsel of record, Holland and Hart LLP, hereby submits its First Supplemental Initial Disclosures. To assist the parties and Court in assessing these Supplemental Disclosures updated information has been underlined herein.

## PRELIMINARY STATEMENT

Dyno Nobel, makes these disclosures based on the information reasonably and currently available to it. Dyno Nobel reserves the right to supplement, modify, or withdraw these disclosures

based on the information developed throughout the course of this lawsuit through discovery, additional factual investigation, and/or modification of the scope of this proceeding. By making these disclosures Dyno Nobel does not represent or concede that the information disclosed is relevant, proportional, or admissible. Dyno Nobel does not waive, and expressly reserves its right to object to further discovery regarding, or admission of, the information disclosed. Further, by disclosing this information Dyno Nobel does not waive, and expressly reserves its right to object to the disclosure of any information insulated by any privilege, protection, or immunity from discovery, such as the attorney-client privilege or work product protection.

## I. RULE 26(a)(1)(A)(i)

**The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Dyno Nobel may use to support its claims or defenses, unless the use would be solely for impeachment.**

Dyno Nobel's investigation of this matter is continuing, and it expressly reserves the right to amend or otherwise supplement the list below. At this time, however, Dyno Nobel believes that the following individuals are likely to have discoverable information that Dyno Nobel may use to support its claims or defenses:

| Individuals | Subjects |
|---|---|
| Annette S. Vernieri, Plaintiff<br>E-mail : vernieri.lawsuit@pm.me | Ms. Vernieri is likely to have discoverable information regarding: (1) all of Plaintiff's claims; (2) all of Defendant's defenses; (3) Plaintiff's employment with Dyno Nobel, Inc.; (4) the circumstances leading to her employment separation; and (5) her alleged disabilities and all medical restrictions or requested accommodations related thereto. |
| **Individuals** | **Subjects** |

| | |
|---|---|
| Richard "Rick" Roth<br>c/o Undersigned Counsel for Defendant | Mr. Roth is likely to have discoverable information regarding: (1) Plaintiff's employment with Dyno Nobel; (2) all of Plaintiff's claims; (3) all of Defendant's defenses; and (4) the circumstances leading to Plaintiff's employment separation. |
| Kelly Carter<br><u>Cell phone: 801-661-1346</u><br><u>E-mail: jeepgirl.slc@gmail.com</u> | Ms. Carter is likely to have discoverable information regarding: (1) all of Plaintiff's claims; (2) all of Defendant's defenses; (3) Plaintiff's employment with Dyno Nobel, Inc.; (4) the circumstances leading to her employment separation; and (5) her alleged disabilities and all medical restrictions or requested accommodations related thereto. |
| Annika Bate<br>c/o Undersigned Counsel for Defendant | Ms. Bate is likely to have discoverable information regarding: (1) all of Plaintiff's claims; (2) all of Defendant's defenses; (3) Plaintiff's employment with Dyno Nobel, Inc.; (4) the circumstances leading to her employment separation; and (5) her allegations related to tuition reimbursement. |
| <u>Megan Lillrose</u><br><u>c/o Undersigned Counsel for Defendant</u> | <u>Ms. Lillrose is likely to have discoverable information regarding: (1) all of Plaintiff's claims; (2) all of Defendant's defenses; (3) Plaintiff's employment with Dyno Nobel, Inc.; (4) the circumstances leading to her employment separation; and (5) her alleged disabilities and all medical restrictions or requested accommodations related thereto.</u> |
| <u>Jace Bastian</u><br><u>c/o Undersigned Counsel for Defendant</u> | <u>Mr. Bastian is likely to have discoverable information regarding: (1) all of Plaintiff's claims; (2) all of Defendant's defenses; (3) Plaintiff's employment with Dyno Nobel, Inc.; (4) the circumstances leading to her employment separation; and (5) her alleged disabilities and all medical restrictions or requested accommodations related thereto.</u> |
| **Any individual identified in Plaintiffs' initial or supplemental disclosures**<br>Contact Information Unknown | |
| **Any individual identified in any responses to requests for admissions, interrogatories, or requests for production**<br>Contact Information Unknown | |

-3-

| | |
|---|---|
| **Any record custodian whose testimony is essential to lay the foundation for the introduction of any document or tangible material at trial** Contact Information Unknown | |

Dyno Nobel also reserves the right to designate and utilize any person or entity designated pursuant to Rule 26 by Plaintiff or as revealed through discovery.

In addition, Dyno Nobel does not currently have information or knowledge of any medical providers of Plaintiff. However, Plaintiff has asserted disability claims and therefore, Defendant believes that there will be medical providers with information relevant and related to Plaintiff's claims. Dyno Nobel reserves the right to designate and utilize any such person or entity.

## II. RULE 26(a)(1)(A)(ii)

**A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that Dyno Nobel has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Dyno Nobel's investigation of this matter is continuing. However, at this time, Dyno Nobel has in its possession non-privileged documents and electronically stored information that it may use to support its claims or defenses, the categories of which include the following:

- Documents relating to the employment of Plaintiff with Dyno Nobel, including but not limited to her personnel file, communications with Plaintiff, including related to her complaints, concerns, and requests for accommodations;

-4-

- Documents relating to Dyno Nobel's company policies;

- Documents relating to the National Labor Relations Board process instigated by Plaintiff;

- Documents relating to the incident leading to Plaintiff's separation from Dyno Nobel; and

- Documents relating to the compensation paid by Dyno Nobel to Plaintiff.

Many of the documents identified have already been shared with Plaintiff or are in her possession and control, but Dyno Nobel will make such documents available to Plaintiff for inspection at a time mutually convenient to the parties. Alternatively, Dyno Nobel will produce such documents in response to properly served discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure.

### III. RULE 26(a)(1)(A)(iii)

**A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

The amount of Dyno Nobel's possible damages is currently unknown, but may include its attorney fees, costs and/or expenses related to this matter to the extent allowed by law. Dyno Nobel reserves the right to amend or supplement this disclosure as the extent of its damages, including its attorney fees, costs and/or expenses become known.

### IV. RULE 26(a)(1)(A)(iv)

**For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant is not aware of any relevant insurance agreement that may be used to satisfy some or all of a possible judgment in this action. Dyno Nobel has contacted its insurance professionals to confirm that there are no insurance agreements that may be used to satisfy some or all of a possible judgment in this action. Dyno Nobel reserves the right to amend or supplement this disclosure as may be necessary in the future.

Dated this 29th day of December, 2025.

HOLLAND & HART LLP

/s/ *Sarah M. Perkins*

Bryan K. Benard
Sarah M. Perkins
*Attorneys for Defendants Dyno Nobel, Inc.*

36607232_v1

-6-