Bryan K. Benard, #9023
Sarah M. Perkins, #17297
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BBenard@hollandhart.com
SMPerkins@hollandhart.com

*Attorneys for Dyno Nobel, Inc. and Dyno Nobel Limited*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>      Plaintiff,<br><br>vs.<br><br>DYNO NOBEL AMERICAS, INC.,<br>DYNO NOBEL, INC., AND DYNO<br>NOBEL LIMITED,<br><br>      Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Civil No. 2:25-cv-00789<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

# TABLE OF CONTENTS

FACTUAL BACKGROUND ................................................................................................. 1

LEGAL STANDARD ....................................................................................................... 4

ARGUMENT..................................................................................................................... 5

    I.    The Proposed Second Amended Complaint Fails to Comply with Federal Pleading Standards. ............................................................................... 5

    II.    The Proposed Amended Complaint is Futile. ................................................... 7

        A.    The Naming of DNL and "Dyno Nobel Americas, Inc." is Improper.................................................................................................. 8

        B.    Numerous of the Claims Alleged Are Futile and Plaintiff Has Rendered Prior Claims Incomplete......................................................... 9

CONCLUSION ............................................................................................................... 12

WORD COUNT CERTIFICATION ............................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

<u>**CASES**</u>

*"Child" v. Beame*,
   417 F. Supp. 1023 (S.D.N.Y. 1976)..................................................................................... 8

*Allison v. Utah County Corp.*,
   223 F.R.D. 638 (D. Utah 2004) ........................................................................................... 7

*Boucher v. Dixie Medical Center*,
   850 P.2d 1179 (Utah 1992)................................................................................................. 6

*Cluff v. Sportsman's Warehouse, Inc.*,
   2023 U.S. Dist. LEXIS 174810 ...................................................................................... 10, 11

*Estate of Morris v. Dapolito*,
   297 F. Supp. 2d 680 (S.D.N.Y. 2004)................................................................................. 8

*Fox v. MCI Communications*,
   931 P.2d 857 (Utah 1997).................................................................................................. 6

*Frank v. U.S. West, Inc.*,
   3 F.3d 1357 (10th Cir. 1993) ............................................................................................. 5

*Gottling v. P.R. Inc.*,
   2002 UT 95 *P9, 61 P.3d 989 (Utah 2002) ...................................................................... 10

*Hacking v. Washington County*,
   2020 UT App 108 ................................................................................................................ 6

*Hall v. Bellmon*,
   935 F.2d 1106 (10th Cir. 1991) ......................................................................................... 7

*Liender v. L3Harris Techs., Inc.*,
   2024 U.S. Dist. LEXIS 60033 (D. Utah 2024) ............................................................. 10, 11

*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*,
   891 F.2d 1473 (10th Cir. 1989) ......................................................................................... 5

*Morabito v. Blum*,
   528 F. Supp. 252 (S.D.N.Y. 1981)...................................................................................... 8

iii

*Nasious v. Two Unknown B.I.C.E. Agents*,
   492 F.3d 1158 (10th Cir. 2007) ...........................................................................5, 7

*Perington Wholesale Inc. v. Burger King Corp.*,
   631 F.2d 1369 (10th Cir. 1979) .................................................................................5

*Plott v. Advanced Comfort Techs.*,
   2019 U.S. Dist. LEXIS 57489 (D. Utah 2019) .......................................................10

*Potter v. Clark*,
   497 F.2d 1206 (7th Cir.1974) ....................................................................................8

*Rackley v. Fairview Care Centers, Inc.*,
   2001 UT App 377 .......................................................................................................6

*Retherford v. AT&T Communs.*,
   844 P.3d 949 (Utah 1992) ........................................................................................10

*Riddle v. Mondragon*,
   83 F.3d 1197 (10th Cir. 1996) ...................................................................................7

*Scott v. Universal Sales, Inc.*,
   2015 UT App 127 (Utah 2015) ..................................................................................6

*Touchard v. La-ZBoy Inc.*,
   148 P.3d 945 (Utah 2006) ..........................................................................................6

## STATUTES

29 U.S.C. § 626(b)......................................................................................................6

29 U.S.C. § 626(f) ......................................................................................................6

42 U.S.C. § 1981 ........................................................................................................6

42 U.S.C. § 2000e-3(a)...............................................................................................6

ADA..........................................................................................................................5, 6

ADEA ...........................................................................................................................6

OWBPA ........................................................................................................................6

Title VII ..................................................................................................................6, 12

