**UNITED STATE DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>                   **Plaintiff,**<br><br>     **vs.**<br><br>DYNO NOBLE AMERICAS INC., DYNO NOBLE INC. and DYNO NOBLE LIMITED<br><br>                **Defendant.** | **ORDER TO SHOW CAUSE AS TO FAILURE TO SERVE DEFENDANT DYNO NOBLE AMERICAS INC.**<br><br>**Case No.  2:25-cv-00789**<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

On September 10, 2025, *pro se* Plaintiff Annette S. Vernieri ("Plaintiff") filed her action against three separate Defendants: (1) Defendant Dyno Noble Americas, Inc. ("Dyno Americas"); (2) Dyno Noble Inc. ("Dyno Inc."); and (3) Dyno Noble Limited ("Dyno Limited") (collectively "Defendants").[1] On September 29, 2025, Ms. Vernieri filed a return of summons as to "All Defendants".[2] Yet upon review, Plaintiff appears to have only served on Dyno Inc. via certified mail at the address of its registered agent.[3]

On October 6, 2025 Dyno Inc. filed its Answer.[4] In the responsive filing, Dyno Inc. states:

---

[1] ECF No. 1, Complaint.

[2] ECF No. 7, Summons Returned Executed.

[3] *Id.*; ECF No. 7-1, Proof of Service Form; ECF No. 7-2, Exhibits.

[4] ECF No. 8, Defendant Dyno Nobel's Inc. Answer.

> Defendant Dyno Nobel Limited is a foreign entity and the Australian parent company of Defendant, which does not operate in this judicial district and has no relationship to Plaintiff. Defendant Dyno Nobel Americas, Inc., is not an entity that exists or that Defendant recognizes.[5]

Based on this statement, the court issued an Order requesting Plaintiff to confirm her intent to pursue claims against all Defendants.[6] Ms. Vernieri indicated she intended to pursue her claims against Dyno Americas.[7]

Federal Rule of Civil Procedure 4(m) requires service within 90 days after a complaint is filed. Specifically, the rule states:

> If defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has not effected service on Defendant Americas, and the time within which to do so has expired. *Id.*

Accordingly, Plaintiff is hereby Ordered to Show Cause, within seven (7) days of the date of this Order, as to why Plaintiff's complaint should not be dismissed as to Defendant Dyno Americas for failure to effect timely service.

---

[5] *Id.* at ftn. 1.

[6] ECF No. 19, Docket Text Order.

[7] ECF No. 21 at 3, Notice Regarding Plaintiff's Position on "Dyno Nobel Americas, Inc." ("Plaintiff does not waive claims related to the conduct attributed to the business unit Dyno Nobel Americas and intends to pursue those claims against the proper legal entity.").

DATED this 12th day of February, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court