**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>Plaintiff,<br><br>v.<br><br>DYNO NOBLE AMERICAS, INC., DYNO NOBLE INC., and DYNO NOBEL LIMITED,<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:25-cv-00789**<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

This case is before the court on a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Dale Kimball.[1]

On September 10, 2025, Plaintiff Annette S. Vernieri ("Ms. Vernieri" or "Plaintiff") filed the above entitled action against Defendants Dyno Noble Americas, Inc., Dyno Noble Inc. and Dyno Nobel Limited (collectively "Defendants").[2] Currently pending before this court is Defendant Dyno Nobel Limited's ("Dyno Limited" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Failure to Exhaust Administrative Remedies ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).[3] For the reasons now set forth herein, the court concludes dismissal is warranted and recommends that the District Court grant Dyno Limited's Motion for dismissal.

---

[1] ECF No. 33, Docket Text Order for Reassignment; ECF No. 34, Referral.

[2] ECF No. 1, Complaint.

[3] ECF No. 52, Defendant Dyno Nobel Limited's Motion to Dismiss

1

## BACKGROUND

Ms. Vernieri's complaint names three separate defendants: (1) Dyno Nobel Americas, Inc.; (2) Dyno Nobel Inc.; and (3) Dyno Limited. On October 6, 2025, Defendant Dyno Nobel Inc. filed its Answer.[4] On February 26, 2026, this court issued a report recommending dismissal of Dyno Nobel Americas as a party to this action.[5]

On November 24, 2025, Dyno Limited was served at its Australia headquarters with the following documents from Plaintiff: a standard form Warning Document, Summary of the Documents to be Served, Form USM-94 Request for Service Abroad (Hague Service Convention), Summons in a Civil Action issued by the United States District Court for the District of Utah, Plaintiff's Complaint and Jury Demand filed in the United States District Court for the District of Utah, Plaintiff's Determination and Notice of Rights letter from the United States Equal Employment Opportunity Commission, a Civil Cover Sheet, a blank Certificate Attestation Form and a Request for Service Abroad of Judicial or Extrajudicial Documents Form.[6]

On January 23, 2026, Dyno Limited filed its pending motion to dismiss Plaintiff's complaint.[7] As grounds for dismissal Defendant argues it is an Australian corporation, and its only connection to Utah is that one of its subsidiaries, Dyno Nobel Inc., operates in the state of Utah and employed Ms. Vernieri.[8] Defendant asserts Ms. Vernieri fails to allege any relationship or interaction between Dyno Limited and Plaintiff and, as a result, cannot establish personal

---

[4] ECF No. 8, Defendant Dyno Nobel's Inc. Answer

[5] ECF No. 63, Report and Recommendation.

[6] ECF No. 52-1, Exhibit A.

[7] ECF No. 52, Defendant Dyno Limited's Motion to Dismiss.

[8] *Id.* at 1.

jurisdiction. Additionally, Dyno Limited claims all causes of action against it must be dismissed because Ms. Vernieri failed to exhaust her administrative remedies.

## **LEGAL STANDARDS**

In disputes over jurisdiction, the "plaintiff has the burden of proving jurisdiction exists."[9] A plaintiff can defeat a motion for dismissal for lack of jurisdiction by "presenting evidence" in the form of "uncontested allegations in its complaint or other materials, or an affidavit of declaration" that, if true, would support a finding of personal jurisdiction.[10]

To establish personal jurisdiction over a defendant, the plaintiff must show "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[11] Under the state of Utah's long-arm statute, personal jurisdiction is extended "to the fullest extent" permitted by the Due Process Clause of the U.S. Constitution.[12] Thus, the statutory and constitutional analyses merge into a "single prong due process inquiry."[13]

---

[9] *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004) (citation omitted); *XMission, L.C. v. Fluent Ltd. Liab. Co.,* 955 F.3d 833, 839 (10th Cir. 2020).

[10] *Id.*

[11] *Id.* at 1075; *see also Walden v. Fiore,* 571 U.S. 277, 283, 134 S. Ct. 1115, 188 L. Ed. 2d (2014) ("The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."); *Old Republic Ins. Co. v. Cont'l Motors, Inc.,* 877 F.3d 895, 903 (10th Cir. 2017) ("the law of forum state and constitutional due process limitations govern personal jurisdiction in federal court.").

