FILED
2026 MAR 18 PM 9:37
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Annette S. Vernieri<br>14350 S Lapis Drive<br>Draper, Utah 84020<br>Email: vernieri.lawsuit@pm.me<br>Pro Se Plaintiff | UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH<br><br>Annette S. Vernieri,<br>Plaintiff,<br><br>vs.<br><br>Dyno Nobel Inc. and Dyno Nobel Limited,<br>Defendants.<br><br>Case No.: 2:25-cv-00789-DAK-DBP<br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 64)

I. INTRODUCTION

Plaintiff Annette S. Vernieri, proceeding pro se, respectfully submits these Objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) to the Magistrate Judge's Report and Recommendation (ECF No. 64), which recommends dismissal of Defendant Dyno Nobel Limited ("DNL").

Plaintiff objects to the Report and Recommendation in its entirety and requests that the District Court conduct a de novo review, reject the recommendation, and deny Defendant's motion to dismiss.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), the District Court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made and may accept, reject, or modify the recommended disposition.

Where a defendant challenges personal jurisdiction, a plaintiff need only make a prima facie showing of jurisdiction, and all factual disputes must be resolved in the plaintiff's favor. See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008).

Additionally, where jurisdictional facts are intertwined with the merits, dismissal is inappropriate prior to discovery. See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

Because Plaintiff proceeds pro se, her pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. SUMMARY OF OBJECTIONS

Plaintiff objects on the following grounds:

1. The Report improperly resolves disputed jurisdictional facts in favor of Defendant.
2. The Report fails to apply the correct standard where jurisdictional issues are intertwined with the merits.
3. The Report mischaracterizes and disregards Plaintiff's allegations.
4. The Report fails to properly analyze integrated enterprise and imputed contacts theories.
5. The Report prematurely denies jurisdictional discovery.
6. The Report misapplies the administrative exhaustion requirement.

7. The Report improperly relies on Defendant's untested representations.
8. The Court erred in denying Plaintiff's motion to compel.
9. The Court improperly denied Plaintiff's motion on procedural grounds.
10. The Report fails to apply the liberal construction required for pro se litigants.

IV. SPECIFIC OBJECTIONS

Objection 1: Improper Resolution of Disputed Jurisdictional Facts

The Report improperly resolves disputed facts in favor of Defendant.

At this stage, Plaintiff need only establish a prima facie showing of jurisdiction, and factual disputes must not be resolved against her. Dudnikov, 514 F.3d at 1070.

Instead, the Report accepts Defendant's assertions regarding corporate separateness and lack of involvement while disregarding Plaintiff's allegations and evidence. This constitutes improper fact-finding at the motion to dismiss stage.

Objection 2: Jurisdictional Issues Are Intertwined With the Merits

The Report fails to recognize that jurisdictional issues are intertwined with the merits of Plaintiff's claims.

Jurisdiction in this case depends on:

- control over employment decisions
- authority over accommodations
- involvement in discriminatory and retaliatory conduct

These issues overlap directly with liability under Title VII, the ADA, and the ADEA.

Under Holt, dismissal is inappropriate prior to factual development where such overlap exists.

Objection 3: Mischaracterization of Plaintiff's Allegations

The Report incorrectly concludes that Plaintiff failed to allege facts connecting DNL to the forum.

Plaintiff explicitly alleged that Dyno Nobel Limited:

"exercised control over employment practices affecting Plaintiff."

These allegations must be accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint further alleges wrongful conduct by "Defendants" collectively, supporting theories of:

- integrated enterprise
- joint employer liability
- agency

The Report fails to construe these allegations liberally, as required for pro se litigants.

Objection 4: Failure to Analyze Integrated Enterprise and Imputed Contacts

The Report improperly rejects jurisdiction based on lack of direct contacts without analyzing whether contacts may be imputed.

