# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNETTE S. VERNIERI,<br><br>      **Plaintiff,**<br><br>v.<br><br>**DYNO NOBLE AMERICAS, INC.,**<br>**DYNO NOBLE INC., and DYNO**<br>**NOBEL LIMITED,**<br><br>      **Defendants.** | **ORDER AFFIRMING & ADOPTING**<br>**REPORT & RECOMMENDATION**<br><br>**Case No. 2:25-CV-789-DAK-DBP**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred the case to United States Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).  On February 26, 2026, Magistrate Judge Pead issued a Report and Recommendation [ECF No. 63], recommending that the court dismiss Defendant Dyno Noble Americas, Inc's for failure to timely effect service. Also, on March 4, 2026, Magistrate Judge Pead issued a Report and Recommendation [ECF No. 64], recommending that the court grant Defendant Dyno Noble Limited's Motion to Dismiss For Lack of Personal Jurisdiction and Failure to Exhaust Administrative Remedies [ECF No. 52].

The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation must be filed within fourteen days of receiving it. Plaintiff indicated that she does not oppose dismissal of Dyno Noble Americas, Inc. However, Plaintiff filed an Objection to the Report and Recommendation to grant Dyno Noble Limited's motion to dismiss.

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has reviewed the Report and Recommendation and the record *de novo* and agrees with Magistrate Judge Pead's analysis and recommendations in their entirety. Plaintiff has not sufficiently demonstrated that this court has jurisdiction over Dyno Noble Limited. Corporate affiliation is not enough to establish minimum contacts. Plaintiff claims that there are disputed jurisdictional facts, nut she does not allege facts supporting her assertion that the parent company asserted control her employer's employment practices. It is not enough to generally allege control without any facts that would demonstrate or support that assertion. Moreover, Plaintiff has not exhausted her administrative remedies against Dyno Noble Limited because she did not name Dyno Noble Limited in her EEOC Charge and Dyno Noble Limited was never notified of the EEOC administrative process. Nothing Plaintiff asserts in her Objection undermines Magistrate Judge Pead's analysis of the issues. Magistrate Judge Pead applied the proper standards and burdens to the issues; he did not apply a heightened pleading standard. Therefore, the court adopts and affirms Magistrate Judge Pead's Report and Recommendation as the order of the court.

Accordingly, the court grants Dyno Noble Limited's Motion to Dismiss [ECF No. 52] and dismisses the Complaint against Dyno Noble Limited  The court also dismisses without prejudice Dyno Noble Americas, Inc.

DATED this 31st day of March 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

2