**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

| | |
|---|---|
| **ANNETTE S. VERNIERI,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**DYNO NOBLE INC.,**<br><br>    **Defendant.** | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>**Case No. 2:25-cv-00789**<br><br>**District Court Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

On January 23, 2026 Plaintiff Annette S. Vernieri motioned to amend her complaint.[1]

Before amendment was addressed, the court issued a Report and Recommendation dismissing

Defendant Dyno Noble Limited and Dyno Noble Americas, Inc. as Defendants.[2] The Honorable

Dale A. Kimball affirmed the Report and Recommendation on March 31, 2026.[3]

Currently, Defendant raises several compelling arguments in opposition to Plaintiff's

request for amendment, yet the court concludes that those arguments are more appropriately

raised as part of a motion for dismissal.[4]

---

[1] ECF No. 50, Plaintiff's Motion to Amend.

[2] ECF No. 63, Report and Recommendation; ECF No. 64, Report and Recommendation.

[3] ECF No. 68, District Court's Order Affirming Report and Recommendations.

[4] *Pura Scents, Inc. v. Atmos Fragrance, Inc.,* 2026 U.S. Dist. LEXIS 70687, at *2-3 (D. Utah March 31, 2026) (citation omitted) ("[I]t is within a court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions.").

Accordingly, under the liberal amendment standard of Federal Rule 15, the Court GRANTS Plaintiff's Motion to Amend.[5] However, given the court's earlier ruling dismissing two Defendants, the court rules as follows:

**<u>ORDER</u>**

No later than **April 24, 2026**, Plaintiff shall file a new Third Amended Complaint on the Court docket.[6] Failure to submit an amended pleading by the April 24, 2026 date will result in a recommendation of dismissal.

The Third Amended Complaint shall not include any reference to dismissed Defendants Dyno Noble Limited and Dyno Noble Americas, Inc. The amended pleading shall only include Plaintiff's claims against remaining Defendant, Dyno Nobel Inc.

All claims against Defendant Dyno Noble Inc. shall comply with federal pleading standards as set forth under Rule 8 of the Federal Rules of Civil Procedure.[7]

If necessary, the parties shall meet and confer and submit a proposed amended scheduling order.

---

[5] ECF No. 50; Fed. R. Civ. P. 15(a)(2) ("[T]he court should freely give leave [to amend] when justice so requires."); *see also Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation and quotation omitted) ("[T]he purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.").

[7] Fed. R. Civ. P. 8.

**SO ORDERED** this 14th day of April, 2026.

BY THE COURT:

_____

Dustin B. Pead
U.S. Magistrate Judge