**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **ANNETTE S. VERNIERI,** | **RULING & ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-00789** |
| **DYNO NOBEL INC., et. al.,** | **District Court Judge Dale A. Kimball** |
| **Defendants**. | **Magistrate Judge Dustin B. Pead** |

Plaintiff Annette S. Vernieri filed this action on September 10, 2025.[1] Ms. Vernieri now moves a second time for the appointment of counsel to assist her in litigating her claims.[2] Plaintiff's earlier motion, which was denied by the court, sought the appointment of counsel based on the complexity of her claims.[3] Currently, Ms. Vernieri argues the complexity of her claims as well as her "mental health and disability-related limitations" a basis for appointment of an attorney.[4]

---

[1] ECF No. 1, Complaint.

[2] ECF No. 72, Motion to Appoint Pro Bono Counsel.

[3] ECF No. 15, Motion to Appoint Counsel; ECF No. 20, Order Denying Motion to Appoint Counsel.

[4] ECF No. 72 at 5.

While defendants in criminal cases have a constitutional right to representation by an attorney, [5] "there is no constitutional right to appointed counsel in a civil case." [6] Appointment of counsel in civil cases is left to the court's discretion.[7] When deciding whether to appoint counsel, the court considers a variety of factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[8]

As discussed in the court's earlier ruling, Ms. Vernieri continues to proficiently navigate the complexities of her case. For example, she entered a scheduling order with opposing counsel and later moved to amend the scheduling order.[9] Ms. Vernieri has filed a Motion to Compel, in compliance with this District's short form discovery rules, and has timely opposed Defendants' Motion to Dismiss.[10] Additionally, while the court is sympathetic to Ms. Vernieri's health issues those issues do not serve as a basis for appointment of counsel in a civil action.

---

[5] *See* U.S. Const. amend. VI; Fed. R. Crim P. 44.

[6] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

[7] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

[8] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[9] ECF No. 29, Scheduling Order; ECF No. 41, Plaintiff's Motion for Amended Scheduling Order.

[10] ECF No. 53, Plaintiff's Short-Form Motion to Compel Disclosure of Initial Disclosures, Insurance Coverage and for  Sanctions; ECF No. 54, Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to Exhaust Administrative Remedies.

Accordingly, the court DENIES Ms. Vernieri's second motion for appointment of counsel without prejudice.[11]

DATED this 22nd day of April, 2026.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

---

[11] ECF No. 72.