# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF UTAH

| | |
|---|---|
| **ANNETTE S. VERNIERI,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**DYNO NOBLE INC.,**<br><br>    **Defendant.** | **ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS IN PART**<br><br>**Case No. 2:25-cv-00789**<br><br>**District Court Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. §636 (b)(1)(B) referral from District Court Judge Dale A. Kimball.[1] Currently pending before the Court is Defendant's Notice of Plaintiff's Non-Compliance and Motion for Sanctions.[2] For the reasons stated, the Court now rules as follows and GRANTS Defendant's Motion IN PART.[3]

## BACKGROUND

On May 21, 2026, the Court granted Defendant Dyno Nobel's Motion to Compel Discovery.[4] In that Order, the court concluded that Plaintiff Annette Vernieri had "waived any

---

[1] ECF No. 33, Docket Text Order for Reassignment.

[2] ECF No. 94, Defendant's Notice of Non-Compliance and Motion for Sanctions.

[3] *Id.*

[4] ECF No. 88, Order Granting Defendant's Motion to Compel Discovery.

and all objections to Defendant's Requests for Production." As a result, the Court ordered Plaintiff to produce all responsive documents no later than June 3, 2026.[5]

Defendant's Request for Production 9 asks Plaintiff to produce:

> any and all documents from any and all medical providers including, but not limited to, medical doctors, psychiatrists, psychologists, counselors, therapists, and nurse practitioners, who have evaluated or treated [Plaintiff] for any reasons (including all individual, marital or family reasons) except those providers whose treatment is related solely to gynecological or reproductive health care, from September 1, 2022, through December 31, 2025.[6]

Defendant asserts Plaintiff has only produced a total of six (6) documents[7] in response to its Request for Production 9, all of which are from her previously disclosed providers: Ammon Veil, Angela White, and Uma Dorn.[8] Defendant further contends Plaintiff's responses are deficient and motions the court for sanctions.[9]

In response, Plaintiff asserts she has "substantially compli[ed]" with the court's June 3, 2026 deadline and any remaining discovery should be addressed through "further

---

[5] *Id.*

[6] ECF No. 94 at 2.

[7] In its reply memorandum, Defendant asserts that eight (8) documents have now been produced.

[8] Plaintiff's supplemental response to Interrogatory 9, which requests the dates of care or treatment for each provider, states Plaintiff was treated by Ammon Veil from approximately August 12, 2024 through the present, Angela White from approximately August 12, 2024 through the present, and Una Dorn and Jaidelyn Rogers from approximately April 10, 2025 through August 19, 2025. Provider Jaidelyn Rogers was not previously identified by Plaintiff in her discovery responses or disclosure and Plaintiff has not provided any medical records specific to Ms. Rogers. *See also,* ECF No. 96, Sealed Exhibit 1. Additionally, one of the limited documents Plaintiff produced in response to Interrogatory 9 was improperly redacted and provided without a privilege or redaction log.

[9] ECF No. 94 at 4.

supplementation, a meet-and-confer, or if necessary, targeted court guidance."[10] Plaintiff argues the imposition of sanctions is inappropriate because she is a pro se litigant and has made substantial efforts to comply.[11]

## **DISCUSSION**

Defendant filed its Notice of Non-Compliance on June 11, 2026. In its Notice, Defendant reports that Plaintiff has not provided all of the information requested through Interrogatory 9 or confirmed which categories of information does not apply to each provider, despite being ordered to produce all documents from every healthcare provider who has evaluated or treated Plaintiff for any reason from September 1, 2022 through December 31, 2025.[12] Plaintiff admits she has not fully complied with discovery, but relies on her status as a pro se litigant to request additional supplementation and meet and confer opportunities.

In this matter, the May 1, 2026 fact discovery deadline along with the June 1, 2026 court ordered deadline, have passed and the time for Plaintiff to supplement her discovery responses and produce additional discovery documents has ended.[13] Plaintiff cannot rely on Defendant's own efforts, through subpoenas to her medical providers, to provide her with the information she needs to pursue her own claims. Although Plaintiff has made efforts to produce discovery, her productions remain incomplete and partial compliance is not sufficient. Moreover, Plaintiff's

---

[10] ECF No. 99 at 5; *see also* ECF No. 100, Sealed Documents: Exhibit U, Exhibit V.

[11] *Id.*

[12] ECF No. 94; ECF No. 101. Excepted from the production are any treatment records related to Plaintiff's gynecological or reproductive health.

[13] ECF No. 29, Scheduling Order; ECF No. 44, Order to Modify Scheduling Order; ECF No. 88, Order.

status as a pro se litigant does not exempt her from complying with the procedural rules and orders that govern all civil actions filed in this District.[14]

In its May 21, 2026 Order compelling discovery, the court explicitly warned:

> [s]hould Plaintiff fail to fully comply with this Order by **June [3], 2026,**[15] this Court, upon Defendant's filing of a Notice of Non-Compliance, shall under Fed. R. Civ. P. 37 (b)(2)(A) issue further orders for sanctions against Plaintiff. Possible sanctions may include prohibiting Plaintiff from asserting that she has a qualifying disability under the ADA, terminating Plaintiff's claims entirely, and/or ordering Plaintiff to play Defendant's reasonable expenses, including attorney's fees, cause by Plaintiff's failure to properly respond to discovery and comply with this Order.[16]

Accordingly, for the reasons stated and consistent with its May 21, 2026 order, the court finds it appropriate to issue sanctions based upon Plaintiff's admitted non-compliance with her discovery obligations. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the court implements a sanction against Plaintiff for failure to obey a court order by precluding Plaintiff from presenting or relying upon any health care related information or documents that have not been provided by Plaintiff herself to date.[17]

---

[14] *See Murray v. City of Tahlequah,* 312 F. 3d 1196, 1199 n. 3 (10th Cir. 2008); *see also Adler v Wal-Mart Stores, Inc.,* 144 F.3d 664, 672 (10th Cir. 1998) (the court plays a neutral role and cannot act as an advocate for a pro se litigant).

[15] It appears the court incorrectly entered the date of June 1, 2026 (as opposed to June 3, 2026) in paragraph 4 of its Order on Discovery. *See* ECF No. 88 at 2, ¶ 4. All other dates in the Order appear correct.

[16] ECF No. 88 at 3. *See also,* ECF No. 94; Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, . . ., the court where the action is pending may issue further just orders.").

[17] The information provided by Plaintiff in her June 15, 2026 email to Defendant is included as information provided to date and may be relied upon by Plaintiff. *See* ECF No. 100, Exhibit V.

## ORDER

For the reasons stated the Court rules as follows:

1. GRANTS Defendant's Motion for Sanctions IN PART to the extent that Plaintiff is precluded from presenting or relying upon any additional health care related information or documents that have not been provided by Plaintiff to date.[18]

**SO ORDERED** this 29th day of June, 2026.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[18] ECF No. 94.

5