UADA..........................................................................................10, 11, 12

Utah Antidiscrimination Act .......................................................................... 9

## OTHER AUTHORITIES

Fed. R. Civ. P. 4(f)(1)...................................................................................... 9

Fed. R. Civ. P. 8.......................................................................................... 5, 11

Fed. R. Civ P. 10(b) ......................................................................................... 5

Fed R. Civ. P. 15(a)(2) ................................................................................. 1, 4

Defendants Dyno Nobel, Inc. ("Dyno Nobel") and Dyno Nobel Limited ("DNL") (collectively, "Defendants"), by and through counsel of record, submit this Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion"). While Rule 15(a)(2) generally provides that leave to amend "shall be freely given when justice so requires," such leave is not automatic and may be denied for good cause or in the case of futility. Defendants respectfully request that Plaintiff's Motion be denied.

## FACTUAL BACKGROUND

1.      Plaintiff filed her original Complaint on September 10, 2025. *See* Dkt. 1.

2.      Defendant Dyno Nobel filed its Answer on October 6, 2025, and stated therein that "Dyno Nobel Americas, Inc." was not an entity that exists. *See* Dkt. 8.

3.      On November 11, 2025, the Court ordered that Plaintiff submit a filing no later than November 18, 2025, indicating if she intended to pursue claims against Dyno Nobel Americas, Inc. or if she agreed to dismiss that entity name. *See* Dkt. 19.

4.      On November 14, 2025, Plaintiff filed a Notice Regarding Plaintiff's Position on "Dyno Nobel Americas, Inc.", in which Plaintiff acknowledges that the proper legal entity is Dyno Nobel, Inc. and that "[d]espite diligent efforts" she was unable to find "any entity registered as Dyno Nobel Americas, Inc. in either Utah or Delaware, nor in any other known jurisdiction." *See* Dkt. 21.

5.      However, in that same filing, Plaintiff requested that the Court not dismiss the non-existent Dyno Nobel Americas, Inc. as Plaintiff would "seek leave to amend the

Complaint after corporate disclosures and discovery confirm[ed] the responsible party", despite her acknowledgment that Dyno Nobel is the proper legal entity. *Id.*

6.      Dyno Nobel's Answer also states that DNL is a foreign entity and the Australian parent company of Defendant Dyno Nobel and has no relationship to Plaintiff. *See* Dkt. 8.

7.      Plaintiff filed a Notice of Initiated Hague Service on DNL on October 10, 2025, indicating that she had sent the Summons, Complaint, Civil Cover Sheet, and all required service documents to the Attorney General of Australia, the designated Central Authority under the Hague Service Convention. *See* Dkt. 12.

8.      Service on DNL of the Summons, Complaint, Civil Cover Sheet, and all required service documents, stating that an Answer or other response was due 60 days from service, was completed by Australian authorities on November 24, 2025. *See* Dkt. 55.

9.      On January 23, 2026, DNL filed its pending Motion to Dismiss Plaintiff's Complaint against it based on lack of personal jurisdiction and failure to exhaust administrative remedies, or in the alternative for a more definitive statement, and to strike the causes of action against the non-existent Dyno Nobel Americas, Inc. *See* Dkt. 52.

10.      Per the Court's January 8, 2026, Order granting Plaintiff's Motion to Modify Scheduling Order, Plaintiff's deadline to amend her pleading was extended to January 23, 2026. *See* Dkt. 44.

11.     In that order the Court instructed Plaintiff that if she intended to seek leave to file a Second Amended Complaint, she was to withdraw her current Motion and consolidate it with her Motion to file a Second Amended Complaint, all due by January 23, 2026. *Id.*

12.     Despite the repeated efforts of Counsel to meet and confer with Plaintiff regarding her intent to either move forward with her Motion to file a First Amended Complaint or withdraw and consolidate it with a Motion to file a Second Amended Complaint, no response was received.[1]

13.     On January 12, 2026, Defendant filed a Motion for Extension of Time to Respond to Motion for Leave to File First Amended Complaint, which was granted by the Court on January 13, 2026, extending Defendant's deadline to respond to Plaintiff's then current Motion for Leave to File First Amended Complaint, if such motion was not withdrawn, to January 30, 2026, seven (7) days after Plaintiff's deadline to amend her pleadings expires.

14.     On January 23, 2026, Plaintiff filed a Notice of Withdrawal of First Amended Complaint, as well as a Motion for Leave to File Second Amended Complaint. *See* Dkt.49 and Dkt. 50.