[12] Utah Code Ann. § 78B-3-201(3).

[13] *Old Republic Ins. Co.,* 877 F.3d at 903.

To satisfy due process requirements, an out-of-state defendant's contacts must give rise to general or specific personal jurisdiction.[14] Once a plaintiff establishes sufficient contacts to establish either, the court then evaluates whether exercising jurisdiction comports with traditional notions of fair play and substantial justice.[15]

### DISCUSSION

As an out-of-state Defendant, Dyno Limited's contacts with the forum state may give rise to either general or specific jurisdiction.[16]

### I.      Dyno Nobel Limited Is Not Subject to General Personal Jurisdiction In Utah

"A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[17] For a court to assert general jurisdiction, the defendant must have "affiliations with the State [that] are so continuous and systematic as to render [the defendant] essentially at home in the forum State."[18]

Ms. Vernieri does not allege any connection between Dyno Limited and Utah. Dyno Limited is not incorporated in Utah and does not maintain its principal place of business in

---

[14] *Hargrave v. Concord Moon, L.P.,* 278 F. App'x 853, 855 (10th Cir. 2008) ("Jurisdiction over corporations may be either general or specific.").

[15] *Pro Axess, Inc. v. Orlux Distribution, Inc.,* 428 F.3d 1270, 1277-1278 (10th Cir. 2005) (*citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998) (quotations omitted)).

[16] *Old Republic Ins. Co.,* at 903.

[17] *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

[18] *American Fidelity Assurance Co. v. The Bank of N.Y. Mellon,* 810 F.3d 1234, 1238 (10th Cir. 2016) (citing *Goodyear,* 565 U.S. at 919).

Utah.[19] Rather, Dyno Limited is an Australian corporation with its operations and corporate "home" in Australia. While Plaintiff's complaint makes vague references to Dyno Limited as a foreign "parent company" that allegedly "exercised control over employment practices," she offers no support for this contention.[20] Further, Plaintiff does not allege that Dyno Limited operates in Utah, maintains offices or employees in Utah, holds Utah bank accounts, or is registered to do business in Utah---examples of pervasive forum contacts that could support general jurisdiction.

Thus, because Dyno Limited is an Australia corporation and Plaintiff has not provided any allegations supporting Defendant's connections to the state of Utah, Plaintiff does not establish general personal jurisdiction over Dyno Limited.

## II.    Dyno Nobel Limited Is Not Subject to Specific Personal Jurisdiction In Utah

Although Dyno Limited's forum state contacts do not support general jurisdiction, "they may still meet the less stringent standard for specific jurisdiction if sufficiently related to the cause of action."[21] Under specific jurisdiction a court may exercise jurisdiction over an out-of-state party "if the cause of action relates to the party's contacts with the forum state."[22] Specific jurisdiction involves a two-step inquiry: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction

---

[19] ECF No. 52-1 at 17, Request For Service Abroad Of Judicial Or Extrajudicial Documents

[20] ECF No. 1 at 2. Plaintiff only mentions Dyno Limited once in her pleading, in a section of the complaint introducing the named parties, and offers no specific allegations against Defendant.

[21] *Old Republic Ins. Co.,* 877 F.3d at 904.

[22] *Id*.

unreasonable.'"[23] The court only advances to the second step if it determines that minimum contacts exist.[24]

### A. Minimum Contacts

"The minimum contacts test for specific jurisdiction encompasses two distinct requirements: (i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'"[25] Under the first requirement, courts consider whether the defendant "has purposefully directed his activities at residents of the forum[,]"[26] Purposeful direction involves three elements: "(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state[.]"[27] Under the second requirement, the plaintiff's injuries must "arise out of" the defendant's forum-related activities.[28]

Here, Ms. Vernieri does not allege that Dyno Limited purposefully directed its activities at the state of Utah or that her claims arise out of or relate to those Utah directed activities. In turn, Ms. Vernieri pleads no facts showing that Dyno Limited undertook any suit-related conduct in the state of Utah. Instead, the focus of Plaintiff's claims against Dyno Limited stem from the conclusory assertion that Dyno Limited is a foreign parent company, connected to Dyno Nobel

---

[23] *Id.* (quoting *Burger King Corp v. Rudzewicz,* 471 U.S. 462, 477, 105 S. Ct. 2173, 85 L. Ed. 2d (1985)).