Courts recognize that jurisdiction may arise through:

- agency relationships
- alter ego doctrine
- integrated enterprise structures

See [Benton v. Cameco Corp., 375 F.3d 1070, 1081 (10th Cir. 2004).](#)

Plaintiff's allegations of centralized control and shared employment practices directly support these theories.

The Report dismisses these issues without factual development.

Objection 5: Premature Denial of Jurisdictional Discovery

The Report recommends dismissal without permitting jurisdictional discovery, despite the fact that relevant information is solely within Defendant's control.

The Tenth Circuit recognizes that discovery is appropriate where a plaintiff makes a colorable showing of jurisdiction. See [Sizova v. NIST, 282 F.3d 1320, 1326 (10th Cir. 2002)](#).

Here, discovery is necessary to determine:

- corporate structure
- decision-making authority
- intercompany relationships
- control over employment practices

Dismissing DNL before allowing discovery is premature and prejudicial.

Objection 6: Misapplication of Administrative Exhaustion Requirement

The Report improperly concludes that Plaintiff failed to exhaust administrative remedies because DNL was not named in the EEOC charge.

The Tenth Circuit recognizes an identity-of-interest exception to the naming requirement. See Romero v. Union Pacific R.R., 615 F.2d 1303, 1311–12 (10th Cir. 1980).

This exception applies where:

- entities share a close relationship
- there is notice of the charge
- there is an opportunity to participate in conciliation

Here:

- Plaintiff's EEOC charge described company-wide conduct
- Notice was provided to Dyno Nobel entities and their counsel
- Plaintiff alleged centralized control by DNL

Additionally, courts recognize integrated enterprise liability in this context. See Bristol v. Bd. of County Comm'rs, 312 F.3d 1213, 1218 (10th Cir. 2002).

The Report applies an overly rigid standard and fails to consider these principles.


Objection 7: Improper Reliance on Defendant's Representations

The Report repeatedly relies on Defendant's assertions regarding corporate structure and lack of involvement without requiring evidentiary support.

Courts caution against resolving disputes based solely on self-serving statements. See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

This is especially improper where Plaintiff has not been permitted discovery.

Objection 8: Error in Denial of Plaintiff's Motion to Compel

The Court denied Plaintiff's motion to compel based on Defendant's representations rather than requiring compliance with discovery obligations.

Federal Rule of Civil Procedure 26 requires disclosure of:

- insurance agreements
- witnesses
- relevant documents

The denial prevented Plaintiff from obtaining evidence necessary to oppose dismissal.

Objection 9: Improper Procedural Denial of Plaintiff's Motion

Plaintiff's motion was denied based on procedural requirements.

However, courts must construe pro se filings liberally and avoid dismissals based on technical deficiencies. Hall, 935 F.2d at 1110.

This denial prejudiced Plaintiff's ability to develop her case.

Objection 10: Failure to Apply Liberal Construction Standard

The Report fails to apply the liberal construction required for pro se litigants and instead imposes an unduly heightened pleading standard.

This is inconsistent with controlling Tenth Circuit authority.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Reject the Report and Recommendation (ECF No. 64);
2. Deny Defendant Dyno Nobel Limited's Motion to Dismiss;
3. Alternatively, defer ruling pending jurisdictional discovery;
4. Vacate or reconsider denial of Plaintiff's discovery motions; and
5. Grant such other relief as the Court deems just and proper.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conduct a de novo review, reject the Report and Recommendation, and allow Plaintiff's claims against Dyno Nobel Limited to proceed.

Dated: March 18, 2026
Respectfully submitted,

/s/ Annette S. Vernieri
Annette S. Vernieri
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 18, 2026, I filed the foregoing PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 64) with the Clerk via CM/ECF, which will send notice to:

Bryan K. Benard and Sarah M. Perkins

HOLLAND & HART LLP

222 South Main Street, Suite 2200

Salt Lake City, UT 84101

bbennard@hollandhart.com | smperkins@hollandhart.com

/s/ Annette S. Vernieri

Annette S. Vernieri

Pro Se Plaintiff