---

[1] After receiving the Court's Order on January 8, 2026, Counsel for Dyno Nobel sent three separate emails to Plaintiff January 9-12, 2026, asking Plaintiff to confirm whether she was moving forward with the pending Motion or withdrawing it and filing a consolidated Motion for Leave to File a Second Amended Complaint. No responses were received.

15.     Pursuant to DUCivR 7-1(a)(4)(D), Dyno Nobel and DNL had 14 days to file this opposition, making the deadline February 6, 2026.

16.     DNL incorporates the arguments set forth in its Motion to Dismiss Plaintiff's Complaint herein, as Plaintiff's proposed Second Amended Complaint suffers from the same deficiencies. Amendment of Plaintiff's Complaint is futile where there are no facts that can be alleged to properly subject DNL to personal jurisdiction in this Court, Plaintiff has failed to exhaust her administrative remedies with regard to DNL, still fails to give proper notice of the allegations and claims being made against DNL thus making a more definitive statement necessary and continues to name as a defendant the non-existent Dyno Nobel Americas, Inc. *See* Dkt. 52.

17.     Defendants also jointly reiterate their position that Dyno Nobel Americas, Inc. is a non-existent entity, as previously acknowledged by Plaintiff. *See* Dkt. 21. As such, Plaintiff's inclusion of Dyno Nobel Americas, Inc. as a defendant in her proposed Second Amended Complaint is both improper and futile and should therefore be stricken by the Court.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied for reasons including: "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4)

undue prejudice to the opposing party; and (5) futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ARGUMENT

**I.      The Proposed Second Amended Complaint Fails to Comply with Federal Pleading Standards.**

As established by the Tenth Circuit, compliance with Rule 8 requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits"). Federal Rule of Civil Procedure 10(b) further mandates that claims be set forth in "numbered paragraphs, each limited so far as practicable to a single set of circumstances."

Plaintiff set forth the following claims in the Complaint:

- Disability Discrimination (ADA);
- Failure to Accommodate (ADA);

- Retaliation (ADA, Title VII, ADEA);
- Age Discrimination (ADEA);
- Hostile Work Environment (ADA, Title VII, ADEA); and
- Race and National Origin Discrimination (Title VII).

She now purports to expand her claims in the proposed Second Amended

Complaint to the following:

- Failure to Accommodate and Interactive Process (ADA);
- Retaliation and Interference (ADA);
- Willful ADEA Violation and Liquidated Damages - 29 U.S.C. § 626(b);
- Title VII Retaliation and Disparate Treatment - 42 U.S.C. § 2000e-3(a);
- Race/Ethnicity Discrimination - 42 U.S.C. § 1981;
- OWBPA Violations - 29 U.S.C. § 626(f);
- Wrongful Termination in Violation of Public Policy (*Touchard v. La-ZBoy Inc.*, 148 P.3d 945 (Utah 2006));
- Negligent Supervision and Retention (*Scott v. Universal Sales, Inc.*, 2015 UT App 127 (Utah 2015));
- Negligent Infliction of Emotional Distress (*Hacking v. Washington County*, 2020 UT App 108, ¶ 42, *Boucher v. Dixie Medical Center*, 850 P.2d 1179, 1185 (Utah 1992)); and
- Retaliation in Violation of Federal and State Public Policy (Whistleblower Activity) (*See Rackley v. Fairview Care Centers, Inc.*, 2001 UT App 377, *Fox v. MCI Communications*, 931 P.2d 857 (Utah 1997)).

However, information vital to several of Plaintiff's causes of action has been

removed from Plaintiff's proposed Second Amended Complaint including facts related to

exhaustion of administrative remedies, alleged disabilities, requests for accommodations,

specific grievances, alleged instances of retaliation, dates when certain conduct occurred,

and who was alleged to be involved. Leaving in their place new, vague, statements

alluding to financial practices she unilaterally alleges are questionable, and protected

disclosures of grievances regarding governance, reporting practices, irrelevant insurance policies, and communications with external governmental agencies.

Plaintiff has made no attempt to clearly and satisfactorily plead the required elements of each cause of action being asserted or set forth "what each defendant did…when the defendant did it; how the defendant's action harmed him or her" and then logically connect any alleged actions to any specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). As such, it impossible for Dyno Nobel and DNL to discern the specific allegations being made against them individually, appropriately respond to the listed causes of action, or sufficiently defend themselves. These deficiencies in Plaintiff's proposed Second Amended Complaint violate the fundamental requirements for federal pleadings and continue to be magnified by Plaintiff's inclusion of the non-existent entity, Dyno Nobel Americas, Inc., against which no allegations could plausibly be made.