[24] *Rei Holdings Ltd. Liability Co. v. Lienclear-0001, Ltd. Lability Co.,* 2019 U.S. Dist. LEXIS 21170 at *12 (D. Utah Feb. 8, 2019).

[25] *Old Republic Ins. Co.,* at 904 (quoting *Shrader v. Biddinger,* 633 F.3d 1235, 1239 ) (10th Cir. 2011) (quotations omitted)); *see also Burger King,* 471 U.S. at 475.

[26] *Burger King*, 471 U.S. at 472 (internal quotation omitted).

[27] *Chalk & Vermilion Fine Arts,* 514 F.3d 1063, 1072 (10th Cir. 2008).

[28] *Burger King,* 471 U.S. at 472.

Inc., that "exercised control over employment practices affecting Plaintiff."[29] Yet in so alleging, Ms. Vernieri does not identify any intentional actions, Utah directed communications, decisions or policies by Dyno Limited to support her claim. Furthermore, Plaintiff does not identify any nexus between Dyno Limited's conduct and Plaintiff's injuries. To the extent Ms. Vernieri attempts to rely on the Utah directed activities of Dyno Nobel Inc., those contacts cannot be imputed to Dyno Limited for purposes of establishing specific jurisdiction without facts supporting theories such as veil piercing or alter ego. Corporate affiliation without more does not establish the necessary minimum contacts.[30]

Ms. Vernieri's bare allegations are insufficient to establish that Dyno Limited purposefully directed its activities at Utah, or that Plaintiff's claims arise out of Dyno Nobel Inc.'s Utah contacts. As a result, the minimum contacts requirement for specific jurisdiction is not met.[31]

### B.  Fair Play And Substantial Justice

Even assuming Ms. Vernieri could show a connection or provide some facts alleging Dyno Limited has direct forum contact with Utah, she remains unable to show that the court's exercise of personal jurisdiction over Dyno Limited, an Australian corporation with no

---

[29] ECF No. 1 at 2.

[30] *Clark v. American Express National Bank,* 2025 U.S. Dist. LEXIS 139152 at *5 (D. Utah June 17, 2025).

[31] As noted by Defendant, Plaintiff appears to have cited non-existent cases generated by AI and referred to as "AI hallucinations". *See* ECF No. 62, ftn. 1; *see also Wadsworth v. Walmart Inc.,* 348 F.R.D. 489, 493 (D. Wyo. 2025) ("A hallucination occurs when an AI database generates fake sources of information."). The court cautions Ms. Vernieri that outright dismissal without a merits ruling is an appropriate sanction when the misuse of generative AI tools leads to fabricated case citations and clear misrepresentations of law. *See Moore v. City of Del City,* 2025 U.S. App. LEXIS 31411 at *8 (10th Cir. 2025). The court accordingly notifies Ms. Vernieri that continued misconduct consistent with misuse of generative AI tools may result in dismissal of the action and any other appropriate sanctions.

operations, offices, employees or business registration in the state of Utah, would "comport with fair play and substantial justice."[32] Rather, the state of Utah's interest in the matter is served by allowing Plaintiff's claims against her employer Dyno Nobel Inc. Dyno Nobel Inc. is answering and defending against Ms. Vernieri's claims and there would be no fairness or state interest in requiring a non-U.S. parent corporation into this action if, as here, it has no suit-related Utah conduct.

Overall, Ms. Vernieri fails to allege any facts which support general personal jurisdiction or specific personal jurisdiction and her claims against Dyno Limited should be dismissed.

### III.     Plaintiff Fails To Exhaust Her Administrative Remedies Against Dyno Limited

In the alternative, Dyno Limited moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies.[33] Ms. Vernieri's complaint against Dyno Limited asserts claims for discrimination, failure to accommodate and retaliation under Title VII, the ADEA and the ADA.[34]

Before filing suit, Title VII, ADEA and the ADA require a plaintiff to exhaust her administrative remedies.[35] For purposes of exhaustion, claimants must adhere to the "strict

---

[32] *Old Republic Ins. Co.,* 877 F.3d at 904.