## II.     The Proposed Amended Complaint is Futile.

"Even a pro se plaintiff has the burden of alleging sufficient facts upon which a recognized legal claim could be based." *Allison v. Utah County Corp.,* 223 F.R.D. 638, 639 (D. Utah 2004) *citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). "Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Allison v. Utah County*

*Corp.,* 223 F.R.D. 638, 639 (D. Utah 2004) *citing Estate of Morris v. Dapolito*, 297 F.

Supp. 2d 680, 688 (S.D.N.Y. 2004) (*quoting Morabito v. Blum*, 528 F. Supp. 252, 262

(S.D.N.Y. 1981); *accord Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a

complaint alleges no specific act or conduct on the part of the defendant and the

complaint is silent as to the defendant except for his name appearing in the caption, the

complaint is properly dismissed, even under the liberal construction to be given pro se

complaints."); *Linebarger,* 77 F.R.D. at 684-85; *"Child" v. Beame*, 417 F. Supp. 1023,

1025 (S.D.N.Y. 1976).

A.     **The Naming of DNL and "Dyno Nobel Americas, Inc." is Improper**

Dyno Nobel's Answer put Plaintiff on notice of the corporate identity issues

through the denials and affirmative defenses. *See* Dkt. 8. Yet, Plaintiff's proposed Second

Amended Complaint continues to name "Dyno Nobel Americas, Inc." as a defendant,

despite Plaintiff's own acknowledgment that **there is no legal entity known as "Dyno**

**Nobel Americas, Inc."** *See* Dkt. 21 (emphasis added). Plaintiff's continued

misidentification of a non-existent entity as a defendant in this matter renders the

proposed Second Amended Complaint futile, as there are no facts or allegations upon

which recognized legal claims could be made against the fictitious Dyno Nobel

Americas, Inc.

Plaintiff is also aware that DNL is a foreign Australian entity, which despite being

Dyno Nobel's parent company, **does not operate in this judicial district and has no**

**alleged relationship to Plaintiff**. This is evident both through Plaintiff's own service of

the Complaint in this matter being completed as to DNL pursuant to Fed. R. Civ. P. 4(f)(1), as well as through the Answer filed by Dyno Nobel and Motion to Dismiss filed by DNL which is incorporated by reference with this Opposition. As DNL does not operate in this judicial district and no facts or allegations have or could be made by Plaintiff which would give rise to recognized legal claims against DNL, Plaintiff's proposed Second Amended Complaint along with any other attempt to amend Plaintiff's claims are futile against DNL.

**B.     Numerous of the Claims Alleged Are Futile and Plaintiff Has Rendered Prior Claims Incomplete**

As set forth above Plaintiff's proposed Second Amended Complaint has removed allegations that are essential to many of the causes of action originally pled, including but not limited to any mention of Plaintiff's exhaustion of administrative remedies. The removal of these allegations renders several of her purported causes of action incomplete and improper—and they fail to state a claim upon which relief may be granted. Specifically, Counts I, II, III, IV, V, VI, VII, and VIII each fail because Plaintiff has not alleged that she exhausted administrative remedies, rendering her new versions of these claims futile. As such leave to amend should be denied as it renders Plaintiff's straightforward employment discrimination claims even more incomplete.

Moreover, several of the newly asserted claims fail as a matter of law and are therefore futile. It is settled law that the plain language of the Utah Antidiscrimination Act ("UADA") "reveals an explicit legislative intention to preempt all common law

remedies for employment discrimination" and is the exclusive remedy provided under Utah law. *Gottling v. P.R. Inc.*, 2002 UT 95 *P9, 61 P.3d 989 (Utah 2002) (dismissing preempted state law claims). On this basis, courts, including within this District, routinely dismiss state law pendent claims for wrongful termination in violation of public policy, negligence and negligent infliction of emotional distress, intentional infliction of emotional distress, and retaliation claims related to an underlying claim of discrimination. *See Liender v. L3Harris Techs., Inc.*, 2024 U.S. Dist. LEXIS 60033, *13-*18 (D. Utah 2024) (dismissing state law claims of *pro se* litigant for wrongful termination in violation of public policy, intentional infliction of emotional distress, and negligent infliction of emotional distress—all with prejudice); *Plott v. Advanced Comfort Techs.*, 2019 U.S. Dist. LEXIS 57489 *7-9 (D. Utah 2019) (dismissing as preempted claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress).