[33] Fed. R. Civ. P. 12(b); *see also Miller v Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965) ("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim.").

[34] ECF No. 1.

[35] *Hankishiyev v. ARUP Labs.,* 2020 U.S. Dist. LEXIS 112780 at *8 (D. Utah June 26, 2020) (dismissing ADEA claim for failure to exhaust); *McElroy v. American Family Insurance Co.,* 51 F. Supp. 3d 1093, 1103-04 (D. Utah 2014) (dismissing Title VII claim for failure to exhaust); *Edmonds-Radford v. Southwest Airlines Co.,* 17 F. 4th 975, 988 (10th Cir. Nov. 8, 2021) ("[T]o bring a claim under the ADA, [a plaintiff] must have exhausted her administrative remedies as to that claim before filing suit [by] fil[ing] a charge of discrimination with the EEOC."); *see also* 42 U.S.C. § 2000e-5(f)(1) (An aggrieved party may

requirement that each defendant must have been specifically named as the respondent in the EEOC charge."[36] Importantly, this requirement ensures notice is provided to the charged party and allows the EEOC an opportunity to conciliate the claim.[37]

Ms. Vernieri attaches a July 14, 2025, EEOC Determination and Notice of Rights document to her complaint as support for her claim that she has exhausted her administrative remedies.[38] However, as noted in the Charge, the only employer named by Ms. Vernieri is Dyno Noble Americas and the Charge information was sent to the business address of Dyno Noble, Inc., in Utah.[39] Dyno Limited is not named in the Charge and was never provided notice of the claim by either Plaintiff or the EEOC. Moreover, the service list attached to Plaintiff's EEOC Determination and Notice of Rights letter does not include Dyno Limited and Dyno Limited is not mentioned in the body of that document.[40]

In her opposition, Ms. Vernieri asserts the "identity of interest" exception applies such that her claims should be allowed to proceed against Dyno Limited because it is "closely related" to Dyno Nobel Inc.[41] This argument, however, oversimplifies the analysis and fails to address the fact that Dyno Limited was not provided notice of Ms. Vernieri's Charge and was never afforded

---

bring a civil action "against the respondent named in the charge . . ." only after exhausting administrative remedies).

[36] *Romero v. Union Pacific R.R.,* 615 F.2d 1303, 1311 (10th Cir. 1980); *see also Bowles v. Grant Trucking, LLC,* 2019 U.S. Dist. LEXIS 154180 at *6 (D. Utah Sept. 9, 2019) (dismissing party not named in EEOC charge on grounds of failure to exhaust administrative remedies).

[37] *Jones v. Needham,* 865 F. 3d 1284, 1290 (10th Cir. 2017).

[38] ECF No. 1-1, Determination and Notice of Rights; Charge No. 540-2024-04999.

[39] ECF No. 52-2, Notice of Charge of Discrimination.

[40] ECF No. 1-1, ECF No. 52-1.

[41] ECF No. 54 at 6, Plaintiff's Memorandum In Opposition To Defendant Dyno Nobel Limited's Motion to Dismiss, Motion for More Definite Statement, And Motion To Strike.

an opportunity to engage in the EEOC process. Defendant's right to do so cannot be extinguished by Plaintiff's unsupported claim that there is an identity of interest simply because Dyno Limited and Dyno Noble, Inc. exist in the same corporate structure. Plaintiff's claim is further undermined by the fact that she was able to complete foreign service on Dyno Limited in Australia, but was unable to ascertain and include the same information regarding Dyno Limited when she filed her EEOC Charge.

In sum, Ms. Vernieri failed to put the EEOC or Dyno Limited on notice of her claims and therefore failed to exhaust her administrative remedies as to her Title VII, ADEA and ADA claims. As a result, her claims against Dyno Limited should be dismissed.

## RECOMMENDATION

For the reasons set forth herein, the court recommends:

Defendant Dyno Nobel Limited's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to Exhaust Administrative Remedies be GRANTED.[42]

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[43] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED:  March 4, 2026.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[42] ECF No. 52.

[43] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).