A court may properly deny leave to amend due to UADA preemption of claims. In *Cluff v. Sportsman's Warehouse, Inc.*, a plaintiff sought to restate claims for intentional and negligent infliction of emotional distress. 2023 U.S. Dist. LEXIS 174810 (D. Utah 2023). As noted by the court, state law tort claims are preempted "if employment discrimination or retaliation is an 'indispensable element' of the tort, *Retherford v. AT&T Communs.*, 844 P.3d 949, 963 (Utah 1992), such as when a tort action seeks a remedy for 'discrimination, retaliation, or harassment by an employer' based on a protected class characteristic, *Gottling*, 61 P.3d at 990." *Cluff v. Sportsman's Warehouse, Inc.*, 2023 U.S.

Dist. LEXIS 174810 at *10. In proceeding to deny leave to amend a complaint, the *Cluff* court noted that the emotional distress claims "plainly require proof of 'discrimination, retaliation, or harassment by an employer' and are thus preempted." *Id*. at *10-11.

The result should be no different here. Assuming only for purposes of this analysis that Plaintiff has validly alleged these state law claims, which she has not under Rule 8, the "indispensable element" test shows that her claims are preempted. As to the first prong, the UADA has been found to address injuries from "retaliation, sexual harassment, and gender discrimination." *Liender*, 2024 U.S. Dist. LEXIS 60033 at *15. The second prong focuses on whether such retaliation, harassment and discrimination are "an indispensable element of" the state law claims. *Id*.

Plaintiff would assert state common law claims for: Count IX for Wrongful Termination in Violation of Public Policy, Count X for Negligent Supervision and Retention, Count XI for Negligent Infliction of Emotional Distress, and Count XII Retaliation in Violation of Federal and State Public Policy. Plaintiff fails, however, to separately allege any information related to these purported claims. Instead, her allegations are all intertwined. Plaintiff expends much time alleging purported discrimination or harassment based on age, gender, disability, and race, and retaliation for having raised such concerns and requests for accommodation. Second Amended Complaint ¶¶ 1-26. In Paragraph 27, immediately following her allegations of discrimination, retaliation and failure to accommodate, Plaintiff alleges "that Defendants'

11

conduct caused serious emotional distress." Plaintiff then, in the section titled "V Claims

for Relief," incorporates into all of her causes of action, all prior allegations. Second

Amended Complaint ¶¶ 32.

Counts IX and XII, as they clearly state, are claims for violation of public

policies—but the only public policies alleged are based in UADA and Title VII,

rendering the claims preempted. As to Count XI, the only allegations related to the

infliction of emotional distress are in paragraph 27 of the Second Amended Complaint

and directly allege such injuries emanate from the supposed discriminatory, retaliatory

and accommodations conduct on the part of Defendant. This allegation demonstrates that

her negligent infliction of emotional distress claims must be deemed preempted. With

respect to Count X for purported negligent supervision and retention, there is not a single

allegation throughout the Second Amended Complaint related to such negligence.

Moreover, if the supposed negligence is aimed at her employer and related to

employment decisions, then such claim is preempted. In short, Counts IX, X, XI and XII

are legally futile and preempted by the UADA, such that leave to amend the complaint to

add these claims should be denied.

## CONCLUSION

Rather than clarifying the allegations in the original Complaint and correcting

deficiencies, the proposed Second Amended Complaint obscures Defendants' ability to

determine which allegations and claims are being brought against them, fails to plead the

basis is for each cause of action, undermines the claims she has alleged in her original

complaint, and seeks to add futile claims that are preempted and others that are brought against non-existent Dyno Nobel Americas, Inc. and Australian based DNL.

Based on the foregoing, Plaintiff's Motion for Leave to File the Second Amended Complaint should be denied and the non-existent Dyno Nobel Americas, Inc. should be dismissed from this matter entirely.

## WORD COUNT CERTIFICATION

I certify that Defendants' Opposition to Plaintiff's Motion for leave to file second amended complaint contains 3,037 words and complies with DUCivR 701(a)(4).

Respectfully submitted this 6th day of February, 2026.

HOLLAND & HART LLP

*/s/ Sarah M. Perkins*
Bryan K. Benard
Sarah M. Perkins
*Attorneys for Defendants Dyno Nobel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I caused the foregoing **DEFENDANTS'**

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND**

**AMENDED COMPLAINT** to be filed via the CM/ECF electronic filing system which

will send notification of such filing to the following email address:

Annette Vernieri
vernieri.lawsuit@pm.me


/s/ Sarah M. Perkins

36756010_v4